Evan R. Fleck  
Andrew C. Harmeyer  
Bryan V. Uelk  
**MILBANK LLP**  
55 Hudson Yards  
New York, NY 10001  
Telephone: (212) 530-5000  
Facsimile: (212) 530-5219  

Andrew M. Leblanc  
Erin E. Dexter  
**MILBANK LLP**  
1850 K St. NW, Suite 1100  
Washington, DC 20006  
Telephone: (202) 835-7500  
Facsimile: (202) 263-7586  

-and-

Gregory A. Bray  
**MILBANK LLP**  
2029 Century Park East, 33rd Floor  
Los Angeles, CA 90067  
Telephone: (424) 386-4000  
Facsimile: (213) 629-5063  

*Proposed Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re: : Chapter 11
:
GOL LINHAS AÉREAS INTELIGENTES S.A., : Case No. 24-10118 (MG)
*et al.*,[1] :
:
Debtors. : (Joint Administration Requested)
:
---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) EXTENDING TIME TO FILE
SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES
OF CURRENT INCOME AND EXPENDITURES, SCHEDULES OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, STATEMENTS
OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS; AND
(II) WAIVING REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS
AND PROVIDE NOTICE OF COMMENCEMENT TO EQUITY SECURITY HOLDERS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (i) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by forty-five days, for a total of fifty-nine days from the Petition Date (as defined below), without prejudice to the Debtors' ability to request additional extensions; (ii) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 (the "2015.3 Reports"), or to file a motion with this Court seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' ability to request additional extensions, to the later of: (a) thirty days after the meeting of creditors (the "341 Meeting") to be held pursuant to section 341 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and (b) fifty-nine days from the Petition Date; (iii) waiving the requirements to file a list of the Debtors' equity security holders and provide notice of the commencement of these Chapter 11 Cases (as defined below) to the Debtors' equity security holders, as set forth in Rules 1007(a)(3)

2

and 2002(d) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"); and (iv) granting related relief.

## JURISDICTION

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007, 2015.3, and 9006(b), and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## STATUS OF THE CASE

6. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code with this Court.

7. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. No creditors' committee has yet been appointed in these cases (the "Chapter 11 Cases"). No trustee or examiner has been appointed.

9. The Debtors have filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

## BACKGROUND

10. The Debtors (collectively, "GOL" or the "Company") are the leading low-cost airline in South America and one of Brazil's largest domestic carriers. Having pioneered the low-cost carrier model in South America upon its founding in 2000, GOL has grown to include over

3

14,000 employees, a fleet of 141 aircraft, and an extensive flight network focused on routes within Brazil and South America more broadly. GOL's flight network also includes destinations in the United States and the Caribbean.

11. Despite a viable operating business, the Company has faced financial challenges brought on by the lingering effects of the COVID-19 pandemic, during which GOL, like all airlines globally, suffered unprecedented disruption to its business. The substantial decline in air travel demand, resulting operational impediments, and dramatic reduction in revenue and cash generation during the pandemic years led to a significant deterioration of the Company's balance sheet and liquidity.

12. To address these financial challenges, the Company has executed certain transactions and undertaken a number of other efforts, many of which have provided temporary relief, much-needed liquidity at key points in time, and substantial additional benefits. Several post-pandemic factors, however, have nonetheless continued to cause liquidity shortages for GOL, including elevated fuel prices, the consistently low valuation of the Brazilian *real* (BRL) against the U.S. dollar and, more recently, delays in the delivery of new aircraft. The delays in new aircraft deliveries in particular have led to a significant increase in GOL's operating costs and maintenance expenditures which, in turn, have reduced operating capacity. These temporary operational limitations have significantly hampered the Company's ability to generate cash, thereby leading to further operational challenges.

13. As a result, GOL commenced these Chapter 11 Cases to deleverage its balance sheet, improve liquidity, obtain an organized and efficient forum in which to reach agreements with key stakeholders, and emerge as a stronger enterprise.

4

14. Further information regarding GOL's business, capital structure, the circumstances leading to the commencement of these Chapter 11 Cases, and the facts and circumstances supporting the relief requested in this Motion is set forth in the *Declaration of Joseph W. Bliley in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which is being filed contemporaneously herewith and is incorporated by reference herein.

## BASIS FOR RELIEF

### A. Cause Exists to Extend Time to File Schedules and Statements.

15. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within fourteen days of the Petition Date. However, pursuant to Bankruptcy Rules 1007(a)(5) and 1007(c), this Court has the authority to extend the time required for filing the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(a)(5), 1007(c).

16. Good and sufficient cause exists to grant the relief requested herein. To prepare the Schedules and Statements, the Debtors must compile information relating to thousands of claims, contracts, and assets of the Debtors, each of which is dispersed amongst various depositories and geographic locations. This information is voluminous, decentralized, and located in numerous places throughout the Debtors' global organization. Collecting the necessary information to complete the Schedules and Statements within fourteen days would require a substantial expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term—when these resources would be best utilized to stabilize the Debtors' operations during these cases. Additionally, certain invoices and payment data related to various prepetition transactions have not yet been received and reflected in the Debtors' internal

5

accounting systems. With the benefit of an extension, the Debtors and their advisors will be better suited to ensure that the Schedules and Statements are both comprehensive and accurate.

17. The relief requested herein will not prejudice any party in interest. The Debtors intend to work cooperatively with the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") and other parties in interest to provide access to relevant information regarding the Debtors' businesses and financial affairs throughout these cases.

18. Courts in this District have routinely granted relief consistent with that requested herein in large, complex chapter 11 cases. *See, e.g.*, *In re Voyager Aviation Holdings, LLC*, No. 23-11177 (JPM) (Bankr. S.D.N.Y. July 28, 2023) [ECF No. 34] (granting debtors a 60-day extension from the petition date); *In re Vice Grp. Holding Inc*, No. 23-10738 (JPM) (Bankr. S.D.N.Y. June 13, 2023) [ECF No. 133] (granting debtors a 40-day extension from the date of the order, for a total of 69 days after the petition date); *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2023) [ECF No. 42] (granting debtors a 49-day extension from the petition date); *In re Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Aug. 24, 2022) [ECF No. 106] (granting debtors a 30-day extension from the date of the order, for a total of 38 days after the petition date); *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. July 19, 2022) [ECF No. 57] (granting debtors a 44-day extension from the petition date); *In re Internap Tech. Sols., Inc.*, No. 20-22393 (RDD) (Bankr. S.D.N.Y. Mar. 19, 2020) [ECF No. 39] (granting debtors a 59-day extension from the petition date). Accordingly, the Debtors submit that their request to extend the filing deadline for the Schedules and Statements is consistent with precedent in this district and is appropriate and warranted under the circumstances.

### B. Cause Exists to Extend Time To File 2015.3 Reports.

19. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the first date set for the meeting of creditors and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the Chapter 11 Cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) allows the Court to extend any such period of time or deadline for cause. *See* Fed. R. Bankr. P. 9006(b)(1). Similarly, Bankruptcy Rule 2015.3(d) provides the Court with the ability to modify these reporting requirements for cause, including the debtor's inability, "after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." *See* Fed. R. Bankr. P. 2015.3(d).

20. To prepare the Rule 2015.3 Reports, the Debtors must compile information from books, records, and documents relating to a multitude of transactions at numerous locations around the globe. In addition, the Debtors' employees and advisors are already engaged in numerous other tasks necessary to facilitate these Chapter 11 Cases, including the preparation of various other schedules, reports, and documents required by the Bankruptcy Code and the Bankruptcy Rules. The combination of these tasks has imposed substantial burdens on the Debtors' management, personnel, and advisors.

21. Accordingly, the Debtors respectfully request that the Bankruptcy Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to the later of (a) thirty days after the 341 Meeting and (b) fifty-nine days from the Petition Date, pursuant to Bankruptcy Rule 2015.3(d).

22. Courts in this District have regularly found "cause" to extend the deadline for filing 2015.3 reports in chapter 11 cases of comparable size, complexity, and geographic scope. *See, e.g.*, *In re Voyager Aviation Holdings, LLC*, No. 23-11177 (JPM) (Bankr. S.D.N.Y. July 28, 2023) [ECF No. 34] (granting debtors a 63-day extension from the date of the order); *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2023) [ECF No. 42] (granting debtors a 35-day extension from the date of the order); *In re Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Aug. 24, 2022) [ECF No. 106] (granting debtors an extension to file 2015.3 reports until 45 days after the 341 meeting); *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. July 19, 2022) [ECF No. 57] (granting debtors the later of 30 days after the 341 meeting and 44 days after the petition date); *In re Philippine Airlines, Inc.*, No. 21-11569 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2021) [ECF No. 64] (granting debtors the later of 10 days after the 341 meeting and 59 days after the petition date) *In re Internap Tech. Sols., Inc.*, No. 20-22393 (RDD) (Bankr. S.D.N.Y. Mar. 19, 2020) [ECF No. 39] (granting debtors the later of 30 days after the 341 meeting and 59 days after the petition date). Accordingly, the Debtors submit that their request to extend the filing deadline for the 2015.3 Reports pursuant to Bankruptcy Rule 9006(b)(1) and Rule 2015.3(d) is consistent with precedent in this district and is appropriate and warranted under the circumstances.

C. **Waiver of Requirement to File Equity Security Holder List and Provide Notice of Commencement to Equity Security Holders Is Warranted.**

23. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen days after the petition date, a list of the debtor's equity security holders. Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the debtors' chapter 11 cases. Bankruptcy courts have authority to modify or waive these requirements under both rules. Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise,

8

the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless otherwise ordered by the court, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

24. The Debtors submit that it is appropriate here to waive the requirement to file a list of equity security holders and provide such equity security holders with notice of commencement of these Chapter 11 Cases. As of January 18, 2024, the Debtors had 2,863,682,500 shares of common stock and 337,480,418 shares of preferred stock outstanding. These shares are widely dispersed geographically and held by a broad array of record and beneficial holders. Preparing and submitting such a list with the last known address for each such equity security holder and sending notices to all such parties will be both extremely expensive and time consuming. While the Debtors and their advisors are working diligently to collect and compile the information necessary to provide future notices to their equity security holders, this process has proven extensive and remains ongoing. As soon as practicable following the date hereof, the Debtors intend to cause the other notices required under Bankruptcy Rule 2002(d) to be served on the Debtors' stockholders. Accordingly, the Debtors respectfully request that the requirements to file a list of equity security holders and provide notice of the commencement of these Chapter 11 Cases to such holders be waived.

25. Courts in this District routinely grant substantially similar relief in cases involving publicly-traded debtors. *See, e.g.*, *In re Troika Media Grp, Inc.*, 23-11969 (DSJ) (Bankr. S.D.N.Y.

9

Jan. 2, 2024) [ECF No. 72] (waiving the requirement to file list of equity security holders); *In re SVB Financial Grp.*, No. 23-10367 (MG) (Bankr. S.D.N.Y. March 22, 2023) [ECF No. 53] (same); *In re Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Aug. 24, 2022) [ECF No. 106] (same); *In re SAS AB*, No. 22-10925 (MEW) (Bankr. S.D.N.Y. July 8, 2022) [ECF No. 50] (same); *In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 29, 2020) [ECF No. 58] (same); *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. May 12, 2020) [ECF No. 44] (same). Accordingly, the Debtors respectfully submit that ample cause exists for the Bankruptcy Court to waive the requirement under Fed. R. Bankr. P. 1007(a)(3) to file a list of equity holders, and the requirement under Fed. R. Bankr. P. 2002(d) to provide the Debtors' equity holders notice of the commencement of these Chapter 11 Cases.

## NOTICE

26.     The Debtors will provide notice of this Motion to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) the holders of the five (5) largest secured claims against the Debtors (on a consolidated basis); (d) the Office of the U.S. Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the Federal Aviation Administration; and (h) any party that requests service pursuant to Bankruptcy Rule 2002.

27.     In light of the nature of the relief requested, the Debtors submit that no further notice need be given.

## **NO PRIOR REQUEST**

28. No prior motion for the relief sought in this Motion has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Order granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated: New York, New York<br>January 25, 2024 | **MILBANK LLP**<br><br>*/s/ Evan R. Fleck*<br>Evan R. Fleck<br>Andrew C. Harmeyer<br>Bryan V. Uelk<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br><br>-and-<br><br>Andrew M. Leblanc<br>Erin E. Dexter<br>**MILBANK LLP**<br>1850 K St NW, Suite 1100,<br>Washington, DC 20006<br>Telephone: (202) 835-7500<br>Facsimile: (202) 263-7586<br><br>-and-<br><br>Gregory A. Bray<br>**MILBANK LLP**<br>2029 Century Park East<br>33rd Floor<br>Los Angeles, CA 90067<br>Telephone: (424) 386-4000<br>Facsimile: (213) 629-5063<br><br>*Proposed Counsel for Debtors and Debtors-in-Possession* |

# EXHIBIT A

**Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
GOL LINHAS AÉREAS INTELIGENTES S.A.,                        :   Case No. 24-10118 (MG)
et al.,¹                                                    :
                                                            :
                       Debtors.                             :   (Joint Administration Requested)
                                                            :
------------------------------------------------------------x
```

**ORDER (I) EXTENDING TIME TO FILE
SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES
OF CURRENT INCOME AND EXPENDITURES, SCHEDULES OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES, STATEMENTS
OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS; AND
(II) WAIVING REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS
AND PROVIDE NOTICE OF COMMENCEMENT TO EQUITY SECURITY HOLDERS**

Upon consideration of the motion (the "Motion")² of the above-captioned Debtors, seeking entry of an order pursuant to section 521 of title 11 of the Bankruptcy Code, and Rules 1007(c) and 9006(b) of the Bankruptcy Rules, (i) extending the deadline by which the Debtors must file their Schedules and Statements by forty-five days, for a total of fifty-nine days from the Petition Date (as defined below), without prejudice to the Debtors' ability to request additional extensions; (ii) extending the deadline by which the Debtors must file their initial 2015.3 Reports, or to file a motion with this Court seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' ability to request additional extensions, to the later of: (a) thirty (30) days

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

after the 341 Meeting and (b) fifty-nine days from the Petition Date; (iii) waiving the requirements to file a list of the debtors' equity security holders and provide notice of the commencement of these Chapter 11 Cases to the debtors' equity security holders, as set forth in Fed. R. Bankr. P. 1007(a)(3) and 2002(d); and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and it appearing that venue of these Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary under the circumstances; and upon the Motion and the *Declaration of Joseph W. Bliley in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and all of the proceedings had before the Court; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The time within which the Debtors must file the Schedules and Statements is extended for a total of fifty-nine days, without prejudice to the Debtors' right to seek additional extensions.

3. The time within which the Debtors must file the 2015.3 Reports (or to file a motion with the Court seeking a modification of such reporting requirements for cause) is extended to the

later of (a) thirty days after the 341 Meeting and (b) fifty-nine days from the Petition Date, without prejudice to the Debtors' right to seek additional extensions.

4. The requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file a list of equity security holders is waived.

5. The requirement under Bankruptcy Rule 2002(d) that the Debtors mail the Notice of Commencement to all equity security holders is waived.

6. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The requirements set forth in rule 9013-1(a) of the Local Rules for the Southern District of New York are satisfied.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024    _____
      New York, New York    UNITED STATES BANKRUPTCY JUDGE

3