**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
GOL LINHAS AÉREAS INTELIGENTES S.A., : Case No. 24-10118 (MG)
*et al.*,[1] :
: 
Debtors. : (Joint Administration Requested)
: 
---------------------------------------------------------------x

## ORDER (I) ENFORCING THE PROTECTIONS OF 11 U.S.C. §§ 362, 365, 525, AND 541(c); (II) APPROVING THE FORM AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned Debtors, seeking entry of an order (i) restating and enforcing the protections afforded to them by sections 362, 365, 525, and 541(c) of the Bankruptcy Code; (ii) approving the form and manner of notice related thereto, and (iii) granting related relief, and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and it appearing that venue of these Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

no other or further notice is necessary; and upon the Motion and the First Day Declaration; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and all of the proceedings had before the Court; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Subject to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign and domestic governmental units (as such term is defined in section 101(27) of the Bankruptcy Code) and all those acting for or on their behalf are hereby stayed, restrained, and enjoined from:

    a. commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been initiated before the Chapter 11 Cases commenced;

    b. enforcing, against the Debtors or against property of their estates, a judgment obtained before the commencement of the Chapter 11 Cases;

    c. taking any action to collect, assess, or recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

    d. taking any action to obtain possession of property of or from the Debtors' estates or to exercise control over property of the Debtors' estates;

    e. taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

    f. offsetting any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases against any claim against the Debtors;

subject to the exceptions set forth in section 362(b) of the Bankruptcy Code.

3. Pursuant to section 365(e)(1) of the Bankruptcy Code, notwithstanding any provision in a contract, lease, or applicable law, each non-Debtor counterparty to an executory contract or unexpired lease (and all those acting on such counterparty's behalf) is stayed, restrained, and enjoined from terminating or modifying such contract or lease or any right or obligation thereunder because of a provision in such contract or lease that is conditioned on (i) the insolvency or financial condition of any Debtor or (ii) the commencement of these Chapter 11 Cases.

4. Pursuant to section 525 of the Bankruptcy Code, all foreign and domestic governmental units and all those acting on their behalf are stayed, restrained, and enjoined from any act to:

    a. deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtors or the Debtors' affiliates on account of (i) the commencement of the Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases;

    b. condition a license, permit, charter, franchise, or other similar grant to the Debtors or the Debtors' affiliates on account of (i) the commencement of the Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases;

    c. discriminate against the Debtors or the Debtors' affiliates with respect to a license, permit, charter, franchise, or other similar grant on account of (i) the commencement of the Chapter 11 Cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases; or

    d. interfere in any way with any and all property of the Debtors' estates, wherever located.

5. Pursuant to section 541 of the Bankruptcy Code, all of the Debtors' interests in property, wherever located and by whomever held, are property of the Debtors' estates notwithstanding any agreement, transfer agreement, or applicable law that restricts or conditions transfer of the such interests by the Debtor, or that is conditioned on the insolvency or financial

condition of the Debtor or on the commencement of these Chapter 11 Cases, or that effects or gives an option to effect a forfeiture, modification, or termination of any of the Debtors' interest in property.

6. This Order shall not (i) limit any party's rights with respect to any exceptions set forth in the Bankruptcy Code to the restrictions or limitations described in this Order or (ii) affect any other substantive rights of any party.

7. The form of the Notice, attached hereto as **Schedule 1**, is approved. The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located. The Debtors are authorized to procure and provide true and correct non-English language translations of the Motion, this Order, or any other materials filed in these Chapter 11 Cases to any party in interest in the Debtors' discretion.

8. Nothing in this Order (i) shall constitute a waiver, forbearance or adjudication of any rights of any secured party, lessor or vendor, or of any such trustee, agent or controlling party for any such entity (the "Aircraft Creditors") or the Debtors under the Convention on International Interests in Mobile Equipment (the "Convention") and the Protocol to the Convention on International Interests in Mobile Equipment on Matters Specific to Aircraft Equipment (the "Protocol", and, along with the Convention, the "Cape Town Treaty") or section 365(d)(5) of the Bankruptcy Code or (ii) shall prejudice, limit or otherwise affect any rights of any Aircraft Creditor or the Debtors under the Cape Town Treaty and/or section 365(d)(5) of the Bankruptcy Code, all of which rights are expressly preserved. To the extent that the Debtors and any Aircraft Creditor have a dispute regarding any of the foregoing, the parties will seek a hearing before the Court on an expedited basis.

9. Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors-in-possession, of any executory contract or unexpired lease.

10. Nothing in this Order shall limit any party's rights with respect to any exceptions in the Bankruptcy Code to the restrictions or limitations described in this Order.

11. Additionally, this Order shall not affect any other substantive rights of any party.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: January 26, 2024
New York, New York

                                          **/s/ Martin Glenn**
                                        MARTIN GLENN
                        Chief United States Bankruptcy Judge