**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                      :

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| GOL LINHAS AÉREAS INTELIGENTES S.A., *et al.*,[1] | Case No. 24-10118 (MG) |
| | (Jointly Administered) |
| Debtors. | |

----------------------------------------------------------------x

### ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM; (II) APPROVING PROOF OF CLAIM FORMS, BAR DATE NOTICES, AND MAILING AND PUBLICATION PROCEDURES; (III) IMPLEMENTING PROCEDURES REGARDING 503(b)(9) CLAIMS AND ADMINISTRATIVE CLAIMS; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned Debtors, seeking entry of an order pursuant to sections 105(a), 501, 502, and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 3002, and 3003(c)(3), Local Rule 2016-1, and the Guidelines (i) establishing various Bar Dates for submitting proof of claim forms; (ii) approving tailored proof of claim forms and procedures for distributing such forms to potential creditors; (iii) implementing uniform procedures for asserting 503(b)(9) Claims and Administrative Claims; and (iv) granting related relief, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

[2]      Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and

it appearing that venue of these Chapter 11 Cases and the Motion in this District is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to

28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given

and that no other or further notice is necessary; and upon the Motion; and all of the proceedings

had before the Court; and this Court having determined that the relief requested in the Motion is

in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and

after due deliberation thereon; and good and sufficient cause appearing therefor, **IT IS HEREBY**

**ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      *Bar Dates*.  The Bar Dates set forth herein are APPROVED.

3.      *Notices and Forms*.  The form of the Bar Date Notice, attached hereto as **Annex A**,
the form of the Publication Notice, attached hereto as **Annex B**, and the forms of the
Administrative Claim Notice, Notice of Amended Schedules, the Claim Form, and the
Administrative Claim Form, each substantially in the form attached to the Motion, and the manner
of providing notice of the Bar Dates proposed in the Motion, are APPROVED.  The form and
manner of notice of the Bar Dates described in the Motion and approved hereby are deemed to
fulfill the notice requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy
Rules, and the Local Rules.

4.      *Procedures*.  The following procedures for the filing of proofs of claim shall apply:

  a. The General Bar Date by which proofs of claim against the Debtors must
be filed is **June 14, 2024, at 11:59 p.m. (prevailing Eastern time)**.

  b. The Governmental Bar Date by which a governmental unit, as defined in
section 101(27) of the Bankruptcy Code, must file proofs of claim against
the Debtors is **July 23, 2024, at 11:59 p.m. (prevailing Eastern time)**.

c.      The Rejection Bar Date by which proofs of claim relating to the Debtors' rejection of an executory contract or unexpired lease must be filed is the later of (i) the General Bar Date or (ii) the date that is thirty (30) days after the date of entry of an order of the Bankruptcy Court authorizing the rejection of such contract or lease. Entities asserting a Rejection Damages Claim must file an original, written request for payment of any such Rejection Damages Claim substantially in the form of the Claim Forms so as to be received on or before the applicable Rejection Bar Date (i) electronically through the Case Website by following instructions for filing proofs of claim electronically or (ii) by either mail or delivery by hand or overnight service to the Claims Processing Center.

d.      The Amended Schedules Bar Date for creditors holding claims which have been amended by the Debtors in their Schedules or added by the Debtors to the Schedules is the later of (i) the General Bar Date and (ii) thirty (30) days after the date that the Notice of Amended Schedules is served on the affected claimant.

e.      Each proof of claim filed for a Prepetition Claim or a 503(b)(9) Claim must: (i) conform substantially with the Claim Form or Official Form No. 410, as applicable; (ii) include copies of any writings upon which the asserted Prepetition Claim or 503(b)(9) Claim is based; *provided*, that if the writings upon which the asserted claim is based are more than 100 pages in the aggregate, unless otherwise agreed with the Debtors, the claimant may include either a list of the documents giving rise to the claim or a summary setting forth the basis for the claim citing to the applicable documents, instead of filing the documents themselves, and make such documents available upon request; (iii) be in English or Portuguese; (iv) be denominated in U.S. dollars (using the exchange rate, if applicable, as of the Petition Date);[3] (v) with respect to an asserted 503(b)(9) Claim, also comply with the 503(b)(9) Claims Procedures; and (vi) be signed by the claimant or by an authorized agent of the claimant.

f.      All persons or entities that hold or wish to assert a claim arising under sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code (each, an "Administrative Claim") against a Debtor that may have arisen, accrued, or otherwise become due and payable at any time subsequent to the Petition Date are required to file a completed and executed Administrative Claim Form in substantially the form attached as <u>Exhibit D</u> to the Motion on account of any such Administrative Claim in accordance with the Administrative Claims Procedures set forth in <u>Exhibit E</u> to the Motion. For

---

[3]    Where a proof of claim has been denominated in a currency other than U.S. dollars, the Debtors will convert the asserted amount of such claim to U.S. dollars based upon the applicable conversion rate as of the Petition Date.

the avoidance of doubt, nothing in this Order shall set a bar date with respect to the filing of Administrative Claims.

g.  Subject to paragraph 4(i) hereof, proofs of claim must be submitted (i) electronically through the Case Website by following instructions for filing proofs of claim electronically or through PACER at https://ecf.nysb.uscourts.gov, (ii) either by first class mail, delivery by hand, or overnight service to the Claims Processing Center, or (iii) by hand delivery to the Clerk of the Court at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.

h.  Subject to paragraph 4(i) hereof, claim Forms sent by email, facsimile, telecopy, or electronic means other than the Case Website or PACER will *not* be accepted.

i.  A proof of claim shall be timely filed only if the original Claim Form is *actually submitted* to the Case Website or PACER or is *actually received* by the Claims Processing Center or the Clerk of the Court on or before the applicable Bar Date.

j.  Upon the advance express written consent of the Debtors, a proof of claim filed for a Prepetition Claim or a 503(b)(9) Claim may be filed without the writings upon which the Prepetition Claim or 503(b)(9) Claim, as applicable, is based, as required by Bankruptcy Rules 3001(c) and (d) and this Order; *provided, however*, that, upon request of the Debtors or the Committee, any creditor that receives such written consent shall be required to transmit promptly such writings to the Debtors, the Committee, and the party in interest making such request as soon as reasonably practicable, but in no event later than ten (10) business days from the date of such request; *provided further*, that such creditor may condition the transmission of such writings on the execution of a reasonable confidentiality agreement by Debtors, the Committee, and/or the party in interest making such request, as applicable.

k.  All Entities asserting claims against more than one Debtor are required to (i) file a separate proof of claim for a Prepetition Claim or a 503(b)(9) Claim, as applicable, with respect to each such Debtor and (ii) identify on each proof of claim for a Prepetition Claim or a 503(b)(9) Claim, as applicable, the particular Debtor against which their claim is asserted.  Any claim that fails to identify a Debtor shall be deemed as filed only against GOL Linhas Aéreas Inteligentes S.A.  If more than one Debtor is listed on the form, the proof of claim will be treated as filed only against the first-listed Debtor.

5.     Subject to the provisions proposed below, the following Entities must file a proof of claim on or before the General Bar Date to the extent they seek to participate in any of these Chapter 11 Cases or share in any distributions made in connection with any of these Chapter 11 Cases:

    a.     any Entity whose Prepetition Claim is not listed on the applicable Schedule;

    b.     any Entity who believes its claim is improperly listed in the Schedules (with respect to the amount or classification of the claim, or the identity of the Debtor against whom the claim is scheduled);

    c.     any Entity whose Prepetition Claim arises under an insurance liability policy;

    d.     any Entity whose Prepetition Claim is listed on the Schedules as unliquidated, disputed, or contingent; and

    e.     any Entity who holds a 503(b)(9) Claim, except as set forth in paragraph 10 below.[4]

6.     The following Entities are *not* required to file proofs of claim:

    a.     any Entity that has already filed a proof of claim in a form substantially similar to Official Form No. 410 against one or more of the Debtors for which no other basis or additional amount are sought;

    b.     any Entity whose Prepetition Claim is listed in the Schedules, and is not designated as "disputed," "contingent," and/or "unliquidated," and with respect to which the Entity agrees with the nature, classification, and amount scheduled, and with respect to which the Entity agrees that its Prepetition Claim is an obligation only of the specific Debtor that has listed the claim in its Schedules;

    c.     any Entity whose Prepetition Claim or 503(b)(9) Claim (including any Prepetition Claim listed in the Schedules as set forth in paragraph (b) above) previously has been allowed by, or paid in full pursuant to, an order of this Court;

    d.     any Debtor that holds claims against one or more other Debtors;

---

[4]     Creditors who have filed a timely motion for relief with the Court prior to the General Bar Date shall be deemed to have timely filed their 503(b)(9) Claim.

e.  any Entity holding a claim for which specific deadline for filing a proof of claim has been previously fixed by this Court;

f.  any current or former equity security holder[5] that seeks to assert a proof of ownership interest;[6]

g.  any Prepetition Agents and Prepetition Secured Parties (each as defined in the *Final Order (a) Authorizing the Debtors to Obtain Postpetition Financing, (b) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (c) Granting Adequate Protection to the Prepetition Secured Parties, (d) Modifying the Automatic Stay, (e) Authorizing the Debtors to Use Cash Collateral, and (f) Granting Related Relief* [Docket No. 207] (the "Final DIP Order")) with respect to Prepetition Secured Notes Obligations arising under the Prepetition Secured Notes Documents (each as defined in the Final DIP Order); *provided*, *however*, that any Prepetition Secured Party may (but is not required to) file a proof of claim and/or aggregate proofs of the claim, and any Prepetition Agent may (but is not directed or required to) file a Master Proof of Claim (as defined in the Final DIP Order) as set forth in the Final DIP Order; and

h.  subject to the provisions of paragraph 9 below, any holder of a claim limited exclusively to the repayment of principal, interest, applicable premium (if any), fees, expenses (including attorneys' fees and expenses (if any)), and any other amounts owing under any agreements governing the notes issued by any of the Debtors (a "Notes Claim") pursuant to any of the indentures for the Amortizing Notes, 2024 Senior Exchangeable Notes, 2025 Senior Notes, and Perpetual Notes (each as defined in *Declaration of Joseph W. Bliley in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 11] and, collectively, the "Indentures"); *provided* that the relevant indenture trustee (each, a "Trustee") under the applicable Indenture is authorized (but not directed) to file a single master proof of claim (a "Trustee Master Proof of Claim") on or before the General Bar Date in *In re GOL Linhas Aéreas Inteligentes S.A., et al.*, Case No. 24-10118 (MG), which shall be deemed to constitute the filing of such Trustee Master Proof of Claim or Trustee Master Proofs of Claim in the cases of all Debtors that are obligors under the applicable Indenture; *provided further*, *however*, that any holder of Amortizing Notes, 2024 Senior Exchangeable Notes, 2025 Senior Notes, or Perpetual Notes (a "Noteholder") asserting a claim (if any) against any of the Debtors *other than* a Notes Claim (such claim, a "Non-Debt Claim") must file its own proof of claim for such Non-

---

[5]  The term "equity security holder," as used herein, has the meaning ascribed to it in section 101(17) of the Bankruptcy Code.

[6]  Any equity security holder claiming damages or asserting causes of action based upon or arising from its ownership of such interest is required to file a proof of claim by the General Bar Date.  The Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known holders of the Debtors' equity securities.

Debt Claim.  This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of (i) the Trustees or any Noteholder under applicable law or (ii) the Debtors with respect to the number, allowance, amount, or priority of the Notes Claims or with respect to any objection, defense, offset, counterclaim, acceptance, or rejection related to any Notes Claim.

7.      The following Entities are *not* required to file the Administrative Claim Form on account of their administrative claims: (i) any Entity whose Administrative Claim has previously been allowed by order of the Court or paid by the Debtors, (ii) the 503(b)(9) Claimants, (iii) professionals retained by the Debtors or the Committee to the extent their claims are for services performed and reimbursement of expenses incurred, (iv) the U.S. Trustee asserting Administrative Claims for statutory fees required to be paid by the Debtors, and (v) holders of Administrative Claims for which a separate deadline is established by this Court.

8.      Any Entity that desires to rely on the Schedules for purposes of asserting a Prepetition Claim against the Debtor(s) that have listed such claim on the Schedules shall be responsible for determining that such claim is accurately listed on the Schedules in all respects.

9.      *Trustee Master Proofs of Claim*.  Notwithstanding anything to the contrary in this Order or the Motion, (i) the applicable Trustee shall be deemed to have filed a Trustee Master Proof of Claim in the amount set forth opposite its name therein against each of the Debtors that are obligors under the applicable Indenture; (ii) the claim of the applicable Trustee (and each of its successors and assigns) set forth in a Trustee Master Proof of Claim shall be treated as if such Trustee had filed a separate proof of claim in each of the Chapter 11 Cases of the Debtors that are obligors under the applicable Indenture; (iii) the Trustees shall not be required to attach to any Trustee Master Proofs of Claim any instruments, agreements, or other documents (including, without limitation, the applicable Indenture) evidencing the obligations referenced therein; and

(iv) the Trustees may amend, supplement, or otherwise modify their respective Trustee Master Proof(s) of Claim from time to time, to the extent permitted by applicable law.

10.      *503(b)(9) Claims Procedures*.  The following procedures shall apply for the filing of 503(b)(9) Claims:

a.      Each 503(b)(9) Claimant must file a proof of claim by the General Bar Date utilizing the Claim Forms, attached to the Motion as <u>Exhibit B</u>,[7] to indicate that a 503(b)(9) Claim is being asserted.  The Claim Forms asserting 503(b)(9) Claims must be submitted to the Case Website or PACER or actually received by the Claims Processing Center or the Clerk of the Court on or before the General Bar Date.

b.      Each proof of claim on account of a 503(b)(9) Claim must include:  (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) documentation, including invoices, receipts, bills of lading, and the like, identifying with specificity the particular goods for which the 503(b)(9) Claim is being asserted; (iv) the date of delivery of the goods purportedly delivered to a Debtor within twenty (20) days before the Petition Date; (v) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546 of the Bankruptcy Code, and, if applicable, the date of any such reclamation demand timely submitted pursuant to the *Final Order Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims* [Docket No. 172]; and (vi) documentation or other evidence that the goods were sold in the ordinary course of the applicable Debtor's business.

c.      To the extent any 503(b)(9) Claim is allowed, it will be paid under the Debtors' plan of reorganization.

d.      A 503(b)(9) Claimant shall only be allowed to file a motion seeking payment of its 503(b)(9) Claim to the extent that such motion is predicated on events that have taken place subsequent to the entry of this Order and the movant demonstrates that the earlier payment of its 503(b)(9) Claim is necessary or appropriate in light of such subsequent events.[8]

---

[7]      The Debtors shall also post the Claim Forms and the Bar Date Notice, along with instructions for filing proof of claim, on the Case Website.

[8]      503(b)(9) Claimants who have filed such a motion prior to the entry of this Order will be deemed to have timely filed a 503(b)(9) Claim.

e.      Nothing in these 503(b)(9) Claims Procedures will affect the substantive rights, remedies, or defenses of any party in interest.

11.    *Effect of Failure to File by Applicable Bar Date*.  Any Entity that is required to file a proof of claim in the Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order, but that fails to do so by the applicable Bar Date, (i) will be forever barred, estopped, and enjoined from asserting such claim against any Debtor and its estate or property (and the Debtors and their respective estates and property will be forever discharged from any and all indebtedness or liability with respect to such claim) and (ii) will not be permitted to vote to accept or reject any plan proposed in these Chapter 11 Cases, participate in any distribution under such plan on account of such claim, or receive further notices regarding such claim.  Notwithstanding anything in the foregoing, nothing will preclude the Debtors from objecting to any prepetition claim, whether scheduled or filed, on any grounds.

12.    *Mailing of Bar Date Notice Packages*.  The Debtors shall provide actual notice of the Bar Dates by mailing and/or emailing the Bar Date Notice Package within seven (7) business days of the entry of this Order to the following potential parties-in-interest, wherever located: (i) the U.S. Trustee; (ii) counsel to the Committee, (iii) all holders of claims listed on the Schedules at the addresses stated therein; (iv) all counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (v) all taxing authorities for the locations in which the Debtors do business; (vi) the Securities and Exchange Commission; (vii) the Federal Aviation Administration; (viii) all government aviation authorities in jurisdictions in which the Debtors operate; (ix) all known lienholders; (x) all known parties to litigation in which any Debtor is involved as listed on the Schedules; (xi) all known insurance providers; (xii) all of the Debtors' ordinary course professionals; (xiii) all of the Debtors' banks; (xiv) all of the Debtors' secured lenders; (xv) counsel to the lenders under the Debtors' debtor-in-possession financing facility;

(xvi) all parties requesting notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order; (xvii) all parties that have filed proofs of claim in these Chapter 11 Cases as of the date of entry of this Order; and (xviii) all parties included on the creditor matrix filed in these Chapter 11 Cases (collectively, the "Bar Date Notice Parties"). The Debtors shall make all reasonable commercial efforts to locate current contact information for the Bar Date Notice Parties. Where the Debtors have both a mailing address and an email address of a Bar Date Notice Party, the Debtors shall mail the Bar Date Notice Package to such parties by both mail and email, except with respect to the Debtors' employees, whom the Debtors are authorized to provide the Bar Date Notice Package via email only. The Debtors may provide English and/or Portuguese versions of the Bar Date Notice Package.

13.    The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice on certain Entities that are not Bar Date Notice Parties with which, prior to the Petition Date, the Debtors had done business or that may have asserted a claim against the Debtors in the recent past.

14.    *Actual Notice of Amended Schedules Bar Date*. The Debtors retain their rights to (i) change the amount, nature of liability, or classification of any scheduled claim and any claim for which a proof of claim has been filed, (ii) change the designation of any scheduled claim to "disputed," "contingent," or "unliquidated," and (iii) add claims to or remove claims from the Schedules; *provided*, *however*, that if the Debtors amend their Schedules in this manner, the Debtors shall serve the Notice of Amended Schedules, substantially in the form of Exhibit G to the Motion, on the affected claimant by first class mail, except with respect to the Debtors' employees, whom the Debtors are authorized to provide the Notice of Amended Schedules via email only (and thereafter file with the Court a certificate of such service). Each Entity asserting

a claim affected by such amendment of the Schedules must file a proof of claim or amend its previously filed proof of claim by the Amended Schedules Bar Date.

15.    *Supplemental Mailings*.  In the event that (i) a Bar Date Notice Package is returned by the post office with forwarding address, necessitating a remailing to the new address, (ii) parties acting on behalf of creditors fail to pass along Bar Date Notice Package to such creditor and instead inform the Debtors of such creditor's address for direct mailing, or (iii) additional potential creditors become known to the Debtors, the Debtors shall send Supplemental Mailings no later than twenty-one (21) days in advance of the applicable Bar Dates, and such Supplemental Mailings shall be deemed timely.

16.    *Additional Bar Dates*.  The Debtors are authorized to establish Additional Bar Dates that cannot be accomplished prior to twenty-one (21) days in advance of the applicable Bar Date. In such circumstances, the Debtors are authorized to establish Additional Bar Dates at least twenty-one (21) days after the date on which the Debtors provide the applicable Supplemental Mailings. Notices of Additional Bar Dates shall be substantially in the form of the Bar Date Notice but with necessary modifications.

17.    The Debtors shall advise the Court of the establishment of each Additional Bar Date by filing a notice thereof, together with a list that specifically identifies the creditors subject thereto.  The Debtors shall also (i) serve such notice on the U.S. Trustee and counsel to the Committee and (ii) file a certificate of service thereof.  Each of the Additional Bar Dates shall apply only to the creditors who are specifically identified as being subject thereto in the lists to be filed with the Court.  Notwithstanding the foregoing, the Debtors do not waive the right to assert that the initial applicable Bar Date, rather than the Additional Bar Date, applies to any creditor who is determined to have received effective notice of the initially applicable Bar Date.  The Bar

Dates shall remain effective and fully enforceable both against known creditors who receive actual notice thereof pursuant to the Bar Date Notice and against unknown creditors who are deemed to have received constructive notice thereof pursuant to the Publication Notice.

18.     *Assistance of Claims Agent*.   Kroll is authorized to facilitate and coordinate the claims reconciliation and bar date notice functions, including the mailing of the Bar Date Notice Packages.   To the extent that Kroll requires any assistance with the preparation and mailing of the Bar Date Notice Package, Kroll is authorized to employ and pay necessary service providers, subject to prior approval from the Debtors, and the Debtors are authorized to reimburse Kroll for any such payments on the same terms as applicable to its direct services.   Kroll is further authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice Packages.

19.     *Publication Notice*.   The Debtors shall cause the Publication Notice, attached to the Motion as Exhibit F, to be published in the Wall Street Journal and Folha de São Paulo and/or other national and international publications as soon as practicable after entry of this Order but in any event no later than twenty-eight (28) days prior to the General Bar Date.

20.     *Reservation of Rights*.   The Debtors shall retain and hereby reserve the right to (i) dispute and/or assert offsets or defenses against claim; (ii) subsequently designate any claim as disputed, contingent, and/or unliquidated; and (iii) object to any claim, whether scheduled or filed, including any 503(b)(9) Claim and any Administrative Claim, on any grounds.

21.     The Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including, without limitation, payment of costs incurred in connection with the process of noticing the Bar Dates.

22.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23.     This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or the implementation, interpretation, or enforcement of this Order.


**IT IS SO ORDERED.**


Dated:  April 9, 2024
          New York, New York


                    **/s/ Martin Glenn**
                    MARTIN GLENN
          Chief United States Bankruptcy Judge

## <u>ANNEX A</u>

**Bar Date Notice**

**(English & Portuguese)**

Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St. NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                               :
In re:                                         :    Chapter 11
                                               :
GOL LINHAS AÉREAS INTELIGENTES S.A.,           :    Case No. 24-10118 (MG)
et al.,1                                        :
                                               :    (Jointly Administered)
                          Debtors.             :
                                               :
-----------------------------------------------------------------x
```

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM (GENERAL CLAIMS BAR DATE: JUNE 14, 2024, AT 11:59 P.M. (PREVAILING EASTERN TIME)

TO ALL PERSONS AND ENTITIES ASSERTING CLAIMS AGAINST ANY OF THE DEBTORS LISTED BELOW:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

**PLEASE TAKE NOTICE THAT ANY PERSON OR ENTITY THAT FILES A PROOF OF CLAIM IN THESE CHAPTER 11 CASES SHALL BE DEEMED TO HAVE SUBMITTED TO THE JURISDICTION OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. ANY PERSON OR ENTITY WHO IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM BUT FAILS TO DO SO WILL BE (A) FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND (B) FOREVER BARRED FROM VOTING TO ACCEPT OR REJECT ANY PLAN OR PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

On January 25, 2024 (the "Petition Date"), GOL Linhas Aéreas Inteligentes S.A. and the other above-captioned entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

On [_____], 2024, the Court entered an order [Docket No. ___] (the "Bar Date Order") establishing (i) **June 14, 2024, at 11:59 p.m. (prevailing Eastern time)** (the "General Bar Date") as the deadline for all claimants (including individuals, partnerships, corporations, joint ventures, and trusts) other than governmental units and (ii) **July 23, 2024, at 11:59 p.m. (prevailing Eastern time)** for governmental units (the "Governmental Bar Date") to file proofs of claim against any of the Debtors listed below:

| Debtor | Case Number | Tax ID Number |
|---|---|---|
| GOL Linhas Aéreas Inteligentes S.A. | 24-10118 (MG) | N/A |
| GOL Linhas Aéreas S.A. | 24-10119 (MG) | 98-0670124 |
| GTX S.A. | 24-10121 (MG) | N/A |
| GAC, Inc. | 24-10120 (MG) | N/A |
| Gol Finance (Luxembourg) | 24-10117 (MG) | N/A |
| Gol Finance (Cayman) | 24-10122 (MG) | N/A |
| Smiles Fidelidade S.A. | 24-10124 (MG) | N/A |
| Smiles Viagens e Turismo S.A. | 24-10125 (MG) | N/A |
| Smiles Fidelidade Argentina S.A. | 24-10126 (MG) | N/A |
| Smiles Viajes y Turismo | 24-10127 (MG) | N/A |
| Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior | 24-10128 (MG) | N/A |
| Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior | 24-10130 (MG) | N/A |
| Gol Equity Finance | 24-10131 (MG) | N/A |

The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against any Debtor that arose prior to the Petition Date, except for claims listed in Section 4 below, which are excluded from the filing requirements and deadlines established by the Bar Date Order.

1.      **WHO MUST FILE A PROOF OF CLAIM**

If you believe you have a claim against any Debtor that arose prior to the Petition Date, you MUST file a proof of claim to be treated as a creditor in these cases (*i.e.*, vote on a chapter 11 plan for the Debtors or to share in distributions from the Debtors' bankruptcy estates), unless your claim is of the types described in Section 4 below. Proof of any claim based on acts or omissions of any Debtor that occurred before the Petition Date must be filed on or prior to the General Bar Date (or, if applicable, one of the other deadlines described below), even if such claim is not currently fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under Section 101(5) of the Bankruptcy Code and as used in this notice (this "Notice"), the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases (collectively, the "Bar Dates"):

     a.     **General Bar Date**: Except as otherwise set forth in this Notice, all entities that hold a claim against any Debtor that arose prior to the Petition Date (whether secured, unsecured priority, or unsecured nonpriority) must file a proof of claim by **June 14, 2024, at 11:59 (prevailing Eastern time)**. For the avoidance of doubt and without limitation, the General Bar Date applies to claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim").

     b.     **Governmental Bar Date**: All governmental units, as defined in section 101(27) of the Bankruptcy Code, must file claims against any Debtor that arose prior to the Petition Date by **July 23, 2024, at 11:59 p.m. (prevailing Eastern time)**.

     c.     **Rejection Claims Bar Date**: All entities that hold a claim against any of any Debtor arising out of the rejection of an executory contract or an unexpired lease pursuant to section 365 of the Bankruptcy Code must file a proof of claim by the later of (i) the General Bar Date or (ii) the date that is thirty (30) days after the date of entry of an order of the Bankruptcy Court authorizing the rejection of such contract or lease (the "Rejection Claims Bar Date").

     d.     **Amended Schedules Bar Date**: If any Debtor amends or supplements its Schedules, the affected claimant is required to file a proof of claim or to amend a previously filed proof of claim in respect of such amended or added scheduled claim by the later of (a) the General Bar Date and (b) thirty (30)

3

days after the date that notice of the applicable amendment is served on such claimant (the "Amended Schedules Bar Date").

Each person or entity asserting a claim against a Debtor under sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code (each, an "Administrative Claim"), regardless of when such claim arose, accrued, or otherwise become due and payable must file an Administrative Claim Form, attached to the Debtors' bar date motion [Docket No. 376] as Exhibit D to assert its right to the payment of such Administrative Claim. The deadline for filing Administrative Claims will be established later in the chapter 11 cases.

### 2.    WHAT TO FILE

A case-specific proof of claim form accompanies this Notice (the "Claim Form"). To file your proof of claim, you may utilize either the Claim Form(s) provided by the Debtors or the Official Form 410 that can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts. Additional Claim Forms may be obtained at: https://cases.ra.kroll.com/GOL.

Each proof of claim must (i) be signed by the claimant or by an authorized agent of the claimant (proofs of claim signed electronically are acceptable), (ii) include copies of any writings upon which the asserted claim is based (but if the writings upon which the asserted claim is based are more than 100 pages in the aggregate, unless otherwise agreed with the Debtors, the claimant may include either a list of the documents giving rise to the claim or a summary setting forth the basis for the claim citing to the applicable documents, instead of filing the documents themselves, and make such documents available upon request), (iii) be in English or Portuguese, and (iv) be denominated in U.S. dollars (using the exchange rate, if applicable, as of the Petition Date).[2]

In addition to the requirements set forth in the immediately preceding paragraph, any proof of claim asserting a 503(b)(9) Claim must also include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) the date of purported delivery of the goods to a Debtor within twenty (20) days before the Petition Date; (iv) documentation, including invoices, receipts, bills of lading, and the like, identifying with specificity the particular goods for which the 503(b)(9) Claim is being asserted; (v) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546 of the Bankruptcy Code, and, if applicable, the date of any such reclamation demand timely submitted pursuant to the *Final Order Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims* [Docket No. 172]; and (vi) documentation or other evidence that the goods with respect to which the 503(b)(9) Claim is being filed were sold in the ordinary course of the applicable Debtor's business.

**Your proof of claim must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), a**

---

[2]    Where a proof of claim has been denominated in a currency other than U.S. dollars, the Debtors will convert such claim to one calculated in U.S. dollars based upon the applicable conversion rate as of the Petition Date.

**name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).**

With the exception of any (i) master proof of claim (a "Trustee Master Proof of Claim") filed by the relevant indenture trustee (each, a "Trustee") for any of the Amortizing Notes, 2024 Senior Exchangeable Notes, 2025 Senior Notes, and Perpetual Notes (each as defined in *Declaration of Joseph W. Bliley in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 11] and, collectively, the "Indentures") in accordance with paragraph 9 of the Bar Date Order, and (ii) any Master Proof of Claim (as defined in the *Final Order (a) Authorizing the Debtors to Obtain Postpetition Financing, (b) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (c) Granting Adequate Protection to the Prepetition Secured Parties, (d) Modifying the Automatic Stay, (e) Authorizing the Debtors to Use Cash Collateral, and (f) Granting Related Relief* [Docket No. 207] (the "Final DIP Order")), all persons and entities asserting claims against more than one Debtor are required to (i) file a separate proof of claim against each such Debtor and (ii) identify on each proof of claim the particular Debtor against which the claim is asserted. Any claim that fails to identify a specific Debtor will be deemed filed only against GOL Linhas Aéreas Inteligentes S.A. With the exception of any (i) Trustee Master Proof of Claim filed by a Trustee and (ii) any Master Proof of Claim (as defined in the Final DIP Order), if more than one Debtor is identified on the Claim Form, the proof of claim will be deemed filed only against the first-listed Debtor.

**3.    WHEN AND WHERE TO FILE**

Except as provided herein, all proofs of claim must be filed so as to be received on or before the applicable Bar Date:

**IF ELECTRONICALLY:**

(i) By following instructions for filing proofs of claim on the website established by the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll"), for these Chapter 11 Cases (the "Case Website") located at https://cases.ra.kroll.com/GOL, or

(ii) Through the Court's Public Access to Court Electronic Records ("PACER") at https://ecf.nysb.uscourts.gov.

**IF BY FIRST CLASS MAIL:**

GOL Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**IF BY HAND DELIVERY OR OVERNIGHT SERVICE:**

GOL Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

Clerk of the Bankruptcy Court (**hand delivery only**)
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, NY 10004

A proof of claim will be timely filed only if *actually submitted* to the Case Website or PACER or is *actually received* by the GOL Claims Processing Center or Clerk of the Court on or before the applicable Bar Date.  Proof of claim forms sent by e-mail, facsimile, telecopy, or electronically (other than through the Case Website or PACER) will not be accepted.

## 4.    CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED

You do not need to file a proof of claim by the applicable Bar Date if:

a.    you have already filed a proof of claim in a form substantially similar to Official Form No. 410 against one or more of the Debtors for which no other basis or additional amount are sought;

b.    your claim is listed in the Schedules (as defined below), *and* is not designated as "disputed," "contingent," and/or "unliquidated," *and* you agree with the nature, classification, and amount scheduled, *and* you agree that your claim is an obligation only of the specific Debtor list the claim in its Schedules;

c.    your claim previously has been allowed by, or paid in full pursuant to, an order of the Court;

d.    a specific deadline for asserting your claim has been previously fixed by the Court;

e.    you are a current or former equity security holder and seek to assert *only* a proof of your ownership interest; *provided*, *however*, that if you claim damages or assert a cause of action based upon or arising from your stock ownership, you must file a proof of claim by the General Bar Date;

f.    any Prepetition Agents and Prepetition Secured Parties (each as defined in the Final DIP Order) with respect to Prepetition Secured Notes Obligations arising under the Prepetition Secured Notes Documents (each as defined in the Final DIP Order; *provided*, *however*, that any Prepetition Secured Party may (but is not required to) file a proof of claim and/or aggregate proofs of the claim, and any Prepetition Agent may (but is not directed or required to) file a Master Proof of Claim (as defined in the Final DIP Order) as set forth in the Final DIP Order; and

g.    subject to the provisions of paragraph 9 of the Bar Date Order, any holder of a claim limited exclusively to the repayment of principal, interest, applicable premium (if any), fees, expenses (including attorneys' fees and expenses (if any)), and any other amounts owing under any agreements

6

governing the notes issued by any of the Debtors (a "Notes Claim") pursuant to any of the Indentures; *provided*, that the relevant Trustee under the applicable Indenture shall file a single Trustee Master Proof of Claim on or before the General Bar Date in *In re GOL Linhas Aéreas Inteligentes S.A., et al.*, Case No. 24-10118 (MG), which shall be deemed to constitute the filing of such Trustee Master Proof of Claim or Trustee Master Proofs of Claim in the cases of all Debtors that are obligors under the applicable Indenture; *provided further* that any holder of Amortizing Notes, 2024 Senior Exchangeable Notes, 2025 Senior Notes, or Perpetual Notes (a "Noteholder") asserting a claim (if any) against any of the Debtors other than a Notes Claim (such claim, a "Non-Debt Claim") must file its own proof of claim for such Non-Debt Claim. This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of (i) the Trustees or any Noteholder under applicable law or (ii) the Debtors with respect to the number, allowance, amount, or priority of the Notes Claims or with respect to any objection, defense, offset, counterclaim, acceptance, or rejection related to any Notes Claim.

This Notice is being sent to many entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors believe that you have a claim against them.

**5.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY ENTITY WHO IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM AS SET FORTH IN THIS NOTICE BUT FAILS TO DO SO WILL BE (A) FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY DEBTOR AND (B) FOREVER BARRED FROM VOTING TO ACCEPT OR REJECT ANY PLAN IN THE DEBTORS' CHAPTER 11 CASES OR PARTICIPATING IN ANY DISTRIBUTION ON ACCOUNT OF SUCH CLAIM.

**6.    THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against one or more Debtor in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases [Docket Nos. 349–361] (collectively, the "Schedules").

To determine if and how you are listed on the Schedules, please refer to the note set forth on the enclosed proof of claim form detailing how your claim is listed on the Schedules (inclusive of the scheduled amount). If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed proof of claim form will reflect the net amount of your claims. If the Debtors believe that you hold claims against one or more Debtors, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you forgo filing a proof of claim in reliance on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status (*i.e.*, your claim is not described as "disputed," "contingent," or "unliquidated") of your claim as listed in the Schedules, and if you do not dispute that your claim is only against the specified Debtor, you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules are available for inspection on the Court's website at http://www.nysb.uscourts.gov. A login and password to PACER are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules are also available at the Case Website at https://cases.ra.kroll.com/GOL. Copies of the Schedules may also be obtained by written request to the Debtors' Claim Agent at the following address: GOL Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850.

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed in the Schedules as to nature, amount, liability, priority, classification, or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules. Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

*[Remainder of page intentionally left blank]*

**You should consult an attorney regarding any matters not covered by this Notice, such as whether you should file a proof of claim.**

**BY ORDER OF THE COURT**

Dated:  New York, New York          **MILBANK LLP**
        [_____], 2024

 

_____
Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

-and-

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

*Counsel for Debtors and Debtors-in-Possession*

Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001, EUA
Telefone: (212) 530-5000
Fax:  (212) 530-5219

-e-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telefone: (424) 386-4000
Fax:  (213) 629-5063

Andrew M. Leblanc
Erin E. Dexter (advogado *pro hac vice*)
**MILBANK LLP**
1850 K St. NW, Suite 1100
Washington, DC 20006
Telefone: (202) 835-7500
Fax:  (202) 263-7586

*Advogados das Devedoras e Devedoras em Posse*

**TRIBUNAL DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS DOS ESTADOS UNIDOS**
**DISTRITO SUL DE NOVA YORK**

-------------------------------------------------------------x
                                                             :
Ref.:                                                        :    Recuperação Voluntária
                                                             :
GOL LINHAS AÉREAS INTELIGENTES S.A.,                         :    Ação nº 24-10118 (MG)
*et al.*,[1]                                                 :
                                                             :    (Administração conjunta)
                      Devedoras                              :
                                                             :
-------------------------------------------------------------x

---

[1]    As Devedoras nas presentes ações de *Chapter* 11, juntamente com os últimos quatro dígitos do número de contribuinte de cada Devedora, são: GOL Linhas Aéreas Inteligentes S.A. (N/D); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/D); GAC, Inc. (N/D); Gol Finance (Luxembourg) (N/D); Gol Finance (Cayman) (N/D); Smiles Fidelidade S.A. (N/D); Smiles Viagens e Turismo S.A. (N/D); Smiles Fidelidade Argentina S.A. (N/D); Smiles Viajes y Turismo S.A. (N/D); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/D); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/D); e Gol Equity Finance (N/D).  O endereço de atendimento das Devedoras é Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, República Federativa do Brasil.

**NOTIFICAÇÃO DE PRAZOS PARA APRESENTAÇÃO DE
HABILITAÇÃO DE CRÉDITO (DATA LIMITE GERAL PARA CRÉDITOS: 14 DE
JUNHO DE 2024, ÀS 23h59 (HORÁRIO EM VIGOR NA COSTA LESTE DOS EUA)**

A TODAS AS PESSOAS FÍSICAS E JURÍDICAS QUE REIVINDICAM CRÉDITOS DE
QUALQUER UMA DAS ENTIDADES DEVEDORAS RELACIONADAS ABAIXO:

**NOTIFICA-SE QUE QUALQUER PESSOA FÍSICA OU JURÍDICA QUE
APRESENTE UMA HABILITAÇÃO DE CRÉDITO NESTAS AÇÕES DE *CHAPTER* 11
SERÁ CONSIDERADA COMO TENDO ACEITO A COMPETÊNCIA DO TRIBUNAL
DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS DOS ESTADOS UNIDOS DO
DISTRITO SUL DE NOVA YORK. QUALQUER PESSOA FÍSICA OU JURÍDICA QUE
TENHA QUE APRESENTAR UMA HABILITAÇÃO DE CRÉDITO
TEMPESTIVAMENTE, MAS NÃO O FAÇA, FICARÁ (A) PERMANENTEMENTE
IMPEDIDA E PROIBIDA DE REIVINDICAR ESTE CRÉDITO DE QUALQUER UMA
DAS DEVEDORAS E (B) PERMANENTEMENTE IMPEDIDA DE VOTAR PARA
ACEITAR OU REJEITAR QUALQUER PLANO OU DE PARTICIPAR DE QUALQUER
DISTRIBUIÇÃO NESTAS AÇÕES DO *CHAPTER* 11 COM BASE NESTES CRÉDITOS.**

Em 25 de janeiro de 2024 ("Data da Petição"), a GOL Linhas Aéreas Inteligentes S.A. e as
demais entidades acima mencionadas (coletivamente, "Devedoras") apresentaram petições
voluntárias de medida cautelar nos termos do *Chapter* 11 do Título 11 do Código dos Estados
Unidos ("Código de Recuperações Judiciais") No Tribunal de Falências e Recuperações Judiciais
dos Estados Unidos do Distrito Sul de Nova York ("Tribunal").

Em [_____] de 2024, o Tribunal emitiu um mandado [protocolo n.º____]
("Mandado de Data Limite") estabelecendo (i) **14 de junho de 2024, às 23h59. (horário em vigor
na Costa Leste dos EUA)** ("Data Limite Geral") como o prazo para todas as requerentes (inclusive
pessoas físicas, jurídicas, joint ventures, trustes, e fundações) que não sejam entidades
governamentais e (ii) **23 de julho de 2024, às 23h59 (horário em vigor na Costa Leste dos EUA)**
para entidades governamentais ("Data Limite para o Governo") para apresentar habilitações de
crédito contra qualquer uma das Devedoras relacionadas abaixo:

| Devedora | Número da ação: | Número de identificação fiscal |
|---|---|---|
| GOL Linhas Aéreas Inteligentes S.A. | 24-10118 (MG) | N/A |
| GOL Linhas Aéreas S.A. | 24-10119 (MG) | 98-0670124 |
| GTX S.A. | 24-10121 (MG) | N/A |
| GAC, Inc. | 24-10120 (MG) | N/A |
| Gol Finance (Luxemburgo) | 24-10117 (MG) | N/A |
| Gol Finance (Cayman) | 24-10122 (MG) | N/A |
| Smiles Fidelidade S.A. | 24-10124 (MG) | N/A |
| Smiles Viagens e Turismo S.A. | 24-10125 (MG) | N/A |
| Smiles Fidelidade Argentina S.A. | 24-10126 (MG) | N/A |
| Smiles Viajes y Turismo | 24-10127 (MG) | N/A |

| Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior | 24-10128 (MG) | N/A |
| Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior | 24-10130 (MG) | N/A |
| Gol Equity Finance | 24-10131 (MG) | N/A |

A Data Limite Geral e os procedimentos estabelecidos abaixo para apresentação de habilitação de crédito aplicam-se a todos os créditos a receber de qualquer Devedora originados antes da Data da Petição, exceto para os créditos relacionados na Cláusula 4.ª, abaixo, os quais estão excluídos das exigências de apresentação e prazos estabelecidos pelo Mandado de Data Limite.

## 1.    QUEM TEM DE APRESENTAR UMA HABILITAÇÃO DE CRÉDITO

Se você acredita que tem créditos a receber de qualquer Devedora, originados antes da Data da Petição, você PRECISA apresentar uma habilitação de crédito para ser tratado como credor nestas ações (*ou seja*, votar em um plano de *Chapter* 11 para as Devedoras ou compartilhar distribuições dos ativos das Devedoras sujeitos às ações do *Chapter 11*), salvo se o seu crédito for de um dos tipos descritos na Cláusula 4.ª abaixo. Habilitações de créditos baseadas em atos ou omissões de qualquer Devedora, ocorridos antes da Data de Petição, precisam ser apresentadas até a Data Limite Geral (ou, se for o caso, um dos demais prazos descritos abaixo), mesmo que estes créditos não estejam determinados, liquidados ou certos no momento, ou não estejam vencidos ou não se tenham tornado determinados, liquidados ou certos antes da Data de Petição.

Nos termos da Subseção 101(5) do Código de Recuperações Judiciais e no contexto desta notificação ("Notificação"), a palavra "crédito" significa: (a) o direito a pagamento, independentemente de esse direito ser reduzido a sentença judicial, liquidado, a liquidar, fixo, contingente, vencido, vincendo, contestado, incontestado, previsto em lei, equitativo, garantido ou quirografário; ou (b) o direito a tutela jurisdicional por violação de execução quando esta origina um direito a pagamento, independentemente de esse direito a tutela jurisdicional ser reduzido a sentença judicial, fixo, contingente, vencido, vincendo, contestado, incontestado, garantido ou quirografário.

O Mandado de Data Limite estabelece as seguintes datas limites para a apresentação de habilitações de crédito nestas ações de recuperação judicial (coletivamente denominadas as "Datas Limites"):

      a.    **Data Limite Geral**:  Salvo disposição em contrário nesta Notificação, todas as entidades com créditos a receber de qualquer Devedora, originados antes da Data da Petição (independentemente de serem garantidos, quirografários prioritário ou quirografários não prioritário) precisam apresentar uma habilitação de crédito até **14 de junho de 2024, às 11h59 (horário em vigor na Costa Lesta dos EUA)**.  Para não haver dúvidas e, dentre outros, a Data Limite Geral aplica-se a créditos reivindicados em conformidade com a subseção 503(b)(9) do Código de Recuperações Judiciais ("Crédito 503(b)(9)").

b.      **Data Limite para o Governo**:   Todas as entidades governamentais, conforme definido na subseção 101(27) do Código de Recuperações Judiciais, precisam apresentar os créditos a receber de qualquer Devedora, originados antes da Data da Petição, até **23 de julho de 2024, às 23h59 (horário em vigor na Costa Leste dos EUA)**.

c.      **Data Limite para Créditos de Rejeição**: Todas as entidades que tenham créditos a receber de qualquer Devedora decorrente da rejeição de um contrato de execução futura ou locação não vencida de acordo com a subseção 365 do Código de Recuperações Judiciais precisam apresentar uma habilitação de crédito até (i) a Data Limite Geral ou (ii) a data que for 30 (trinta) dias após a data de entrada de uma ordem do Tribunal de Falências e Recuperações Judiciais autorizando a rejeição deste contrato ou locação ("Data Limite para Créditos de Rejeição").

d.      **Data limite para Alteração de Listas**:   Caso qualquer uma das Devedoras altere ou complemente suas respectivas Listas, a requerente afetada terá de apresentar uma habilitação de crédito ou alterar qualquer habilitação de crédito apresentada anteriormente, com respeito a este crédito relacionado alterado ou adicional, à data que for posterior entre (a) a Data Limite Geral e (b) 30 (trinta) dias após a data de entrega da notificação da alteração aplicável à requerente afetada ("Data Limite para Alteração de Listas").

Cada pessoa física ou jurídica que reivindique créditos de uma Devedora nos termos das subseções 503(b)(1) a (8) e 507(a)(2) do Código de Recuperações Judiciais (cada, um "Crédito Administrativo"), independentemente de quando este crédito surgiu, foi acumulado ou se tornou, de outra forma, devido e pagável, precisa apresentar um Formulário de Crédito Administrativo, conforme modelo anexado à moção de data limite das Devedoras [protocolo n.º 376] como Anexo D para reivindicar seu direito ao pagamento deste Crédito Administrativo. O prazo para apresentação dos Créditos Administrativos será estabelecido posteriormente nas ações do *Chapter* 11.

## 2.      O QUE APRESENTAR

Um formulário de habilitação de crédito específico da ação acompanha esta Notificação ("Formulário de Crédito").   Para apresentar sua habilitação de crédito, você pode utilizar os Formulários de Crédito fornecidos pelas Devedoras ou o Formulário oficial 410, que pode ser encontrado em www.uscourts.gov/forms/bankruptcy-forms, o site oficial dos Tribunais de Falências e Recuperações Judiciais dos Estados Unidos.  Formulários de Crédito adicionais podem ser obtidos em: https://cases.ra.kroll.com/GOL.

Cada habilitação de crédito precisa: (i) ser assinada pela requerente ou pelo procurador autorizado da requerente (habilitações de crédito assinadas eletronicamente são aceitáveis); (ii) incluir cópias de qualquer registro no qual o crédito reivindicado se baseia (mas se os registros nos quais o crédito reivindicado se baseia tiverem mais de 100 páginas no total, salvo mediante acordo em contrário com as Devedoras, a requerente poderá incluir uma lista dos documentos que

4

deram origem ao crédito ou uma definição resumida do fundamento do crédito citando os documentos em questão, em vez de apresentar os documentos originais e disponibilizá-los mediante solicitação); (iii) estar em inglês ou português; e (iv) ser denominada em dólares norte-americanos (usando a taxa de câmbio, se aplicável, na Data da Petição).[2]

Além dos requisitos definidos no parágrafo imediatamente anterior, qualquer habilitação de crédito que reivindique um Crédito 503(b)(9) também tem de incluir, com especificidade: (i) o valor do Crédito 503(b)(9); (ii) a Devedora específica da qual se reivindica o Crédito 503(b)(9); (iii) a data de entrega dos bens supostamente entregues à Devedora no período de 20 (vinte) dias antes da Data de Petição; (iv) documentação, como faturas, recibos, conhecimentos de carga e documentos afins, identificando com especificidade os bens específicos aos quais se reivindica o Crédito 503(b)(9); (v) uma identificação dos (eventuais) bens sujeitos a um pedido de restituição nos termos da subseção 546 do Código de Recuperações Judiciais e, se for o caso, a data deste pedido de restituição tempestivamente apresentado em conformidade com o *Mandado de Estabelecimento e Implementação de Procedimentos Exclusivos e Globais para o Tratamento de Créditos de Restituição* (protocolo n.º 172); e (vi) documentação ou outros comprovantes de que os bens relativos aos quais se reivindica o Crédito 503(b)(9) foram vendidos no curso normal dos negócios aplicáveis da Devedora.

**A sua habilitação de crédito não pode conter números de segurança social (*social security numbers*) ou números de contribuinte completos (apenas os últimos quatro dígitos), data de nascimento completa (apenas o ano), nome de menores de idade (apenas as iniciais do menor de idade) ou número de conta bancária (apenas os últimos quatro dígitos da conta bancária).**

Com exceção de qualquer (i) habilitação de crédito mestre ("Habilitação de Crédito Mestre – Agente Fiduciário") apresentada pelo respectivo agente fiduciário (cada um, um "Agente Fiduciário") de quaisquer das seguintes emissões de valores mobiliários das Devedoras: *Amortizing Notes* (notas amortizáveis)*, 2024 Senior Exchangeable Notes* (notas sêniores amortizáveis com vencimento em 2024), *2025 Senior Notes* (notas sêniores com vencimento em 2025) e *Perpetual Notes* (notas perpétuas) (cada uma definida na *Declaration of Joseph W. Bliley in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings [Docket nº 11]* e, coletivamente, as "Escrituras"), de acordo com o parágrafo 9 da Mandado de Data Limite e (ii) Habilitação de Crédito Mestre (conforme definido no Mandado DIP Final): (a) autorizando as Devedoras a obter financiamento pós-petição; (b) concedendo gravames e fornecendo Créditos com Status de despesa administrativa de superprioridade; (c) concedendo proteção adequada às Partes garantidas pré-petição; (d) modificando a Suspensão automática; (e) autorizando as Devedoras a usar garantia em dinheiro; e (f) concedendo assistência relacionada [protocolo n.º 207] ("Mandado DIP Final")), todas as pessoas físicas e jurídicas que reivindicam créditos de mais de uma Devedora precisam (i) apresentar uma habilitação de crédito distinta contra cada uma dessas Devedoras e (ii) identificar em cada habilitação de crédito a Devedora específica da qual o crédito é reivindicado. Qualquer crédito que não identifique uma Devedora específica será considerado apresentado apenas contra a GOL Linhas Aéreas Inteligentes S.A. Com exceção de

---

[2]    Quando uma habilitação de crédito for denominada em uma moeda que não seja o dólar norte-americano, as Devedoras converterão este crédito em um valor calculado em dólares norte-americanos com base na taxa de conversão aplicável na Data de Início.

qualquer (i) Habilitação de Crédito Mestre – Agente Fiduciário apresentada por um Agente Fiduciário, e (ii) Habilitação de Crédito Mestre, se mais de uma Devedora for identificada no Formulário de Crédito, a habilitação de crédito será considerada apresentada apenas contra a primeira Devedora relacionada.

### 3.    QUANDO E ONDE APRESENTAR

Salvo conforme disposto neste documento, todas as habilitações de crédito precisam ser apresentadas de forma a serem recebidas até a Data Limite aplicável:

**POR VIA ELETRÔNICA:**

(i)    seguindo as instruções para apresentar habilitações de crédito no site estabelecido pelo agente de notificações e reinvindicações das Devedoras, a Kroll Restructuring Administration LLC ("Kroll"), para estas Ações de *Chapter* 11 ("Site das ações"), localizado em https://cases.ra.kroll.com/GOL; ou

(ii)    por meio do Acesso público a registros eletrônicos do Tribunal [Public Access to Electronic Court Records] ("PACER") em https://ecf.nysb.uscourts.gov.

**SE POR CARTA REGISTRADA:**

GOL Linhas Aéreas Inteligentes S.A. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**SE ENTREGUE EM MÃOS OU POR CORREIO EXPRESSO NOTURNO:**

GOL Linhas Aéreas Inteligentes S.A. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

Clerk of the Bankruptcy Court (*hand delivery only*)
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, NY 10004

A habilitação de crédito será considerada como apresentada tempestivamente apenas quando *efetivamente apresentada* no Site das ações ou *efetivamente recebida* pelo GOL *Claims Processing Center* ou pelo *Clerk* até a Data limite aplicável. Não serão aceitos formulários de habilitação de crédito enviados por e-mail, fax, telecópia ou meios eletrônicos (que não o Site das ações ou PACER).

**4.    CRÉDITOS QUE REQUEREM A APRESENTAÇÃO DE HABILITAÇÕES DE CRÉDITO**

Você não precisa apresentar uma habilitação de crédito até a Data limite aplicável se:

a.    Você já apresentou uma habilitação de crédito em um formato significativamente semelhante ao Formulário oficial n.º 410 contra uma ou mais das Devedoras, para a qual nenhuma outra base ou valor adicional é solicitado.

b.    Seu crédito estiver relacionado nas Listas (conforme definido abaixo), *e* não for designado como "contestado", "contingente" e/ou "a liquidar", *e* você concorda com a natureza, classificação e valor relacionado, *e* você concorda que o seu crédito é uma obrigação apenas se a Devedora específica listar o crédito em suas respectivas Listas.

c.    O seu crédito foi anteriormente permitido ou pago integralmente de acordo com uma ordem do Tribunal.

d.    Um prazo específico para reivindicar o seu crédito foi previamente fixado pelo Tribunal.

e.    Você detém ou detinha participação acionária e busca reivindicar *apenas* uma habilitação da sua participação acionária; *contanto que*, se você reivindicar danos ou apresentar uma causa de pedir baseada ou decorrente da sua propriedade de ações, você precisará apresentar uma habilitação de crédito até a Data Limite Geral.

f.    Qualquer Procurador e Parte garantida pré-petição (cada um conforme definido no Mandado DIP final) com relação às Obrigações de notas garantidas pré-petição decorrentes dos Documentos de notas garantidas pré-petição (cada um conforme definido no Mandado DIP final); *contanto que* qualquer Parte garantida pré-petição possa (mas não seja obrigada a) apresentar uma habilitação de crédito e/ou habilitações de crédito agregadas, e qualquer Procurador pré-petição possa (mas não seja orientado ou obrigado a) apresentar uma Habilitação de Crédito Mestre (conforme definido no Mandado DIP final), conforme estabelecido no Mandado DIP final.

g.    Sujeito às disposições do parágrafo 9 do Mandado de Data Limite, qualquer detentor de uma reivindicação limitada exclusivamente ao reembolso do valor de principal, juros, eventual prêmio (se houver), taxas, despesas (incluindo honorários advocatícios e despesas (se houver)), e quaisquer outros valores devidos nos termos de quaisquer contratos que regulem as notas (*notes*) emitidas por quaisquer das Devedoras ("Reivindicações de Notas"), no âmbito das Escrituras; desde que o respectivo Agente Fiduciário, nos termos da Escritura aplicável, apresente

7

uma única Habilitação de Crédito Mestre até ou na Data Limite Geral no âmbito da *In re GOL Linhas Aéreas Inteligentes S.A., et al.*, *Case nº 24-10118 (MG)*, habilitação esta que constituirá a proposta de tal(is) Habilitação de Crédito Mestre – Agente Fiduciário com relação às Devedoras que sejam devedoras no âmbito das respectivas Escrituras; desde que qualquer detentor de *Amortizing Notes* (notas amortizáveis), 2024 *Senior Exchangeable Notes* (notas sêniores permutáveis com vencimento em 2024), 2025 *Senior Notes* (notas sêniores com vencimento em 2025) ou *Perpetual Notes* (notas perpétuas) (um "Detentor de Notas") que tenha uma reivindicação (se houver) contra quaisquer das Devedoras que não seja uma Reivindicações de Notas (tal reivindicação, uma "Reivindicação Não Relacionada às Notas") deverá apresentar sua própria habilitação de crédito para tal Reivindicação Não Relacionada às Notas. Essa flexibilização destina-se apenas a conveniência administrativa e não afetará direitos substanciais (i) dos Agentes Fiduciários ou qualquer Detentor de Notas nos termos da legislação aplicável, ou (ii) das Devedoras com relação ao número, deduções, valores ou prioridade das Reivindicações de Notas ou com relação a qualquer objeção, defesa, compensação, reconvenção, aceitação, ou rejeição com relação às Reivindicações de Notas.

Esta Notificação está sendo enviada a muitas entidades que tiveram algum relacionamento com as Devedoras ou que fizeram negócios com estas, mas eventualmente não tenham um crédito a receber das Devedoras.  O fato de você ter recebido esta Notificação não significa que tenha um crédito a receber ou que as Devedoras acreditem que você tenha um crédito a receber das Devedoras.

## 5.    CONSEQUÊNCIAS DA NÃO APRESENTAÇÃO DE UMA HABILITAÇÃO DE CRÉDITO ATÉ A DATA LIMITE

QUALQUER ENTIDADE QUE TENHA DE APRESENTAR UMA HABILITAÇÃO DE CRÉDITO TEMPESTIVAMENTE, CONFORME DETERMINA A PRESENTE NOTIFICAÇÃO, MAS NÃO O FAÇA, FICARÁ (A) PERMANENTEMENTE IMPEDIDA E PROIBIDA DE REIVINDICAR ESTE CRÉDITO DE QUALQUER UMA DAS DEVEDORAS E (B) PERMANENTEMENTE IMPEDIDA DE VOTAR PARA ACEITAR OU REJEITAR QUALQUER PLANO NAS AÇÕES DE *CHAPTER 11* DAS DEVEDORAS OU DE PARTICIPAR DE QUALQUER DISTRIBUIÇÃO COM BASE NESTES CRÉDITOS.

## 6.    AS LISTAS DAS DEVEDORAS E O RESPECTIVO ACESSO

Você poderá estar relacionado como titular de um crédito a receber de uma ou mais das Devedoras nas Listas de ativos e passivos das Devedoras e/ou nas Listas de contratos de execução futura e contratos de locação não vencidos [protocolo n.º 349–361] (coletivamente denominadas as "Listas").

Para determinar se e como você está relacionado nas Listas, consulte a nota estabelecida no formulário de habilitação de crédito em anexo, detalhando como seu crédito está relacionado

8

nas Listas (inclusive o valor relacionado).  Caso tenha recebido pagamentos das Devedoras após a Data da Petição (mediante autorização do Tribunal) com base no seu crédito, o formulário de habilitação de crédito em anexo refletirá o valor líquido dos seus créditos.  Caso as Devedoras acreditem que você tenha créditos a receber de uma ou mais das Devedora, você receberá múltiplos formulários de habilitação de crédito, cada um refletindo a natureza e o valor do seu crédito a receber de cada Devedora, conforme relacionado nas Listas.

Se você deixar de apresentar uma habilitação de crédito com base nas Listas, é sua responsabilidade determinar se seu crédito está relacionado com precisão nas Listas.

Conforme estabelecido acima, caso você concorde com a natureza, valor e status do seu crédito (*ou seja*, seu crédito não ser descrito como "contestado", "contingente" ou "a liquidar") conforme relacionado nas Listas e caso não conteste que o seu crédito se relaciona apenas à Devedora especificada, não será necessário apresentar uma habilitação de crédito.  Caso contrário, ou se decidir apresentar uma habilitação de crédito, terá de fazê-lo antes da respectiva Data Limite, em conformidade com os procedimentos estabelecidos nesta Notificação.

Cópias das Listas alteradas também estão disponíveis para inspeção no site do Tribunal, em http://www.nysb.uscourts.gov.  Para acessar essas informações, será necessário usar login e senha do PACER, que podem ser obtidos junto ao Centro de Atendimento do PACER, em http://www.pacer.gov.  Cópias das Listas também estão disponíveis no Site das ações, em https://cases.ra.kroll.com/GOL.  Além disso, cópias das Listas podem ser obtidas mediante solicitação por escrito ao Agente de reivindicações das Devedoras, no seguinte endereço: GOL Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, EUA.

As Devedoras reservam-se o direito de: (a) contestar ou reivindicar compensações ou defesas contra qualquer habilitação de crédito apresentada ou qualquer crédito relacionado nas Listas no tocante à natureza, valor, responsabilidade, prioridade, classificação ou outro aspecto; (b) subsequentemente designar qualquer crédito relacionado como contestado, contingente ou a liquidar; e (c) de outra forma, alterar ou complementar as Listas.  Nenhuma parte desta Notificação impedirá as Devedoras de apresentar objeções a qualquer crédito, relacionados ou habilitados, por qualquer motivo.

*[O restante da página foi deixado em branco intencionalmente]*

**Você deve consultar um advogado a respeito de qualquer questão não abordada por esta Notificação, por exemplo, se você deve apresentar uma habilitação de crédito ou não.**

**POR ORDEM DO TRIBUNAL**

Data:  Nova York, Nova York
       [_____], 2024

**MILBANK LLP**

_____

Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001, EUA
Telefone:  (212) 530-5000
Fax:  (212) 530-5219

-e-

Andrew M. Leblanc
Erin E. Dexter (advogada _pro hac vice_)
**MILBANK LLP**
1850 K St NW, Suite 1100,
Washington, DC 20006
Telefone: (202) 835-7500
Fax:  (202) 263-7586

-e-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telefone: (424) 386-4000
Fax:  (213) 629-5063

_Advogados das Devedoras e Devedoras em Posse_

## **ANNEX B**

**Publication Notice**

**(English & Portuguese)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                 :

In re:                               :    Chapter 11

                                :

GOL LINHAS AÉREAS INTELIGENTES S.A.,   :    Case No. 24-10118 (MG)
*et al.*,[1]                               :

                                :    (Jointly Administered)

                  Debtors.         :

                                :
------------------------------------------------------------x

## NOTICE OF ENTRY OF BAR DATE ORDER
## ESTABLISHING DEADLINES FOR FILING CLAIMS AGAINST DEBTORS

**PLEASE TAKE NOTICE THAT ANY PERSON OR ENTITY THAT FILES A PROOF OF CLAIM IN THESE CHAPTER 11 CASES SHALL BE DEEMED TO HAVE SUBMITTED TO THE JURISDICTION OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.  ANY PERSON OR ENTITY WHO IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM BUT FAILS TO DO SO WILL BE (A) FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND (B) FOREVER BARRED FROM VOTING TO ACCEPT OR REJECT ANY PLAN OR PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

On January 25, 2024 (the "Petition Date"), GOL Linhas Aéreas Inteligentes S.A. and the other above-captioned entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

On [_____], 2024, the Court entered an order [Docket No. ____] (the "Bar Date Order") establishing (i) **June 14, 2024, at 11:59 p.m. (prevailing Eastern time)** (the "General Bar Date") as the deadline for all claimants (including individuals, partnerships, corporations, joint ventures, and trusts) other than governmental units and (ii) **July 23, 2024, at 11:59 p.m. (prevailing Eastern time)** for governmental units (the "Governmental Bar Date") to file proofs of claim against any of the Debtors listed below:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

| Debtor | Case Number | Tax ID Number |
|--------|-------------|---------------|
| GOL Linhas Aéreas Inteligentes S.A. | 24-10118 (MG) | N/A |
| GOL Linhas Aéreas S.A. | 24-10119 (MG) | 98-0670124 |
| GTX S.A. | 24-10121 (MG) | N/A |
| GAC, Inc. | 24-10120 (MG) | N/A |
| Gol Finance (Luxembourg) | 24-10117 (MG) | N/A |
| Gol Finance (Cayman) | 24-10122 (MG) | N/A |
| Smiles Fidelidade S.A. | 24-10124 (MG) | N/A |
| Smiles Viagens e Turismo S.A. | 24-10125 (MG) | N/A |
| Smiles Fidelidade Argentina S.A. | 24-10126 (MG) | N/A |
| Smiles Viajes y Turismo | 24-10127 (MG) | N/A |
| Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior | 24-10128 (MG) | N/A |
| Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior | 24-10130 (MG) | N/A |
| Gol Equity Finance | 24-10131 (MG) | N/A |

The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against any Debtor that arose prior to the Petition Date, except for claims listed in Section 4 below, which are excluded from the filing requirements and deadlines established by the Bar Date Order.

## 1.    WHO MUST FILE A PROOF OF CLAIM

If you believe you have a claim against any Debtor that arose prior to the Petition Date, you MUST file a proof of claim to be treated as a creditor in these cases (*i.e.*, vote on a chapter 11 plan for the Debtors or to share in distributions from the Debtors' bankruptcy estates), unless your claim is of the types described in Section 4 below. Proof of any claim based on acts or omissions of any Debtor that occurred before the Petition Date must be filed on or prior to the General Bar Date (or, if applicable, one of the other deadlines described below), even if such claim is not currently fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

The Bar Date Order establishes the following bar dates for filing proofs of claim in these Chapter 11 Cases (collectively, the "Bar Dates"):

      a.    **General Bar Date**:  Except as otherwise set forth in this Notice, all entities that hold a claim against any Debtor that arose prior to the Petition Date (whether secured, unsecured priority, or unsecured nonpriority) must file a proof of claim by **June 14, 2024, at 11:59 (prevailing Eastern time)**.  For the avoidance of doubt and without limitation, the General Bar Date applies to claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim").

      b.    **Governmental Bar Date**:  All governmental units, as defined in section 101(27) of the Bankruptcy Code, must file claims against any Debtor that

arose prior to the Petition Date by **July 23, 2024, at 11:59 p.m. (prevailing Eastern time)**.

c.  **Rejection Claims Bar Date**:  All entities that hold a claim against any of any Debtor arising out of the rejection of an executory contract or an unexpired lease pursuant to section 365 of the Bankruptcy Code must file a proof of claim by the later of (i) the General Bar Date or (ii) the date that is thirty (30) days after the date of entry of an order of the Bankruptcy Court authorizing the rejection of such contract or lease (the "Rejection Claims Bar Date").

d.  **Amended Schedules Bar Date**:  If any Debtor amends or supplements its Schedules, the affected claimant is required to file a proof of claim or to amend a previously filed proof of claim in respect of such amended or added scheduled claim by the later of (a) the General Bar Date and (b) thirty (30) days after the date that notice of the applicable amendment is served on such claimant (the "Amended Schedules Bar Date").

Each person or entity asserting a claim against a Debtor under sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code (each, an "Administrative Claim"), regardless of when such claim arose, accrued, or otherwise become due and payable must file an Administrative Claim Form, attached to the Debtors' bar date motion [Docket No. 376] as Exhibit D to assert its right to the payment of such Administrative Claim.  The deadline for filing Administrative Claims will be established later in the chapter 11 cases.

**2.  WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410 available at www.uscourts.gov/forms/bankruptcy-forms or the case-specific proof of claim form provided by the Debtors available at https://cases.ra.kroll.com/GOL.

Each proof of claim must (i) be signed by the claimant or by an authorized agent of the claimant (proofs of claim signed electronically are acceptable), (ii) include copies of any writings upon which the asserted claim is based (but if the writings upon which the asserted claim is based are more than 100 pages in the aggregate, unless otherwise agreed with the Debtors, the claimant may include either a list of the documents giving rise to the claim or a summary setting forth the basis for the claim citing to the applicable documents, instead of filing the documents themselves, and make such documents available upon request), (iii) be in English or Portuguese, and (iv) be denominated in U.S. dollars (using the exchange rate, if applicable, as of the Petition Date).[2]

In addition to the requirements set forth in the immediately preceding paragraph, any proof of claim asserting a 503(b)(9) Claim must also include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) the date of purported delivery of the goods to a Debtor within twenty (20) days before the Petition

---

[2]  Where a proof of claim has been denominated in a currency other than U.S. dollars, the Debtors will convert the asserted amount of such claim to U.S. dollars based upon the applicable conversion rate as of the Petition Date.

Date; (iv) documentation, including invoices, receipts, bills of lading, and the like, identifying with specificity the particular goods for which the 503(b)(9) Claim is being asserted; (v) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546 of the Bankruptcy Code, and, if applicable, the date of any such reclamation demand timely submitted pursuant to the *Final Order Establishing and Implementing Exclusive and Global Procedures for Treatment of Reclamation Claims* [Docket No. 172]; and (vi) documentation or other evidence that the goods with respect to which the 503(b)(9) Claim is being filed were sold in the ordinary course of the applicable Debtor's business.

**Your proof of claim must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), a name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).**

With the exception of any (i) master proof of claim (a "Trustee Master Proof of Claim") filed by the relevant indenture trustee (each, a "Trustee") for any of the Amortizing Notes, 2024 Senior Exchangeable Notes, 2025 Senior Notes, and Perpetual Notes (each as defined in *Declaration of Joseph W. Bliley in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 11] and, collectively, the "Indentures") in accordance with paragraph 9 of the Bar Date Order, and (ii) any Master Proof of Claim (as defined in the *Final Order (a) Authorizing the Debtors to Obtain Postpetition Financing, (b) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (c) Granting Adequate Protection to the Prepetition Secured Parties, (d) Modifying the Automatic Stay, (e) Authorizing the Debtors to Use Cash Collateral, and (f) Granting Related Relief* [Docket No. 207] (the "Final DIP Order")), all persons and entities asserting claims against more than one Debtor are required to (i) file a separate proof of claim against each such Debtor and (ii) identify on each proof of claim the particular Debtor against which the claim is asserted. Any claim that fails to identify a specific Debtor will be deemed filed only against GOL Linhas Aéreas Inteligentes S.A. With the exception of any (i) Master Proof of Claim filed by a Trustee and (ii) any Master Proof of Claim (as defined in the Final DIP Order), if more than one Debtor is identified on the Claim Form, the proof of claim will be deemed filed only against the first-listed Debtor.

### 3. WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be received on or before the applicable Bar Date:

**IF ELECTRONICALLY:**

(i) By following instructions for filing proofs of claim on the website established by the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll"), for these Chapter 11 Cases (the "Case Website") located at https://cases.ra.kroll.com/GOL, or

(ii) Through Public Access to Court Electronic Records ("PACER") at https://ecf.nysb.uscourts.gov.

**IF BY FIRST CLASS MAIL:**

> GOL Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> Grand Central Station, PO Box 4850
> New York, NY 10163-4850

**IF BY HAND DELIVERY OR OVERNIGHT SERVICE:**

> GOL Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

> Clerk of the Bankruptcy Court (**hand delivery only**)
> United States Bankruptcy Court for the Southern District of New York
> One Bowling Green, New York, NY 10004

A proof of claim will be timely filed only if *actually submitted* to the Case Website or PACER or is *actually received* by the GOL Claims Processing Center or Clerk of the Court on or before the applicable Bar Date. Proof of claim forms sent by e-mail, facsimile, telecopy, or electronically (other than through the Case Website or PACER) will not be accepted.

### 4.    CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED

The Bar Date Order provides that certain claimants whose claims otherwise would be subject to the General Bar Date need not file proofs of claim. To review a copy of the Bar Date Order, please visit https://cases.ra.kroll.com/GOL.

### 5.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

ANY ENTITY WHO IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM AS SET FORTH IN THIS NOTICE BUT FAILS TO DO SO WILL BE (A) FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY DEBTOR AND (B) FOREVER BARRED FROM VOTING TO ACCEPT OR REJECT ANY PLAN IN THE DEBTORS' CHAPTER 11 CASES OR PARTICIPATING IN ANY DISTRIBUTION ON ACCOUNT OF SUCH CLAIM.

### 6.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Schedules are available for inspection on the Court's website at http://www.nysb.uscourts.gov. A login and password to PACER are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov.

Copies of the Schedules are also available at the Case Website at https://cases.ra.kroll.com/GOL. Copies of the Schedules may also be obtained by written request to the Debtors' Claim Agent at the following address: GOL Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850.

If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification, or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

*[Remainder of page intentionally left blank]*

**YOU SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

**BY ORDER OF THE COURT**

Dated:  New York, New York          **MILBANK LLP**
       [_____], 2024

_____
Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

-and-

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

*Counsel for Debtors and Debtors-in-Possession*

**TRIBUNAL DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS DOS ESTADOS UNIDOS**
**DISTRITO SUL DE NOVA YORK**

-----------------------------------------------------------------x
:
Ref.:                                              :    Recuperação Voluntária
:
GOL LINHAS AÉREAS INTELIGENTES S.A.,               :    Ação nº 24-10118 (MG)
*et al.*,[1]                                        :
:    (Administração conjunta)
Devedoras              :
:
-----------------------------------------------------------------x

**EDITAL DE NOTIFICAÇÃO DO**
**MANDADO DE DATA LIMITE QUE ESTABELECE PRAZOS**
**PARA A APRESENTAÇÃO DE CRÉDITO A RECEBER DAS DEVEDORAS**

**NOTIFICA-SE QUE QUALQUER PESSOA FÍSICA OU JURÍDICA QUE APRESENTE UMA HABILITAÇÃO DE CRÉDITO NESTAS AÇÕES DE *CHAPTER* 11 SERÁ CONSIDERADA COMO TENDO ACEITO A COMPETÊNCIA DO TRIBUNAL DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS DOS ESTADOS UNIDOS DO DISTRITO SUL DE NOVA YORK. QUALQUER PESSOA FÍSICA OU JURÍDICA QUE TENHA DE APRESENTAR UMA HABILITAÇÃO DE CRÉDITO TEMPESTIVAMENTE, MAS NÃO O FAÇA, FICARÁ (A) PERMANENTEMENTE IMPEDIDA E PROIBIDA DE REIVINDICAR ESTE CRÉDITO DE QUALQUER UMA DAS DEVEDORAS E (B) PERMANENTEMENTE IMPEDIDA DE VOTAR PARA ACEITAR OU REJEITAR QUALQUER PLANO OU DE PARTICIPAR DE QUALQUER DISTRIBUIÇÃO NESTAS AÇÕES DE *CHAPTER* 11 COM BASE NESTES CRÉDITOS.**

Em 25 de janeiro de 2024 ("Data da Petição"), a GOL Linhas Aéreas Inteligentes S.A. e as demais entidades acima mencionadas (coletivamente, "Devedoras") apresentaram petições voluntárias para medida cautelar nos termos do Capítulo 11 do Título 11 do Código dos Estados Unidos ("Código de Recuperações Judiciais") no Tribunal de Falências e Recuperações Judiciais dos Estados Unidos do Distrito Sul de Nova York ("Tribunal").

---

[1]     As Devedoras nas presentes ações de *Chapter* 11, juntamente com os últimos quatro dígitos do número de contribuinte de cada Devedora, são: GOL Linhas Aéreas Inteligentes S.A. (N/D); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/D); GAC, Inc. (N/D); Gol Finance (Luxembourg) (N/D); Gol Finance (Cayman) (N/D); Smiles Fidelidade S.A. (N/D); Smiles Viagens e Turismo S.A. (N/D); Smiles Fidelidade Argentina S.A. (N/D); Smiles Viajes y Turismo S.A. (N/D); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/D); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/D); e Gol Equity Finance (N/D).  O endereço de atendimento das Devedoras é Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, República Federativa do Brasil.

Em [_____] de 2024, o Tribunal emitiu um mandado [protocolo n.º ____] ("Mandado de Data Limite") estabelecendo (i) **14 de junho de 2024, às 23h59. (horário em vigor na Costa Leste dos EUA)** ("Data Limite Geral") como o prazo para todas as requerentes (inclusive pessoas físicas, jurídicas, joint ventures, trustes, e fundações) que não sejam entidades governamentais e (ii) **23 de julho de 2024, às 23h59 (horário em vigor na Costa Leste dos EUA)** para unidades governamentais ("Data Limite para o Governo") para apresentar habilitações de crédito contra qualquer uma das Devedoras relacionadas abaixo:

| Devedora | Número da ação: | Número de identificação fiscal |
|---|---|---|
| GOL Linhas Aéreas Inteligentes S.A. | 24-10118 (MG) | N/A |
| GOL Linhas Aéreas S.A. | 24-10119 (MG) | 98-0670124 |
| GTX S.A. | 24-10121 (MG) | N/A |
| GAC, Inc. | 24-10120 (MG) | N/A |
| Gol Finance (Luxemburgo) | 24-10117 (MG) | N/A |
| Gol Finance (Cayman) | 24-10122 (MG) | N/A |
| Smiles Fidelidade S.A. | 24-10124 (MG) | N/A |
| Smiles Viagens e Turismo S.A. | 24-10125 (MG) | N/A |
| Smiles Fidelidade Argentina S.A. | 24-10126 (MG) | N/A |
| Smiles Viajes y Turismo | 24-10127 (MG) | N/A |
| Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior | 24-10128 (MG) | N/A |
| Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior | 24-10130 (MG) | N/A |
| Gol Equity Finance | 24-10131 (MG) | N/A |

A Data Limite Geral e os procedimentos estabelecidos abaixo para apresentação de habilitação de crédito aplicam-se a todos os créditos a receber de qualquer Devedora originados antes da Data da Petição, exceto para os créditos relacionados na Cláusula 4.ª, abaixo, os quais estão excluídos das exigências de apresentação e prazos estabelecidos pelo Mandado de Data Limite.

## 1.    QUEM TEM DE APRESENTAR UMA HABILITAÇÃO DE CRÉDITO

Se você acredita que tem algum crédito a receber de qualquer Devedora, originado antes da Data da Petição, você PRECISA apresentar uma habilitação de crédito para ser tratado como credor nestas ações (*ou seja*, votar em um plano de *Chapter* 11 para as Devedoras ou participar das distribuições dos ativos das Devedoras sujeitos às ações de *Chapter* 11), salvo se sua reivindicação for de um dos tipos descritos na Cláusula 4.ª abaixo.  Habilitações de créditos baseadas em atos ou omissões de qualquer Devedora, ocorridos antes da Data de Petição, precisam ser apresentadas até a Data Limite Geral (ou, se for o caso, um dos demais prazos descritos abaixo), mesmo que estes créditos não estejam determinados, liquidados ou certos no momento, ou não estejam vencidos ou não se tenham tornado determinados, liquidados ou certos antes da Data de Petição.

O Mandado de Data Limite estabelece as seguintes datas limites para a apresentação de habilitações de crédito nestas ações de recuperação judicial (coletivamente denominadas as "Datas Limites"):

a.     **Data Limite Geral**:  Salvo disposição em contrário nesta Notificação, todas as entidades com créditos a receber de qualquer Devedora, originados antes da Data da Petição (independentemente de serem garantidos, quirografários prioritário ou quirografários não prioritário) precisam apresentar uma habilitação de crédito até **14 de junho de 2024, às 11h59 (horário em vigor na Costa Lesta dos EUA)**.  Para não haver dúvidas e, dentre outros, a Data Limite Geral aplica-se a créditos reivindicados em conformidade com a subseção 503(b)(9) do Código de Recuperações Judiciais ("Crédito 503(b)(9)").

b.     **Data Limite para o Governo**:  Todas as unidades governamentais, conforme definido na subseção 101(27) do Código de Recuperações Judiciais, precisam apresentar os créditos a receber de qualquer Devedora, originados da Data da Petição, até **23 de julho de 2024, às 23h59 (horário em vigor na Costa Leste dos EUA)**.

c.     **Data Limite para Créditos de Rejeição**:  Todas as entidades que tenham créditos a receber de qualquer Devedora decorrente da rejeição de um contrato de execução futura ou locação não vencida de acordo com a subseção 365 do Código de Recuperações Judiciais precisam apresentar uma habilitação de crédito até (i) a Data Limite Geral ou (ii) a data que for 30 (trinta) dias após a data de entrada de uma ordem do Tribunal de Falências e Recuperações Judiciais autorizando a rejeição deste contrato ou locação ("Data Limite para Créditos de Rejeição").

d.     **Data limite para Alteração de Listas**:  Caso qualquer uma das Devedoras altere ou complemente suas respectivas Listas, a requerente afetada terá de apresentar uma habilitação de crédito ou alterar qualquer habilitação de crédito apresentada anteriormente, com respeito a este crédito relacionado alterado ou adicional, à data que for posterior entre (a) a Data Limite Geral e (b) 30 (trinta) dias após a data de entrega da notificação da alteração aplicável à requerente afetada ("Data Limite para Alteração de Listas").

Cada pessoa física ou jurídica que reivindica um crédito a receber de uma Devedora nos termos das seções 503(b)(1) a (8) e 507(a)(2) do Código de Recuperações Judiciais (individualmente, "Crédito Administrativo"), independentemente de quando este crédito surgiu, foi acumulado ou, de outra forma, se tornou devido e pagável, precisa apresentar um Formulário de Crédito Administrativo, anexado à moção de data limite das Devedoras [protocolo n.º 376] como Anexo D para reivindicar seu direito ao pagamento deste Crédito Administrativo.  O prazo para apresentação dos Créditos Administrativos será estabelecido posteriormente nas ações de *Chapter* 11.

## 2.    O QUE APRESENTAR

A sua habilitação de crédito apresentada precisa estar significativamente em conformidade com o Formulário oficial n.º 410, disponível em www.uscourts.gov/forms/bankruptcy-forms, ou com o formulário de habilitação de crédito específico da ação fornecido pelas Devedoras, disponível em https://cases.ra.kroll.com/GOL.

Cada habilitação de crédito precisa: (i) ser assinada pela requerente ou pelo procurador autorizado da requerente (habilitações de crédito assinadas eletronicamente são aceitáveis); (ii) incluir cópias de qualquer registro no qual o crédito reivindicado se baseia (mas se os registros nos quais o crédito reivindicado se baseia tiverem mais de 100 páginas no total, salvo mediante acordo em contrário com as Devedoras, a requerente poderá incluir uma lista dos documentos que deram origem ao crédito ou uma definição resumida do fundamento do crédito citando os documentos em questão, em vez de apresentar os documentos originais e disponibilizá-los mediante solicitação); (iii) estar em inglês ou português; e (iv) ser denominada em dólares norte-americanos (usando a taxa de câmbio, se aplicável, na Data da Petição).[2]

Além dos requisitos definidos no parágrafo imediatamente anterior, qualquer habilitação de crédito que reivindique um Crédito 503(b)(9) também tem de incluir, com especificidade: (i) o valor do Crédito 503(b)(9); (ii) a Devedora específica da qual se reivindica o Crédito 503(b)(9); (iii) a data de entrega dos bens supostamente entregues à Devedora no período de 20 (vinte) dias antes da Data de Petição; (iv) documentação, como faturas, recibos, conhecimentos de carga e documentos afins, identificando com especificidade os bens específicos aos quais se reivindica o Crédito 503(b)(9); (v) uma identificação dos (eventuais) bens sujeitos a um pedido de restituição nos termos da subseção 546 do Código de Recuperações Judiciais e, se for o caso, a data deste pedido de restituição tempestivamente apresentado em conformidade com o *Mandado de Estabelecimento e Implementação de Procedimentos Exclusivos e Globais para o Tratamento de Créditos de Restituição* (protocolo n.º 172); e (vi) documentação ou outros comprovantes de que os bens relativos aos quais se reivindica o Crédito 503(b)(9) foram vendidos no curso normal dos negócios aplicáveis da Devedora.

**A sua habilitação de crédito não pode conter números de segurança social (*social security numbers*) ou números de contribuinte completos (apenas os últimos quatro dígitos), data de nascimento completa (apenas o ano), nome de menores de idade (apenas as iniciais do menor de idade) ou número de conta bancária (apenas os últimos quatro dígitos da conta bancária).**

Com exceção (i) habilitação de crédito mestre ("Habilitação de Crédito Mestre – Agente Fiduciário") apresentada pelo respectivo agente fiduciário (cada um, um "Agente Fiduciário") de quaisquer das seguintes emissões de valores mobiliários das Devedoras: *Amortizing Notes* (notas amortizáveis)*, 2024 Senior Exchangeable Notes* (notas sêniores amortizáveis com vencimento em 2024), *2025 Senior Notes* (notas sêniores com vencimento em 2025) e *Perpetual Notes* (notas perpétuas) (cada uma definida na *Declaration of Joseph W. Bliley in Support of the Debtors'*

---

[2]    Quando uma habilitação de crédito for denominada em uma moeda que não seja o dólar americano, as Devedoras converterão o valor reivindicado deste crédito em dólares norte-americanos com base na taxa de conversão aplicável na Data da Petição.

*Chapter 11 Petitions and First Day Pleadings [Docket nº 11]* e, coletivamente, as "Escrituras"), de acordo com o pagrágrafo 9 do Mandado de Data Limite e (ii) Habilitação de Crédito Mestre (conforme definido no *Mandado DIP Final*): (a) autorizando as Devedoras a obter financiamento pós-petição; (b) concedendo gravames e fornecendo Créditos com Status de despesa administrativa de superprioridade; (c) concedendo proteção adequada às Partes garantidas pré-petição; (d) modificando a Suspensão automática; (e) autorizando as Devedoras a usar garantia em dinheiro; e (f) concedendo assistência relacionada [protocolo n.º 207] ("Mandado DIP Final"), todas as pessoas físicas e jurídicas que reivindiquem créditos a receber de mais de uma Devedora precisam: (i) apresentar uma habilitação de crédito distinta para cada Devedora; e (ii) identificar, em cada habilitação de crédito, a Devedora específica da qual se reivindica o crédito. Qualquer crédito que não identifique uma Devedora específica será considerado apresentado apenas contra a GOL Linhas Aéreas Inteligentes S.A. (i) Habilitação de Crédito Mestre – Agente Fiduciário apresentada por um Agente Fiduciário, e (ii) Habilitação de Crédito Mestre (conforme definido no Mandado DIP Final). Se mais de uma Devedora for identificada no Formulário de Crédito, a habilitação de crédito será considerada apresentada apenas contra a primeira Devedora relacionada.

**3.    QUANDO E ONDE APRESENTAR**

Salvo as exceções aqui previstas, todas as habilitações de crédito precisam ser apresentadas de forma a serem recebidas até a Data limite aplicável:

**POR VIA ELETRÔNICA:**

(i)    Seguindo as instruções para apresentar habilitações de crédito no site estabelecido pelo agente de notificações e reinvindicações das Devedoras, a Kroll Restructuring Administration LLC ("Kroll"), para estas Ações de *Chapter* 11 ("Site das ações"), localizado em https://cases.ra.kroll.com/GOL; ou

(i)    por meio do Acesso público a registros eletrônicos do Tribunal [Public Access to Court Electronic Records] ("PACER") em https://ecf.nysb.uscourts.gov.

**SE POR CARTA REGISTRADA:**

GOL Linhas Aéreas Inteligentes S.A. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**SE ENTREGUE EM MÃOS OU POR CORREIO EXPRESSO NOTURNO:**

GOL Linhas Aéreas Inteligentes S.A. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

Clerk of the Bankruptcy Court (*hand delivery only*)
United States Bankruptcy Court for the Southern District of New York
One Bowling Green, New York, NY 10004

A habilitação de crédito será considerada como apresentada tempestivamente apenas quando *efetivamente apresentada* no Site das ações ou PACER ou *efetivamente recebida* pelo GOL *Claims Processing Center* ou pelo *Clerk* até a Data limite aplicável. Não serão aceitos formulários de habilitação de crédito enviados por e-mail, fax, telecópia ou meios eletrônicos (que não o Site das ações ou PACER).

### 4.    CRÉDITOS QUE REQUEREM A APRESENTAÇÃO DE HABILITAÇÕES DE CRÉDITO

O Mandado de Data Limite também prevê que determinadas requerentes, cujos créditos, de outra forma, estariam sujeitos à Data Limite Geral, não precisam apresentar habilitações de crédito. Para consultar uma cópia do Mandado de Data Limite, acesse https://cases.ra.kroll.com/GOL.

### 5.    CONSEQUÊNCIAS DA NÃO APRESENTAÇÃO DE UMA HABILITAÇÃO DE CRÉDITO ATÉ A DATA LIMITE

QUALQUER ENTIDADE QUE TENHA DE APRESENTAR UMA HABILITAÇÃO DE CRÉDITO TEMPESTIVAMENTE, CONFORME DETERMINA A PRESENTE NOTIFICAÇÃO, MAS NÃO O FAÇA, FICARÁ (A) PERMANENTEMENTE IMPEDIDA E PROIBIDA DE REIVINDICAR ESTE CRÉDITO DE QUALQUER UMA DAS DEVEDORAS E (B) PERMANENTEMENTE IMPEDIDA DE VOTAR PARA ACEITAR OU REJEITAR QUALQUER PLANO NAS AÇÕES DE *CHAPTER* 11 DAS DEVEDORAS OU DE PARTICIPAR DE QUALQUER DISTRIBUIÇÃO COM BASE NESTES CRÉDITOS.

### 6.    AS LISTAS DAS DEVEDORAS E O RESPECTIVO ACESSO

Você pode estar relacionado como titular de um crédito a receber de uma ou mais das Devedoras nas Listas de ativos e passivos das Devedoras e/ou Listas de contratos de execução futura e contratos de locação não vencidos (coletivamente denominadas as "Listas").

Cópias das Listas alteradas também estão disponíveis para inspeção no site do Tribunal, em http://www.nysb.uscourts.gov. Para acessar essas informações, será necessário usar login e senha do PACER, que podem ser obtidos junto ao Centro de Atendimento do PACER, em http://www.pacer.gov. Cópias das Listas também estão disponíveis no Site das ações, em https://cases.ra.kroll.com/GOL. Além disso, cópias das Listas podem ser obtidas mediante solicitação por escrito ao Agente de reivindicações das Devedoras, no seguinte endereço: GOL Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, EUA.

Caso se baseie nas Listas, é de sua responsabilidade determinar se o crédito está relacionado corretamente nas Listas.

As Devedoras reservam o direito de (a) contestar ou reivindicar compensações ou defesas contra qualquer habilitação de crédito apresentada ou qualquer crédito relacionado ou refletido nas Listas no tocante à natureza, valor, responsabilidade, prioridade, classificação ou outro aspecto; (b) subsequentemente designar qualquer crédito relacionado como contestado, contingente ou a liquidar; e (c) alterar ou suplementar as Listas.  Nenhuma parte desta Notificação impedirá as Devedoras de apresentar objeções a qualquer crédito, relacionados ou habilitados, por qualquer motivo.

**VOCÊ DEVE CONSULTAR UM ADVOGADO A RESPEITO DE QUALQUER QUESTÃO NÃO ABORDADA NESTA NOTIFICAÇÃO, COMO A NECESSIDADE DE APRESENTAR UMA HABILITAÇÃO DE CRÉDITO OU NÃO.**

**POR ORDEM DO TRIBUNAL**

Data:    Nova York, Nova York
          [_____], 2024

**MILBANK LLP**

_____

Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001, EUA
Telefone:  (212) 530-5000
Fax:  (212) 530-5219

-e-

Andrew M. Leblanc
Erin E. Dexter (advogada *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100,
Washington, DC 20006
Telefone: (202) 835-7500
Fax:  (202) 263-7586

-e-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telefone: (424) 386-4000
Fax:  (213) 629-5063

*Advogados das Devedoras e Devedoras em Posse*