UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
GOL LINHAS AÉREAS INTELIGENTES S.A., : Case No. 24-10118 (MG)
*et al.*,[1] : 
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS, BANCO SAFRA S.A., AND BANCO SAFRA S.A. (LUXEMBOURG BRANCH) AUTHORIZING POST-PETITION INTEREST PAYMENTS TO BANCO SAFRA IN EXCHANGE FOR AGREEMENT TO FACTOR RECEIVABLES**

GOL Linhas Aéreas Inteligentes S.A. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), Banco Safra S.A., and Banco Safra S.A. (Luxembourg Branch) (together with Banco Safra S.A., "Banco Safra" and, collectively with the Debtors, the "Parties," and each a "Party") hereby enter into this Stipulation and Agreed Order (this "Stipulation"), and stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on January 25, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases (the "Chapter 11 Cases") are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and the *Order (i) Directing Joint Administration*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

*of Chapter 11 Cases and (ii) Granting Related Relief* [Docket No. 58]. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 9, 2024, the U.S. Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors. *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 114]. On February 13, 2024, the U.S. Trustee filed a notice amending the composition of the Committee. *See Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 134]. No trustee or examiner has been appointed in these cases.

**WHEREAS**, on December 4, 2017, GOL Linhas Aéreas S.A. issued a Brazilian-law governed secured Import Financing Bank Credit Note FP-32044/17 (*Cédula de Crédito Bancário para Financiamento à Importação*) to the Luxembourg branch of Banco Safra, a Brazilian financial institution, in the principal amount of $9,346,947.43 (the "2017 FINIMP Note"). The 2017 FINIMP Note accrues interest at a rate equivalent to the Secured Overnight Financing Rate for one month (TERMSOFR01 – one month), informed by Banco Safra, *plus* a fixed rate of 9.40% per annum. The 2017 FINIMP Note is being amortized in monthly installments ending on July 22, 2024, and is secured by a Standby Letter of Credit issued by Banco Safra in Brazil in favor of its Luxembourg branch. The Standby Letter of Credit is secured by a fiduciary assignment of the receivables originated from short-term investment securities held by the Debtors at Banco Safra. As of the Petition Date, the outstanding balance of the 2017 FINIMP Note was $2,344,452.34.

**WHEREAS**, on January 29, 2018, GOL Linhas Aéreas S.A. issued a Brazilian-law governed secured Import Financing Bank Credit Note FP-32108/17 (*Cédula de Crédito Bancário para Financiamento à Importação*) to the Luxembourg branch of Banco Safra in the principal

2

amount of $8,595,173.50 (the "2018 FINIMP Note"). The 2018 FINIMP Note accrues interest at a rate equivalent to the Secured Overnight Financing Rate for one month (TERMSOFR01 – one month), informed by Banco Safra, *plus* a fixed rate of 9.40% per annum. The 2018 FINIMP Note is being amortized in monthly installments ending on June 24, 2024, and is secured by a Standby Letter of Credit issued by Banco Safra in Brazil in favor of its Luxembourg branch. The Standby Letter of Credit is secured by a fiduciary assignment of the receivables originated from short-term investment securities held by the Debtors at Banco Safra. As of the Petition Date, the outstanding balance of the 2018 FINIMP Note was $1,726,696.68.

**WHEREAS**, on October 23, 2020, GOL Linhas Aéreas S.A. issued a secured Brazilian-law governed Bank Credit Note n. 6383843 (*Cédula de Crédito Bancário*) to Banco Safra, guaranteed by Fundo Garantidor para Investimentos and managed by Banco Nacional de Desenvolvimento Econômico e Social – BNDES, in the principal amount of approximately $2,005,977.81 (R$10,000,000.00) (the "2020 Bank Credit Note").[2] The 2020 Bank Credit Note accrues interest at the rate of variation of the Brazilian interbank deposit certificate (the "CDI rate"), *plus* a fixed rate of 4.907021% per annum. The 2020 Bank Credit Note is being amortized in monthly installments ending on October 23, 2025, and is secured for 80% of the outstanding balance by the Fundo Garantidor para Investimentos (FGI), according to the Circular AST nº 21/2020 from BNDES. As of the Petition Date, the outstanding balance of the 2020 Bank Credit Note was approximately $1,396,333.33.

**WHEREAS**, on August 30, 2022, GOL Linhas Aéreas S.A. issued a Brazilian-law governed secured Bank Credit Note n. 6409150 (*Cédula de Crédito Bancário*) to Banco Safra in

---

[2] The 2020 Bank Credit Note, along with the 2022 Bank Credit Note (as defined below), are debt instruments denominated in Brazilian *reais*, which, for purposes of this Stipulation, are translated into U.S. dollars at the rate of R$4.9232 to US$1.00, which was the U.S. dollar selling rate as reported by the Brazilian Central Bank as of the Petition Date.

3

the principal amount of approximately $14,041,844.70 (R$70,000,000.00) (the "2022 Bank Credit Note" and, together with the 2017 FINIMP Note, the 2018 FINIMP Note, and the 2020 Bank Credit Note, the "Banco Safra Notes").  The 2022 Bank Credit Note accrues interest at the rate of variation of the CDI rate, *plus* a fixed rate of 4.699994% per annum.  The 2022 Bank Credit Note is being amortized in monthly installments ending on July 24, 2024, and is secured by a fiduciary assignment of American Express credit and debit card receivables.  As of the Petition Date, the outstanding balance of the 2022 Bank Credit Note was approximately $985,054.96.

**WHEREAS**, GOL Linhas Aéreas S.A. owes certain unsecured trade payables to Banco Safra in the amount of $15,046.00 (the "Trade Payables").

**WHEREAS**, on February 23, 2024, a monthly interest installment in the amount of $28,887.97, on March 25, 2024, a monthly interest installment in the amount of $29,822.73, and, on April 23, 2024, a monthly interest installment of approximately $27,914.46 became due under the 2017 FINIMP Note (together, the "2017 FINIMP Note Installment"), along with $584,184.21 on April 23, 2024, to be applied towards repayment of the principal amount.

**WHEREAS**, on February 23, 2024, a monthly interest installment in the amount of $21,215.00, on March 25, 2024, a monthly interest installment in the amount of $21,901.48, and, on April 23, 2024, a monthly interest installment of approximately $20,500.06 became due under the 2018 FINIMP Note (together, the "2018 FINIMP Note Installment"), along with $572,024.40 on April 23, 2024, to be applied towards repayment of the principal amount.

**WHEREAS**, on February 23, 2024, a monthly interest installment of approximately $24,662.49, on March 25, 2024, a monthly interest installment of approximately $25,515.98, and, on April 23, 2024, a monthly interest installment of approximately $25,424.73 became due under the 2020 Bank Credit Note n. 6383843 (together, the "2020 Bank Credit Note Installment"), along

4

with approximately $41,791.20 on February 23, 2024, $41,776.12 on March 25, 2024, and $40,354.34 on April 23, 2024, to be applied towards repayment of the principal amount.

**WHEREAS**, on February 26, 2024, a monthly interest installment of approximately $12,861.85, on March 25, 2024, a monthly interest installment of approximately $11,667.24, and, on April 24, 2024, a monthly interest installment of approximately $11,688.45 became due under the 2022 Bank Credit Note n. 6409150 (together, the "2022 Bank Credit Note Installment" and, collectively with the 2017 FINIMP Note Installment, 2018 FINIMP Note Installment, and 2020 Bank Credit Note Installment, the "February, March, and April Banco Safra Installments"), along with approximately $234,998.77 on April 24, 2024, to be applied towards repayment of the principal amount.

**WHEREAS**, as of the Petition Date, the Debtors have not paid any amounts on account of the Banco Safra Notes and the total amount due to Banco Safra on account of the February, March, and April Banco Safra Installments is approximately $262,062.44.

**WHEREAS**, to provide immediate liquidity for the Debtors' businesses, the Debtors engage in factoring arrangements with Brazilian banks, whereby the Debtors sell their credit card receivables (the "Receivables") in exchange for an immediate cash return from the banks or from financial structures funded by such banks (the "Factoring").

**WHEREAS**, due to the significant time delay in Brazil for realizing Receivables resulting from, among other things, the fact that most of the Debtors' ticket sales (as is common throughout Brazil) are sold in installments (usually up to 12 installments), it is critical that the Debtors be able to continue to engage in Factoring so that they can anticipate cash flows, maintain their cash management system, and continue their overall operations.

**WHEREAS**, on February 27, 2024, the Court entered the Debtors' *Final Order (I) Authorizing the Debtors to Continue to (a) Use Existing Cash Management Systems, Bank Accounts, and Business Forms, (b) Factor Their Receivables, (c) Engage in Intercompany Transactions, and (d) Pay Service Charges; (II) Granting Administrative Expense Status to Intercompany Claims; (III) Granting Related Relief* [Docket No. 190] (the "Final Cash Management Order"), which authorized the Debtors to continue selling the Receivables to the banks with which the Debtors have factoring arrangements free and clear of any and all liens, claims, interests, or encumbrances.

**WHEREAS,** notwithstanding the entry of the Final Cash Management Order, such banks have been slower than expected to reengage Factoring with the Debtors.

**WHEREAS**, Banco Safra has agreed to provide the Debtors with immediate Factoring of Receivables, the terms of which shall be formalized between the Parties in separate agreements but which generally provide, in accordance with Banco Safra's crediting policy, that (i) Factoring shall be performed from American Express credit and debit card sales; (ii) this credit line shall be initially available for 360 days and may be renewed by the Parties in accordance with Banco Safra's crediting policy; (iii) Banco Safra is committing to make Factoring available to the Debtors, in an amount of outstanding exposure for Banco Safra of no less than R$50,000,000.00 (approximately $10,000,000)[3] in consideration of the current operations; (iv) the maximum factoring shall be in accordance with Brazilian market conditions on the date of each concession; and (v) the Debtors must maintain 10% (ten percent) of credit card receivables, in addition to more than the amount of R$50,000,000.00 (approximately $10,000,000) as additional collateral in case of chargebacks. Banco Safra's obligation to provide the Debtors with immediate Factoring shall

---

[3] The Debtors shall have no obligation to draw on this Factoring commitment.

6

exist so long as (i) the Debtors pay the February, March, and April Banco Safra Installments and future interest installments, as and when they come due under the Banco Safra Notes, and (ii) the terms, conditions, and collateral of the Banco Safra Notes are preserved and not amended except as otherwise provided herein or in any agreements entered into between the Parties. Notwithstanding the entry of the Final Cash Management Order, the order approving and ratifying this Stipulation shall serve as authorization for the Parties to engage in Factoring. Such Factoring, if provided by Banco Safra, shall constitute an administrative expense claim pursuant to section 503(b)(1) of the Bankruptcy Code.

**WHEREAS**, on April 9, 2024, the Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving Proof of Claim Forms, Bar Date Notices, and Mailing and Publication Procedures; (III) Implementing Procedures Regarding 503(b)(9) Claims and Administrative Claims; and (IV) Granting Related Relief* [Docket No. 447] (the "Bar Date Order"), which established June 14, 2024, at 11:59 p.m. (prevailing Eastern time) as the General Bar Date (as defined in the Bar Date Order) by which proofs of claim against the Debtors must be filed.

**WHEREAS**, after extensive good faith discussions with Banco Safra, the Debtors have determined that it is in the best interests of their estates to pay the February, March, and April Banco Safra Installments and to continue paying, as and when they come due, future interest installments under the Banco Safra Notes because, among other things: (i) Banco Safra has agreed to provide the Debtors immediate access to Factoring upon approval of this Stipulation and payment of the February, March, and April Banco Safra Installments; (ii) Banco Safra asserts that the obligations under the Banco Safra Notes are oversecured; (iii) the Debtors believe the value provided by the additional Factoring by Banco Safra outweighs any value that could be achieved from a dispute on whether the Banco Safra Notes are oversecured; and (iv) the February, March,

and April Banco Safra Installments are *de minimis* as compared to the significant value that the Debtors will receive from additional Factoring.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, THE FOLLOWING IS SO ORDERED:**

1. This Stipulation shall only be effective and enforceable upon its approval and entry by this Court on the docket for the Chapter 11 Cases, and then it shall be immediately effective and enforceable.

2. The foregoing recitals are hereby incorporated by reference into this Stipulation.

3. Upon entry of this Stipulation, the Debtors shall be authorized to transfer $150,241.70 and R$564,011.19 (total of approximately $262,062.44) to Banco Safra solely in satisfaction of the February, March, and April Banco Safra Installments.

4. Upon receipt of the February, March, and April Banco Safra Installments, the Parties shall be authorized to enter into agreements to effectuate the terms set forth in the foregoing recitals and Banco Safra shall immediately commence Factoring with the Debtors and such Factoring shall constitute an administrative expense claim pursuant to section 503(b)(1) of the Bankruptcy Code.

5. Upon commencement of Factoring on terms set forth herein and as otherwise agreed upon and satisfactory to the Parties, Banco Safra shall thereafter continue Factoring for the agreed period so long as the Debtors continue paying future interest installments, as and when they become due, under the Banco Safra Notes.

6. All Parties' rights, claims, and defenses are reserved except with respect to paragraph 9 herein.

7. The Parties shall not alter or modify this Stipulation except by an instrument in writing executed by all Parties hereto or an order as agreed to by the Parties that this Court may enter on the docket for the Chapter 11 Cases.

8. Nothing herein shall modify the laws governing the Banco Safra Notes or the factoring agreement, nor their amendments, which will be governed by the laws of Brazil.

9. This Stipulation shall be treated as Banco Safra's timely filed proof of claim against GOL Linhas Aéreas S.A. on account of the amounts outstanding under the Banco Safra Notes (the "Secured Claim") and the Trade Payables (the "Unsecured Claim") and the Debtors agree that Banco Safra shall have an allowed claim in the amount of the Secured Claim and the Unsecured Claim.

10. Payments permitted hereunder shall be subject to and in compliance with the Approved Budget (as defined in the Final DIP Order[4]) (subject to permitted variances) and nothing herein shall constitute a waiver by the DIP Lenders (as defined in the Final DIP Order) of any default under the terms of the Final DIP Order or any DIP Documents (as defined in the Final DIP Order); *provided, however*, that nothing in this paragraph shall prohibit or restrict the Debtors from making any payments permitted hereunder, or relieve the Debtors from their obligation to make such payments, to the extent required by or provided for in this Stipulation.

11. The terms of this Stipulation will be reflected in temporary amendments to the Banco Safra Notes, to the extent required by, and in accordance with, Brazilian law, and the Parties will continue to work in good faith to negotiate the terms of definitive replacement notes to be issued to Banco Safra pursuant to any chapter 11 plan proposed by the Debtors, subject to the

---

[4] "Final DIP Order" means the *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B)Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Granting AdequateProtection to the Prepetition Secured Parties, (D) Modifying the Automatic Stay, (E) Authorizing the Debtors toUse Cash Collateral, and (F) Granting Related Relief* [Docket No. 207].

9

provisions of the Bankruptcy Code, including the requisite standards of section 1129, which will be the indubitable equivalent of, and secured by the same collateral as, the Banco Safra Notes, issued and governed by the laws of Brazil.

12. This Stipulation may be executed and delivered (including by facsimile or portable document format transmission) in one or more counterparts, and by the different Parties hereto in separate counterparts, each of which when executed shall be deemed to be an original, but all of which taken together will constitute one and the same agreement.

13. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

14. This Court shall retain exclusive jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Stipulation.

15. None of the Parties admit to any liability of any kind whatsoever by executing this Stipulation and do not waive and expressly reserve all rights available under contract, at equity, or in law. Nothing in this Stipulation shall modify or waive any rights or remedies that Banco Safra has, or any obligations that the Debtors may have, in respect of the Banco Safra Notes or otherwise, and all such rights, remedies, and obligations shall remain in full force and effect.

16. The terms of this Stipulation are immediately binding on the Parties and their parents, subsidiaries, affiliates, successors, agents, and assigns, including any trustee or estate representative hereafter appointed in the Chapter 11 Cases.

[*Remainder of page intentionally left blank.*]

**IT IS SO ORDERED.**

Dated:  May 29, 2024
       New York, New York

                                            **/s/ Martin Glenn**
                                            MARTIN GLENN
                              Chief United States Bankruptcy Judge

Dated: New York, New York
May 17, 2024



By: _____

**GOL LINHAS AÉREAS INTELIGENTES S.A.**
Celso Guimaraes Ferrer Junior
E-mail: cgfjunior@voegol.com.br
Document number: 309.459.748-33



By: _____

**BANCO SAFRA S.A.**
Marcio Calil Assumpção
E-mail: marcio.calil@safra.com.br
Document number: 089.220.088-06



By: _____

**GOL LINHAS AÉREAS INTELIGENTES S.A.**
Mario Tsuwei Liao
E-mail: mtliao@voegol.com.br
Document number: 311.128.678-99



By: _____

**BANCO SAFRA S.A.**
Américo D'Ambrosio Junior
E-mail: americo.dambrosio@safra.com.br
Document number: 053.622.998-83



By: _____

**BANCO SAFRA S.A. – Luxembourg Branch**
Marcio Calil Assumpção
E-mail: marcio.calil@safra.com.br
Document number: 089.220.088-06



By: _____

**BANCO SAFRA S.A. – Luxembourg Branch**
Américo D'Ambrosio Junior
E-mail: americo.dambrosio@safra.com.br
Document number: 053.622.998-83