**Presentment Date and Time: June 18, 2024 at 12:00 p.m. (ET)**
**Objection Deadline: June 17, 2024 at 4:00 p.m. (ET)**

| | |
|---|---|
| Evan R. Fleck | Andrew M. Leblanc |
| Lauren C. Doyle | Erin E. Dexter (admitted *pro hac vice*) |
| Bryan V. Uelk | **MILBANK LLP** |
| **MILBANK LLP** | 1850 K St. NW, Suite 1100 |
| 55 Hudson Yards | Washington, DC 20006 |
| New York, NY 10001 | Telephone: (202) 835-7500 |
| Telephone: (212) 530-5000 | Facsimile: (202) 263-7586 |
| Facsimile: (212) 530-5219 | |

-and-

| | |
|---|---|
| Gregory A. Bray | Kathryn A. Coleman |
| **MILBANK LLP** | Christopher C. Gartman |
| 2029 Century Park East, 33rd Floor | **HUGHES HUBBARD & REED LLP** |
| Los Angeles, CA 90067 | One Battery Park Plaza |
| Telephone: (424) 386-4000 | New York, NY 10004 |
| Facsimile: (213) 629-5063 | Telephone: (212) 837-6000 |
| | Facsimile: (212) 422-4726 |

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
In re:                                                    :    Chapter 11
:
GOL LINHAS AÉREAS INTELIGENTES S.A.,    :    Case No. 24-10118 (MG)
*et al.*,[1]                                              :
:
                    Debtors.              :    (Jointly Administered)
:
-----------------------------------------------------------------x

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

## NOTICE OF PRESENTMENT OF CLARIFYING
## STIPULATION AND ORDER BETWEEN DEBTORS AND
## COUNTERPARTIES CONCERNING ENGINE EXCHANGE PROGRAM

**PLEASE TAKE NOTICE** that the above captioned debtors and debtors-in-possession (the "Debtors") hereby file the *Clarifying Stipulation and Order Between Debtors and Counterparties Concerning Engine Exchange Program* (the "Stipulation").

**PLEASE TAKE FURTHER NOTICE** that the undersigned will present the Stipulation to the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, NY 10004 (the "Court") **on June 18, 2024 at 12:00 p.m. (prevailing Eastern time)** (the "Presentment Date") for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Stipulation shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Final Order Implementing Certain Notice and Case Management Procedures* [Docket No. 175]; (iii) be filed electronically with this Court on the docket of *In re GOL Linhas Aéreas Inteligentes S.A.*, Case No. 24-10118 (MG) by registered users of this Court's electronic filing system (which is available on this Court's website at http://www.nysb.uscourts.gov); and (iv) be served so as to be actually received **June 17, 2024 at 4:00 p.m. (prevailing Eastern time)** (the "Objection Deadline"), by: (a) the Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, NY 10004; (b) the Debtors, c/o GOL Linhas Aéreas Inteligentes S.A., Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Brazil (Attn: Joseph W. Bliley, Chief Restructuring Officer); (c) Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Evan R. Fleck, Esq., Lauren C. Doyle Esq., Bryan V. Uelk Esq., and Gregory A. Bray, Esq.), counsel for the Debtors; (d) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, NY 10004-1408 (Attn: Annie Wells, Esq. and Brian Masumoto, Esq.); (e) the Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (f) the Federal Aviation Administration, 800 Independence Ave., S.W. Washington, DC 20591 (Attn: Office of the Chief Counsel); (g) the U.S. Attorney's Office for the Southern District of New York, One St. Andrew's Plaza, New York, NY 10007; (h) Vedder Price, 1633 Broadway, 31st Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and William W. Thorsness, Esq.); and (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Brett H. Miller, Esq., Todd M. Goren, Esq., Craig A. Damast, Esq., and James H. Burbage, Esq.), counsel for the Official Committee of Unsecured Creditors.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are received by the Objection Deadline with respect to the Stipulation, the Debtors shall, on the Presentment Date, submit the Stipulation to the Court, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the Debtors and the objecting parties of the date and time of the hearing with respect to the Stipulation and of the Debtors' obligation to notify all other parties entitled to receive notice.  The Debtors and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

*[Remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation can be viewed and/or obtained by: (i) accessing the Court's website at http://www.nysb.uscourts.gov, (ii) from the Debtors' claims and noticing agent, Kroll, at https://cases.ra.kroll.com/GOL, or by calling 844.553.2247 (U.S./Canada) (toll free) or +1.646.777.2315 (International) or by e-mail via GOLInfo@ra.kroll.com.  Note that a PACER password is needed to access documents on the Court's website.

Dated:  New York, New York
        June 11, 2024

**MILBANK LLP**

*/s/ Evan R. Fleck*_____
Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

-and-

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

4

Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St. NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | **:** | Chapter 11 |
| | **:** | |
| GOL LINHAS AÉREAS INTELIGENTES S.A., *et al.*,[1] | **:** | Case No. 24-10118 (MG) |
| | **:** | |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |

------------------------------------------------------------x

### CLARIFYING STIPULATION AND ORDER BETWEEN DEBTORS AND COUNTERPARTIES CONCERNING ENGINE EXCHANGE PROGRAM

This Stipulation (including **Exhibit A** hereto, collectively, this "Stipulation") is entered

into on the date hereof by and among the debtors in the above-captioned case (the "Debtors") and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

each of the parties set forth in **Exhibit A** hereto (the "Counterparties", and the Counterparties together with the Debtors, the "Parties").

## Recitals

A.      On January 25, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 in the United States Bankruptcy Court for the Southern District of New York (the "Court") commencing these cases under Chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

B.      On May 10, 2024, the Court so-ordered the *Stipulation and Order Between Debtors and Counterparties Concerning Certain Equipment* [Docket No. 591] (together with the exhibits thereto, the "Carlyle Stipulation"), as approved by the Court pursuant to the *Order Authorizing Entry into Stipulation* [Docket No. 590], entered on May 10, 2024 (the "Carlyle Stipulation Approval Order").

C.      Pursuant to the Carlyle Stipulation, and as approved pursuant to the Carlyle Stipulation Approval Order, Lessor and Lessee (each as defined in the Carlyle Stipulation) agreed to implement an engine exchange program as further detailed in the Carlyle Stipulation (the "Engine Exchange Program"), whereby (i) the engines bearing manufacturer's serial numbers 658111, 804997, 960237, 960240, 960270, 960271, 962890, 962987 and 962923 (together, and as may be modified by mutual agreement, the "Exchange Engines") leased pursuant to the Leases (as defined in the Carlyle Stipulation) will be sold to, and permanently replaced on lease with, serviceable engines sourced from an identified third-party (the "Replacement Engine Supplier") on the terms and conditions set forth in the Carlyle Stipulation and the Engine Exchange Program

6

and (ii) two (2) additional engines, bearing manufacturer's serial numbers 960200 and 804470, each leased pursuant to the Leases (as defined in the Carlyle Stipulation), will be transferred to Lessee.

D.    On May 23, 2024, the Court so-ordered the *Stipulation and Order Between Debtors and Counterparties Concerning Certain Equipment* [Docket No. 638] (together with the exhibits thereto, the "FTAI Stipulation"), as approved by the Court pursuant to the *Order Authorizing Entry into Stipulation* [Docket No. 637], entered on May 23, 2024 (the "FTAI Stipulation Approval Oder").

E.    The FTAI Stipulation provides for, among other things, the amendment and assumption of a master Lease (as defined in the FTAI Stipulation, hereinafter the "FTAI Lease") relating to the Equipment (as defined in the FTAI Stipulation, collectively, the "Pre-Petition FTAI Engines"), including with respect to certain Equipment which the Parties agree shall be subject to the Engine Exchange Program.

F.    This Stipulation implements the provisions relating to the Engine Exchange Program in the Carlyle Stipulation and shall not modify or amend such Carlyle Stipulation. FTAI will provide the Replacement Engines (as defined below) and, following the redelivery of the Exchange Engines (as defined below) to Carlyle, shall concurrently accept and (if applicable) lease such Exchange Engines to the Debtors in accordance with the temporary lease arrangement entered into with respect to such Exchange Engine (each, a "Temporary Lease") pursuant to the terms of this Stipulation and, in connection therewith, the FTAI Stipulation is being amended as set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the Parties, intending to be legally bound, stipulate and agree as follows:

1.    The Parties understand, acknowledge and agree that (i) FTAI Aviation Ltd. (collectively with its direct and indirect affiliates, including the Lessor and Owner Participant as defined in the FTAI Stipulation, "FTAI") shall (x) be the Replacement Engine Supplier, (y) provide the Replacement Engines (as defined below), which Replacement Engines include certain of the Pre-Petition FTAI Engines, and (z) accept redelivery of the Exchange Engines (if applicable) in accordance with the Temporary Lease with respect to such Exchange Engine, (ii) the equipment schedules to the FTAI Lease (including, for the avoidance of doubt, the equipment schedules with respect to the applicable Replacement Engines modified pursuant to the FTAI Stipulation) and the other related agreements with respect to the Replacement Engines shall be terminated in connection with the Engine Exchange Program and of no further force and effect, (iii) the FTAI Lease with respect to the Pre-Petition FTAI Engines (except the Replacement Engines and the engine bearing manufacturer's serial number 960989) shall be assumed in accordance with the terms of the FTAI Stipulation (and the FTAI Stipulation will be deemed amended to effect the terms of this Clause), and (iv) each Temporary Lease shall be terminated upon redelivery thereof to FTAI in accordance with the Temporary Lease with respect to such Exchange Engine and this Stipulation, and the Counterparties may assert only a prepetition, general unsecured claim in respect of any obligation of the Debtors that survives the termination of such Temporary Lease, and the Debtors reserve all rights and defenses with respect to any such claim.

2.    The Replacement Engine Supplier is and shall be FTAI with respect to (i) the ten (10) Pre-Petition FTAI Engines bearing manufacturer's serial numbers 862530, 892593, 862522,

893899, 889632, 889241, 890146, 874470, 892478, and 876438 as set forth in Appendix 1 to Exhibit B to the FTAI Stipulation and (ii) one (1) additional engine bearing manufacturer's serial number 890660 that is not subject to the FTAI Lease (together, and as may be modified by mutual agreement, the "Replacement Engines"). The Debtors, the Counterparties, and the Replacement Engine Supplier are authorized and directed to (a) implement the Engine Exchange Program with respect to the Exchange Engines and the Replacement Engines as set forth in the Carlyle Stipulation and Carlyle Stipulation Approval Order and (b) execute and deliver all documentation reasonably necessary to implement and effectuate the terms and conditions of this Stipulation, the FTAI Stipulation and the Engine Exchange Program (including, but not limited to, executing and delivering lease terminations with respect to the Replacement Engines and redelivery certificates with respect to the Exchange Engines).

3.      Notwithstanding anything to the contrary in the FTAI Stipulation or FTAI Stipulation Approval Order, the Lessee (as defined in the FTAI Stipulation) shall not assume (i) the FTAI Lease solely with respect to the Replacement Engines, (ii) any Temporary Lease entered into with FTAI in respect of the Exchange Engines, or (iii) the other lease schedules and agreements related to the Replacement Engines or Exchange Engines, as applicable, and, in each case of the foregoing, the applicable agreements relating to a Replacement Engine or an Exchange Engine, as applicable, shall be deemed terminated and of no further force and effect as of the date such Replacement Engine or Exchange Engine is redelivered to the applicable Counterparty. FTAI shall have no claim against the Debtors arising out of or relating to the transactions set forth in this paragraph 3; provided, however, that FTAI reserves the right to assert claims against the Debtors based upon any breach by the Debtors of any Temporary Lease, and the Debtors reserve all rights and defenses with respect to any such claim.

4.      This Stipulation implements the Engine Exchange Program set forth in the Carlyle Stipulation and in no manner alters, amends or modifies the Carlyle Stipulation. Subject to this Stipulation and the Engine Exchange Program, FTAI is to provide the Replacement Engines and to accept the Exchange Engines pursuant to this Stipulation, the FTAI Stipulation and any Temporary Lease, and the FTAI Stipulation is modified as provided herein. Other than as provided herein, the FTAI Stipulation shall remain in full force and effect.

5.      This Stipulation may be executed in one or more counterparts, by facsimile, electronic transmission or otherwise, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

6.      This Stipulation shall be effective upon signature of the Parties hereto. The Court shall retain jurisdiction for purposes of resolving any issues arising out of or relating to this Stipulation.

**SO ORDERED**

Dated: _____, 2024     _____
          New York, New York                    THE HONORABLE MARTIN GLENN
                                                CHIEF UNITED STATES BANKRUPTCY JUDGE

June 11, 2024

**STIPULATED AND AGREED TO BY:**

                             **MILBANK LLP**

                             */s/ Evan R. Fleck*
                             Evan R. Fleck
                             Lauren C. Doyle
                             Bryan V. Uelk
                             **MILBANK LLP**
                             55 Hudson Yards
                             New York, NY 10001
                             Telephone:  (212) 530-5000
                             Facsimile:  (212) 530-5219

                             -and-

                             Andrew M. Leblanc
                             Erin E. Dexter (admitted *pro hac vice*)
                             **MILBANK LLP**
                             1850 K St NW, Suite 1100
                             Washington, DC 20006
                             Telephone: (202) 835-7500
                             Facsimile: (202) 263-7586

                             -and-

                             Gregory A. Bray
                             **MILBANK LLP**
                             2029 Century Park East
                             33rd Floor
                             Los Angeles, CA 90067
                             Telephone: (424) 386-4000
                             Facsimile: (213) 629-5063

                             -and-

                             Kathryn A. Coleman
                             Christopher C. Gartman
                             **HUGHES HUBBARD & REED LLP**
                             One Battery Park Plaza
                             New York, NY 10004
                             Telephone: (212) 837-6000
                             Facsimile: (212) 422-4726

                             *Counsel for Debtors and Debtors-in-Possession*

VEDDER PRICE P.C., ON BEHALF OF UMB
BANK, N.A., NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS OWNER
TRUSTEE (AS LESSOR IN RESPECT OF ALL
OF THE PRE-PETITION FTAI ENGINES),
WWTAI AIROPCO II DAC (AS OWNER
PARTICIPANT IN RESPECT OF ALL OF THE
PRE-PETITION FTAI ENGINES) AND FTAI (IN
RESPECT OF ALL OF THE REPLACEMENT
ENGINES AND EXCHANGE ENGINES)

By: _/s/ *William W. Thorsness*_____
*Special Counsel for UMB Bank, N.A., not in its*
*individual capacity but solely as Owner Trustee, (as*
*Lessor in respect of all of the FTAI Engines) and*
*counsel for WWTAI AirOpCo II DAC (as owner*
*participant in respect of all of the FTAI Engines)*
*and FTAI (in respect of all of the Replacement*
*Engines)*

# EXHIBIT A

**Counterparties**

1. UMB Bank, N.A., not in its individual capacity but solely as owner trustee for the benefit of the Owner Participant with respect to the FTAI Engines

2. WWTAI AirOpCo II DAC, as owner participant with respect to the FTAI Engines

3. FTAI, as Replacement Engine Provider