**Hearing Date and Time: September 25, 2024 at 10:00 AM (ET)**
**Objection Deadline: September 17, 2024 at 4:00 PM (ET)**

Evan R. Fleck                           Andrew M. Leblanc
Lauren C. Doyle                         Erin E. Dexter (admitted *pro hac vice*)
Bryan V. Uelk                           **MILBANK LLP**
**MILBANK LLP**                         1850 K St. NW, Suite 1100
55 Hudson Yards                         Washington, DC 20006
New York, NY 10001                      Telephone: (202) 835-7500
Telephone: (212) 530-5000               Facsimile: (202) 263-7586
Facsimile: (212) 530-5219

-and-

Gregory A. Bray                         Kathryn A. Coleman
**MILBANK LLP**                         Christopher C. Gartman
2029 Century Park East, 33rd Floor      **HUGHES HUBBARD & REED LLP**
Los Angeles, CA 90067                   One Battery Park Plaza
Telephone: (424) 386-4000               New York, NY 10004
Facsimile: (213) 629-5063               Telephone: (212) 837-6000
                                        Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
GOL LINHAS AÉREAS INTELIGENTES S.A.,      :   Case No. 24-10118 (MG)
et al.,[1]                                :
                                          :
                          Debtors.        :   (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

## NOTICE OF DEBTORS' MOTION
## FOR ENTRY OF AN ORDER AUTHORIZING THEM TO
## REJECT CERTAIN AIRCRAFT LEASES AND RELATED AGREEMENTS

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") will be held **on September 25, 2024 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004 to consider *Debtors' Motion for Entry of an Order Authorizing Them to Reject Certain Aircraft Leases and Related Agreements* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will take place in a hybrid fashion both in person and via Zoom for Government. Those wishing to participate in the Hearing in person may appear before the Court in Courtroom No. 523, located at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004. For those wishing to participate remotely, the Hearing will be conducted using Zoom for Government. Parties wishing to appear at the Hearing, whether in person or via Zoom for Government, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances no later than 4:00 p.m. (prevailing Eastern time) on September 24, 2024.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the relief requested in the Motion shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Final Order Implementing Certain Notice and Case Management Procedures* [Docket No. 175]; (iii) be filed electronically with this Court on the docket of *In re GOL Linhas Aéreas Inteligentes S.A.*, Case No. 24-10118 (MG) by registered users of this Court's electronic filing system (which is available on this Court's website at http://www.nysb.uscourts.gov); and (iv) be served so as to be actually received by **September 17, 2024 at 4:00 p.m. (prevailing Eastern time)**, by: (a) the Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (b) the Debtors, c/o GOL Linhas Aéreas Inteligentes S.A., Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Brazil (Attn: Joseph W. Bliley, Chief Restructuring Officer); (c) Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Evan R. Fleck, Esq., Lauren C. Doyle, Esq., and Bryan V. Uelk, Esq.), counsel for the Debtors; (d) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, NY 10004-1408 (Attn: Annie Wells, Esq. and Brian Masumoto, Esq.); (e) the Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (f) the Federal Aviation Administration, 800 Independence Ave., S.W. Washington, DC 20591 (Attn: Office of the Chief Counsel); (g) the U.S. Attorney's Office for the Southern District of New York, One St. Andrew's Plaza, New York, NY 10007; and (h) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Brett H. Miller, Esq., Todd M. Goren, Esq., Craig A. Damast, Esq., and James H. Burbage, Esq.), counsel for the Official Committee of Unsecured Creditors.

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected.  You should read the Motion carefully and discuss the relief requested with your attorney, if you have one in connection with the chapter 11 cases.  (If you do not have an attorney, you may wish to consult with one.)

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your view on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter orders granting the relief requested in the Motion with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

*[Remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at http://www.nysb.uscourts.gov, (ii) from the Debtors' claims and noticing agent, Kroll, at https://cases.ra.kroll.com/GOL, or by calling 844.553.2247 (U.S./Canada) (toll free) or +1.646.777.2315 (International) or by e-mail via GOLInfo@ra.kroll.com.  Note that a PACER password is needed to access documents on the Court's website.

Dated:  New York, New York
September 9, 2024

**MILBANK LLP**

/s/ Evan R. Fleck
Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

-and-

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

**Hearing Date and Time: September 25, 2024 at 10:00 AM (ET)**
**Objection Deadline: September 17, 2024 at 4:00 PM (ET)**

Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St. NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re:                                   :   Chapter 11
                                         :
GOL LINHAS AÉREAS INTELIGENTES S.A.,     :   Case No. 24-10118 (MG)
et al.,[1]                               :
                                         :
                    Debtors.             :   (Jointly Administered)
                                         :
------------------------------------------------------------x
```

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES
AND LEASES IN <u>SCHEDULE 1</u> TO THE ORDER ATTACHED HERETO**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

**DEBTORS' MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THEM TO
REJECT CERTAIN AIRCRAFT LEASES AND RELATED AGREEMENTS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")
respectfully state as follows in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as
**Exhibit A** (the "Order"), authorizing them to reject the Leases, Common Terms Agreement, and
Settlement Agreement relating to the Returned Aircraft (each as defined below) effective as of the
applicable date (the "Rejection Date") set forth in Schedule 1 to the Order (the
"Rejection Schedule").

2.      In support of this Motion, the Debtors submit the *Declaration of Gregory S. Ethier
in Support of Debtors' Motion for Entry of an Order Authorizing Them to Reject Certain Aircraft
Leases and Related Agreements* (the "Ethier Declaration"), attached hereto as **Exhibit B**.

**JURISDICTION**

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and
1334 and *Amended Standing Order of Reference from the United States District Court for the
Southern District of New York*, dated January 31, 2012.

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105(a) and 365(a) of title 11
of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and rule
6006 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules").

## STATUS OF THE CASES

7.      On January 25, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

8.      The Debtors continue to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases (the "Chapter 11 Cases") are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order (i) Directing Joint Administration of Chapter 11 Cases and (ii) Granting Related Relief* [Docket No. 58].  On February 9, 2024, the U.S. Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").  *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 114].  On February 13, 2024, the U.S. Trustee filed a notice amending the composition of the Committee.  *See Am. Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 134].  No trustee or examiner has been appointed in these cases.

9.      Further information regarding the Debtors' business, capital structure, and the facts and circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Joseph W. Bliley in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 11].

## BACKGROUND RELEVANT TO THE MOTION

10.     On June 21, 2006, GOL Linhas Aéreas S.A. ("Lessee") entered into (i) that certain Aircraft Lease Agreement with Genesis Funding Sweden 1 AB ("GFS") with respect to one Boeing model 737-800 aircraft bearing manufacturer's serial number 34474 (the "MSN 34474 Lease") and (ii) that certain Aircraft Lease Agreement with GFS in respect of one Boeing 737-800 aircraft bearing manufacturer's serial number 34475 (the "MSN 34475 Lease"). *See* Ethier Decl. ¶ 5.

11.    On June 6, 2008, Lessee entered into that certain Aircraft Lease Agreement with Genesis Funding Norway 1 AS ("GFN" and, together with GFS, the "Lessors") with respect to one Boeing model 737-700 aircraft bearing manufacturer's serial number 29905 (the "MSN 29905 Lease" and, together with the MSN 34474 Lease and MSN 34475 Lease, the "Leases"), which incorporates the terms of the Common Terms Agreement (as defined below). *See id.* ¶ 6.

12.    On June 6, 2008, Lessee entered into that certain Common Terms Agreement with Genesis Funding Limited (the "Common Terms Agreement"), which governs certain common terms and conditions with respect to the MSN 29905 Lease. *See id.* ¶ 7.

13.    In the first half of 2023, the Debtors determined that the aircraft and related equipment subject to the Leases (collectively, the "Returned Aircraft") were not necessary to the Debtors' continued operations. *See id.* ¶ 8. Accordingly, on June 1, 2023, the Lessee entered into a settlement agreement with the Lessors (the "Settlement Agreement") to, among other things, modify the terms of certain rent, supplemental rent redelivery adjustment payments, and agreed to redelivery condition buyouts contemplated under the Leases with respect to the Returned Aircraft.[2] *See id*. Between June and October 2023, the Debtors redelivered each of the Returned Aircraft to the Lessors. *See* Rejection Schedule. Upon redelivery, each of the Leases governing each Returned Aircraft expired. *See* Ethier Decl. ¶ 9. As redelivery occurred well before the Petition Date, the Debtors have not had use or possession of the Returned Aircraft during these Chapter 11 Cases. *See id*.

---

[2]    The Settlement Agreement contemplates, among other things, that certain obligations of Lessee to Lessors would be partially satisfied with that certain secured Series B Notes issued by GOL Finance (Luxembourg), and guaranteed by Lessee and GOL Linhas Aéreas Inteligentes S.A., to Lessors, by no later than June 8, 2023. The rights and remedies of all parties are reserved in connection therewith.

14.     As set forth in the Ethier Declaration, the Leases, Common Terms Agreement, and Settlement Agreement related to the Returned Aircraft do not provide value to the Debtors and impose unnecessary costs on their estates. *See id.* ¶ 10.  Although the Debtors are no longer in possession of the Returned Aircraft and the expiration date under the Leases occurred prepetition, there may be certain obligations outstanding that survive expiration of the Leases, including obligations incorporated into the MSN 29905 Lease through the Common Terms Agreement. *See id.*  Accordingly, the Debtors are seeking authorization to reject the Leases related to the Returned Aircraft out of an abundance of caution, only to the extent the Leases are found to be unexpired.

15.     The Debtors are also seeking to reject the Common Terms Agreement, as the Returned Aircraft have been redelivered to the Lessors and the MSN 29905 Lease related to the applicable Returned Aircraft is the only remaining lease subject to the Common Terms Agreement. *See id.* ¶ 11.  In addition, the Debtors are seeking to reject the Settlement Agreement, as such agreement does not provide any value to the Debtors and remains a burden on their estates.  *See id.* ¶ 10.  The rejection of the Common Terms Agreement and Settlement Agreement is only to the extent that such agreements are found to be executory.

16.     Notwithstanding the fact that the Returned Aircraft were returned prior to the Petition Date, the Debtors are seeking to reject the Leases, Settlement Agreement, and Common Terms Agreement to the extent permitted by the Bankruptcy Code out of an abundance of caution.

17.     Rejecting the Leases, Common Terms Agreement, and Settlement Agreement is in the best interests of the Debtors' estates, as there is no business case to continue the Leases, Common Terms Agreement, or Settlement Agreement.  *See id.* ¶ 13.

18.     To the extent that the Leases, Common Terms Agreement, and/or Settlement Agreement are found to be non-executory or expired, as applicable, any remaining obligations that may be owning under such agreements should be treated as general unsecured claims against the Debtors' estates.

## BASIS FOR RELIEF

**A.     Rejection of the Leases, Common Terms Agreement, and Settlement Agreement for the Returned Aircraft Constitutes Sound Exercise of the Debtors' Business Judgment.**

19.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts [or unexpired leases] is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *see also In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (citing *Orion Pictures*, 4 F.3d at 1098). "The ability to reject provides the trustee or debtor-in-possession with the means to relieve the estate of the duty to perform on burdensome obligations at the expense of all of the estate's other creditors, and to avoid the incurrence of additional administrative expenses which lack a corresponding benefit to the estate." *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51–52 (Bankr. S.D.N.Y. 2004).

20.     Courts apply the business judgment standard to determine whether the rejection of an unexpired lease or executory contract should be authorized. *See Old Carco Motors LLC v. Suthers (In re Old Carco LLC)*, 470 B.R. 688, 703–04 (S.D.N.Y. 2012) (stating that the business judgment standard "applies when a Bankruptcy Court approves a debtor's assumption or rejection of a contract"); *Republic Airways*, 547 B.R. at 582 (stating that the business judgment standard

applies for assumptions and rejections); *In re Delta Air Lines, Inc.*, 359 B.R. 468, 476 (Bankr. S.D.N.Y. 2006) ("By case law, the standard for deciding a motion to reject an executory contract under Section 365(a) is the business judgment rule . . . ."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith, whim, or caprice. *See, e.g.*, *Westbury Real Est. Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996).

21.     Moreover, courts generally do not overlook a debtor's sound business judgment concerning the rejection of executory contracts and unexpired leases. *See e.g.*, *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *Delta*, 359 B.R. at 476 (stating that the business judgment rule "basically means that if [rejection] makes sense for the debtor in the judgment of management, the motion to reject will be granted"); *In re Balco Equities Ltd.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("A court 'should defer to a debtor's decision that rejection of a contract would be advantageous unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim.'" (citation omitted)).

22.     Sound business judgment generally requires rejection where an executory contract or an unexpired lease is burdensome to the debtor's estate and the rejection would relieve the estate of such burden. *See, e.g.*, *Orion Pictures*, 4 F.3d at 1098–99; *In re Stable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). Additionally, courts in this District have often authorized airline debtors to reject burdensome aircraft and engine leases. *See, e.g.*, *In re SAS AB*, No. 22-10925 (MEW) (Bankr. S.D.N.Y.) [ECF Nos. 372, 812, 860, 871] (orders authorizing the rejection of multiple aircraft leases and the implementation of lease rejection and return procedures); *In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y.) [ECF Nos. 177, 210, 1751, 1937] (orders authorizing the rejection of aircraft and engine leases and the implementation

of rejection and return procedures); *In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y.) [ECF Nos. 274, 295, 391] (orders authorizing the rejection of aircraft and engine leases and the implementation of rejection and return procedures); *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. June 11, 2020) [ECF No. 277] (order authorizing the rejection of certain aircraft leases); *In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y. Dec. 23, 2011) [ECF No. 454] (order authorizing the rejection of certain aircraft and engine leases).

23.     As set forth above and in the Ethier Declaration, the Debtors determined before the Petition Date that the Returned Aircraft were not necessary for the continued operations of the Debtors' business.  *See* Ethier Decl. ¶ 8.  As such, the Returned Aircraft were redelivered to the applicable Lessors well before these Chapter 11 Cases were filed; the Debtors derive no further benefit from the Returned Aircraft.  *See id*. ¶ 9–10.  Nor do the agreements related to the Returned Aircraft provide value to the estates.  *See id*. ¶ 10.  The Common Terms Agreement and the Settlement Agreement relate only to the applicable Leases of the Returned Aircraft and do not apply to any other existing leases of the Debtors.  *See id*. ¶ 8, 11.  These agreements impose unnecessary costs on the Debtors' estates without providing any corresponding value. *See id.* ¶ 10.

24.     Although the Leases expired upon the Debtors' delivery of the Returned Aircraft to the Lessors prior to the Petition Date, certain obligations may remain outstanding under the Leases, including obligations under the terms incorporated into the MSN 29905 Lease through the Common Terms Agreement.[3]  *See id*.

---

[3]     The Debtors reserve all rights with respect to whether the Leases, Common Terms Agreement, and/or Settlement Agreement constitute an integrated agreement, but submit that to the extent these agreements are executory or unexpired, as applicable, it is in the best interests of the estates to reject these agreements.

25.    Accordingly, rejection of the Leases, Common Terms Agreement, and Settlement Agreement represents a proper exercise of the Debtors' business judgment and is in the best interests of its estates.  *See id.* ¶ 13.

**B.    Retroactive Relief with Respect to the Returned Aircraft Is Appropriate Under the Circumstances.**

26.    The Debtors seek the rejection of the Leases, Common Terms Agreement, and Settlement Agreement to be effective retroactively as of September 9, 2024.

27.    Bankruptcy courts may authorize retroactive rejections at their discretion, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code.  *See, e.g.*, *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (citing *In re Jamesway Corp.*, 179 B.R. 33, 39 (S.D.N.Y. 1995)) ("In the section 365 context, . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *Stonebriar Mall Ltd. v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (Bankr. D. Colo. 2003) (holding that "because section 365 does not, as a matter of law, prohibit selection of a retroactive date for rejection, the bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

28.    In this instance, the balance of equities strongly favors the relief requested herein. The Debtors redelivered the Returned Aircraft to the applicable Lessors well before the Petition Date in accordance with the terms of the Leases and Settlement Agreement.  *See* Ethier Decl. ¶ 9. Without a retroactive date of rejection, the Debtors could be forced to incur costs under the Leases, Common Terms Agreement, and Settlement Agreement that provide no benefit to the Debtors' estates, as the Debtors are no longer in possession of the Returned Aircraft.  *See id*. ¶ 12.  Such an outcome would be unfair and prejudicial to the Debtors' other creditors.

29.    Courts in this jurisdiction have granted the type of retroactive relief requested herein. *See, e.g.*, *In re SAS AB*, No. 22-10925 (MEW) (Bankr. S.D.N.Y. Jan. 18, 2023) [ECF No. 812] (order authorizing the rejection of aircraft leases retroactive to the filing date of the motion); *In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. July 23, 2020) [ECF No. 177] (order authorizing the rejection of aircraft leases *nunc pro tunc* to specific dates established by the debtors); *In re Avianca Holdings S.A.*, No-20-11133 (MG) (Bankr. S.D.N.Y. June 11, 2020) [ECF No. 277] (order authorizing the rejection of aircraft leases *nunc pro tunc* to the petition date); *In re Republic Airways Holdings*, No. 16-10429 (SHL) (Bankr. S.D.N.Y.) [ECF Nos. 215, 370, 565] (orders authorizing the retroactive rejection of aircraft leases).

## RESERVATION OF RIGHTS

30.    Nothing contained herein is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's right to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

## NOTICE

31.    Notice of this Motion has been provided in accordance with the procedures set forth in the *Final Order Implementing Certain Notice and Case Management Procedures* [Docket No. 175]. The Debtors respectfully submit that no further notice is required.

## NO PRIOR REQUEST

32.    No prior request for the relief sought in this Motion has been made to this or to any other court.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Order granting the relief

requested herein and granting such other relief as is just and proper.

Dated:  New York, New York          **MILBANK LLP**
        September 9, 2024

*/s/ Evan R. Fleck*
Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

-and-

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

## EXHIBIT A

**Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
GOL LINHAS AÉREAS INTELIGENTES S.A.,                           :    Case No. 24-10118 (MG)
*et al.*,[1]                                                   :
                                                               :    (Jointly Administered)
                                             Debtors.          :
                                                               :
---------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTORS TO REJECT
### CERTAIN AIRCRAFT LEASES AND RELATED AGREEMENTS

Upon consideration of the motion (the "Motion")[2] of the above-captioned Debtors, seeking

entry of an Order pursuant to sections 105(a) and 365 of the Bankruptcy Code authorizing the

Debtors to reject the Leases, Common Terms Agreement, and Settlement Agreement relating to

the Returned Aircraft identified in the Rejection Schedule effective as of the applicable Rejection

Date set forth in the Rejection Schedule, all as described more fully in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31,

2012 (Preska, C.J.); and it appearing that venue of these Chapter 11 Cases and the Motion in this

District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a

core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice

of the Motion has been given and that no other or further notice is necessary under the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

circumstances; and upon the Motion and the Ethier Declaration; and upon the statements of

counsel in support of the relief requested in the Motion at the hearing before the Court; and all of

the proceedings had before the Court; and this Court having determined that the relief requested

in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-

in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED and approved in all respects.

2.      Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, and

subject to the terms of this Order, the Leases, Common Terms Agreement, and Settlement

Agreement identified on **Schedule 1** to this Order (the "Rejection Schedule") are hereby rejected,

effective as of the Rejection Date set forth in the Rejection Schedule.

3.      In accordance with the *Order (i) Establishing Bar Dates for Filing Proofs of Claim;*

*(ii) Approving Proof of Claim Forms, Bar Date Notices, and Mailing and Publication Procedures;*

*(iii) Implementing Procedures Regarding 503(B)(9) Claims and Administrative Claims; and*

*(iv) Granting Related Relief* [ECF No. 447], any claims arising out of the rejection of the Leases,

Common Terms Agreement, and Settlement Agreement must be filed by the date that is thirty days

following entry of this Order.

4.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing

herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any

claim held by, any party.

5.      The Debtors are authorized and empowered to take all actions necessary to

implement the relief requested in this Order.

6.      This Court shall retain jurisdiction with respect to any matters, claims, rights, or

disputes arising from or related to the implementation of this Order.


Dated: _____, 2024        _____
        New York, New York              THE HONORABLE MARTIN GLENN
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE

## **<u>EXHIBIT B</u>**

**Ethier Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                     :

In re:                            :     Chapter 11
                                     :

GOL LINHAS AÉREAS INTELIGENTES S.A., :     Case No. 24-10118 (MG)
*et al.*,[1]                           :
                                     :

                   Debtors.      :     (Jointly Administered)
                                     :
------------------------------------------------------------------x

### DECLARATION OF GREGORY S. ETHIER IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THEM TO REJECT CERTAIN AIRCRAFT LEASES AND RELATED AGREEMENTS

I, Gregory S. Ethier, make this declaration under 28 U.S.C. § 1746:

1.      I am a Managing Director and Partner at Seabury International Corporate Finance LLC ("Seabury").  I joined Seabury's principal advisory practice in 2020.  I have over twenty-five years of corporate and advisory experience covering aircraft finance, fleet planning, cash management, business planning, and crisis management.  At Seabury, I have advised numerous airline clients on a variety of projects, including business planning/valuation, corporate finance, fleet financing, and airline restructuring in general.  I have been involved in over fifteen airline restructurings (in court and out of court proceedings), including the following chapter 11 cases: SAS AB, Aerovías de México, S.A. de C.V. (operating as Aeroméxico), Northwest Airlines Corp., US Airways (1 and 2), Air Canada (CCAA), Gemini Air Cargo, Frontier Airlines, and Kitty Hawk

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

Aircargo.  In addition, I have been a leader in airline restructuring cases around the world, including Kenya Airways PLC and Azul S.A.

2.      The Debtors engaged Seabury as their principal restructuring advisor, as co-lead investment banker, and financial advisor to Milbank LLP, as counsel to the Debtors, with respect to a comprehensive restructuring of the Debtors' general financial obligations.  I lead the Seabury team in providing fleet restructuring strategy and advice to the Debtors, including analysis of the Debtors' fleet financing arrangements and current market conditions, lender/lessor negotiating strategies, and fleet planning.

3.      I submit this declaration (the "Declaration") in support of the *Debtors' Motion for Entry of an Order Authorizing Them to Reject Certain Aircraft Leases and Related Agreements* (the "Motion"),[2] which was filed with the Court concurrently herewith.  I am not being specifically compensated for this testimony other than through payments received by Seabury as a professional retained by the Debtors.  I am over the age of eighteen and authorized to submit this Declaration on behalf of the Debtors.

4.      Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge of the Debtors' operations and finances gained throughout Seabury's engagement by the Debtors, my discussions with the Debtors' senior management, other members of the Seabury team, and the Debtors' other advisors, my review of relevant documents, and my opinion based upon my experience.  If called to testify, I would testify to each of the facts set forth herein based on such personal knowledge, discussions, review of documents, or my opinions based upon my related professional experience.

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

5.      On June 21, 2006, Lessee entered into the MSN 34474 Lease and the MSN 34475 Lease.

6.      On June 6, 2008, Lessee entered into the MSN 29905 Lease, which incorporates the terms of the Common Terms Agreement.

7.      On June 6, 2008, Lessee entered into the Common Terms Agreement, which governs certain common terms and conditions with respect to the MSN 29905 Lease.

8.      I understand that in the first half of 2023, the Debtors determined that the Returned Aircraft were not necessary to the Debtors' continued operations.  Accordingly, on June 1, 2023, Lessee entered into the Settlement Agreement to, among other things, modify the terms of certain rent, supplemental rent redelivery adjustment payments, and agreed to redelivery condition buyouts contemplated under the Leases with respect to the Returned Aircraft.  The Settlement Agreement relates only to the Leases with respect to the Returned Aircraft and no other aircraft leases of the Debtors.

9.      The Debtors redelivered the Returned Aircraft to the Lessors on the dates specified in the Rejection Schedule, and the expiration date under the Leases occurred before the commencement of these Chapter 11 Cases.  The Debtors have not had use or possession of the Returned Aircraft during these Chapter 11 Cases.

10.     I believe that the Leases, Common Terms Agreement, and Settlement Agreement related to the Returned Aircraft do not provide value to the Debtors.  Although the Debtors are no longer in possession of the Returned Aircraft and the expiration date under the Leases occurred prior to the Petition Date, there may be certain obligations outstanding that survive expiration of the Leases, including obligations incorporated into the MSN 29905 Lease through the Common Terms Agreement.

11.      I understand that the Returned Aircraft have been redelivered to the Lessors and the MSN 29905 Lease related to the Returned Aircraft is the only remaining lease subject to the Common Terms Agreement.

12.      Without a retroactive date of rejection, I believe there is risk that the Debtors could be forced to incur unnecessary costs under the Leases, Common Terms Agreement, and Settlement Agreement for the Returned Aircraft, which provide no benefit to the Debtors' estates, as the Debtors are no longer in possession of the Returned Aircraft.

13.      In my opinion, the rejection of the Leases, Common Terms Agreement, and Settlement Agreement for the Returned Aircraft is in the best interests of the Debtors' estates, as there is no business case to continue the Leases, Common Terms Agreement, or Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 9, 2024                     /s/ *Gregory S. Ethier*
                                                                     Gregory S. Ethier
                                                                     Managing Director and Partner
                                                                     Seabury International Corporate Finance LLC

## SCHEDULE 1

### Rejection Schedule[1]

#### *Leases*

| Agreement | Lessee | Lessor / Notice Parties | Aircraft Mfr., Model, Serial No. (MSN) | Registration No. | Engine Mfr., Model, Serial Nos. (ESN) | Location of Airframe and Engines | Rejection Date / Date Available for Retrieval |
|---|---|---|---|---|---|---|---|
| Aircraft Lease Agreement, dated June 6, 2008. | GOL Linhas Aéreas S.A. | Lessor: **Genesis Funding Norway 1 AS** <br><br> Genesis Funding Norway 1 AB c/o Advokatfirman Vinge Box 1703, Smalandsgatan 20 111 87 Stockholm Sweden Attn: Facsimile: Contract Manager + 46 8 614 3190 <br><br> With a copy to: <br><br> GENESIS AIRCRAFT SERVICES LIMITED Email: mhegarty@genesis.aero Tel: +353 1 525 0287 Mob: +353 87 940 2719 | Boeing model 737-700 <br><br> MSN 29905 | PR-VBU | CFM56-7B22 <br><br> ESN 874911 and 875915 | Redelivered October 16, 2023 | September 9, 2024 |
| Aircraft Lease Agreement, dated June 21, 2006. | GOL Linhas Aéreas S.A. | Lessor: **Genesis Funding Sweden 1 AB** <br><br> Genesis Funding Sweden I AB c/o Advokatfirman Vinge Box 1703, Smalandsgatan 20 111 87 Stockholm Sweden Attn: Facsimile: | Boeing model 737-800 <br><br> MSN 34474 | PR-GTA | CFM56-7B27/B1 <br><br> ESN 892643 and 892650 | Redelivered June 1, 2023 | September 9, 2024 |

---

[1]   For the avoidance of doubt, the Leases, Common Terms Agreement, and Settlement Agreement listed on this Rejection Schedule include any amendments, modifications, or supplements thereto.  The inclusion of the Leases, Common Terms Agreement, and Settlement Agreement on the Rejection Schedule does not constitute an admission as to the executory or non-executory or unexpired or expired nature of such agreements, as applicable, or as to the existence or validity of any claims held by the counterparty or counterparties to such agreements and the Debtors reserve all rights and remedies in connection therewith.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | Contract Manager<br>+ 46 8 614 3190<br><br>With a copy to:<br><br>GENESIS AIRCRAFT SERVICES LIMITED<br>Email: mhegarty@genesis.aero<br>Tel: +353 1 525 0287<br>Mob: +353 87 940 2719 | | | | | |
| Aircraft Lease Agreement, dated June 21, 2006. | GOL Linhas Aéreas S.A. | <u>Lessor:</u><br>**Genesis Funding Sweden 1 AB**<br><br>Genesis Funding Sweden I AB<br>c/o Advokatfirman Vinge<br>Box 1703, Smalandsgatan 20<br>111 87 Stockholm<br>Sweden<br>Attn:<br>Facsimile:<br>Contract Manager<br>+ 46 8 614 3190<br><br>With a copy to:<br><br>GENESIS AIRCRAFT SERVICES LIMITED<br>Email: mhegarty@genesis.aero<br>Tel: +353 1 525 0287<br>Mob: +353 87 940 2719 | Boeing model 737-800<br><br>MSN 34475 | PR-GTB | CFM56-7B27<br><br>ESN 892124 and 894123 | Airframe and ESN 892124 – redelivered July 31, 2023<br><br>ESN 894123 – redelivered May 1, 2022 | September 9, 2024 |

*Settlement Agreement*

| Agreement | Lessee / Guarantor | Counterparties / Notice Parties | Aircraft Mfr., Model, Serial No. (MSN) | Rejection Date / Date Available for Retrieval |
|---|---|---|---|---|
| Settlement of Outstanding Amounts owed by Lessee under the GOL Leases, dated June 1, 2023. | Lessee: GOL Linhas Aéreas S.A.<br><br>Guarantor: GOL Linhas Aéreas Inteligentes S.A. | Lessors:<br>**Genesis Funding Norway 1 AS**<br><br>Genesis Funding Norway 1 AB<br>c/o Advokatfirman Vinge<br>Box 1703, Smalandsgatan 20<br>111 87 Stockholm<br>Sweden<br>Attn:<br>Facsimile:<br>Contract Manager<br>+ 46 8 614 3190<br><br>With a copy to:<br><br>GENESIS AIRCRAFT SERVICES LIMITED<br>Email: mhegarty@genesis.aero<br>Tel: +353 1 525 0287<br>Mob: +353 87 940 2719<br><br>**Genesis Funding Sweden 1 AB**<br><br>Genesis Funding Sweden I AB<br>c/o Advokatfirman Vinge<br>Box 1703, Smalandsgatan 20<br>111 87 Stockholm<br>Sweden<br>Attn:<br>Facsimile:<br>Contract Manager<br>+ 46 8 614 3190<br><br>With a copy to:<br><br>GENESIS AIRCRAFT SERVICES LIMITED<br>Email: mhegarty@genesis.aero<br>Tel: +353 1 525 0287<br>Mob: +353 87 940 2719 | MSN 29905; MSN 34475; MSN 34474 | September 9, 2024 |

*Common Terms Agreement*

| Agreement | Lessee / Guarantor | Counterparties / Notice Parties | Rejection Date / Date Available for Retrieval |
|---|---|---|---|
| Aircraft Lease Common Terms Agreement Between Genesis Funding Limited and VRG Linhas Aéreas S.A. (n/k/a, GOL Linhas Aéreas S.A.) dated June 6, 2008. | <u>Lessee:</u><br>GOL Linhas Aéreas S.A.<br><br><u>Guarantor:</u><br>GOL Linhas Aéreas Inteligentes S.A. | <u>Lessors:</u><br>**Genesis Funding Norway 1 AS**<br><br>Genesis Funding Norway 1 AB<br>c/o Advokatfirman Vinge<br>Box 1703, Smalandsgatan 20<br>111 87 Stockholm<br>Sweden<br>Attn:<br>Facsimile:<br>Contract Manager<br>+ 46 8 614 3190<br><br>With a copy to:<br><br>GENESIS AIRCRAFT SERVICES LIMITED<br>Email: mhegarty@genesis.aero<br>Tel: +353 1 525 0287<br>Mob: +353 87 940 2719<br><br>**Genesis Funding Sweden 1 AB**<br><br>Genesis Funding Sweden I AB<br>c/o Advokatfirman Vinge<br>Box 1703, Smalandsgatan 20<br>111 87 Stockholm<br>Sweden<br>Attn:<br>Facsimile:<br>Contract Manager<br>+ 46 8 614 3190<br><br>With a copy to:<br><br>GENESIS AIRCRAFT SERVICES LIMITED<br>Email: mhegarty@genesis.aero<br>Tel: +353 1 525 0287<br>Mob: +353 87 940 2719 | September 9, 2024 |