**Presentment Date and Time: October 17, 2024 at 12:00 p.m. (ET)**
**Objection Deadline: October 16, 2024 at 4:00 p.m. (ET)**

Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St. NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
GOL LINHAS AÉREAS INTELIGENTES S.A.,                         :   Case No. 24-10118 (MG)
et al.,[1]                                                   :
                                                             :
                                                             :
                              Debtors.                       :   (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

**NOTICE OF PRESENTMENT OF DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING**
**THEM TO ENTER INTO A LEASE AGREEMENT WITH BBAM**
**AVIATION SERVICES LIMITED AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that the above captioned debtors and debtors-in-possession (the "Debtors") hereby file the *Debtors' Motion for Entry of an Order (i) Authorizing Them to Enter into a Lease Agreement with BBAM Aviation Services Limited and (ii) Granting Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the undersigned will present the Motion to the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, NY 10004 (the "Court") **on October 17, 2024 at 12:00 p.m. (prevailing Eastern time)** (the "Presentment Date") for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Motion shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Final Order Implementing Certain Notice and Case Management Procedures* [Docket No. 175]; (iii) be filed electronically with this Court on the docket of *In re GOL Linhas Aéreas Inteligentes S.A.*, Case No. 24-10118 (MG) by registered users of this Court's electronic filing system (which is available on this Court's website at http://www.nysb.uscourts.gov); and (iv) be served so as to be actually received by **October 16, 2024 at 4:00 p.m. (prevailing Eastern time)** (the "Objection Deadline"), by: (a) the Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (b) the Debtors, c/o GOL Linhas Aéreas Inteligentes S.A., Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Brazil (Attn: Joseph W. Bliley, Chief Restructuring Officer); (c) Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Evan R. Fleck, Esq., Lauren C. Doyle Esq., Bryan V. Uelk Esq., and Gregory A. Bray, Esq.), counsel for the Debtors; (d) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, NY 10004-1408 (Attn: Annie Wells, Esq. and Brian Masumoto, Esq.); (e) the Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (f) the Federal Aviation Administration, 800 Independence Ave., S.W. Washington, DC 20591 (Attn: Office of the Chief Counsel); (g) the U.S. Attorney's Office for the Southern District of New York, One St. Andrew's Plaza, New York, NY 10007; (h) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Brett H. Miller, Esq., Todd M. Goren, Esq., Craig A. Damast, Esq., and James H. Burbage, Esq.), counsel for the Official Committee of Unsecured Creditors; and (i) Holland & Knight LLP, 787 Seventh Avenue, 31st Floor, New York, NY 10019 (Attn: Barbra Parlin, Esq.), counsel for BBAM Aviation Services Limited.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are received by the Objection Deadline with respect to the Motion, the Debtors shall, on the Presentment Date, submit the Motion and proposed order to the Court, which order the Court may enter without further notice or opportunity to be heard.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the Debtors and the objecting parties of the date and time of the hearing with respect to the Motion and of the Debtors' obligation to notify all other parties entitled to receive notice. The Debtors and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at http://www.nysb.uscourts.gov, (ii) from the Debtors' claims and noticing agent, Kroll, at https://cases.ra.kroll.com/GOL, or by calling 844.553.2247 (U.S./Canada) (toll free) or +1.646.777.2315 (International) or by e-mail via GOLInfo@ra.kroll.com. Note that a PACER password is needed to access documents on the Court's website.

*[Remainder of page intentionally left blank]*

Dated:  New York, New York
   October 10, 2024

**MILBANK LLP**

*/s/ Evan R. Fleck*
Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

-and-

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

-and-

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

**Presentment Date and Time: October 17, 2024 at 12:00 p.m. (ET)**
**Objection Deadline: October 16, 2024 at 4:00 p.m. (ET)**

Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St. NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                          :

In re:                       :    Chapter 11
                          :

GOL LINHAS AÉREAS INTELIGENTES S.A.,  :    Case No. 24-10118 (MG)
*et al.*,[1]                   :
                          :    (Jointly Administered)

                Debtors.    :
                          :

---------------------------------------------------------------x

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
THEM TO ENTER INTO A LEASE AGREEMENT WITH BBAM AVIATION
SERVICES LIMITED AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (the "Motion"):[2]

**RELIEF REQUESTED**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), (i) approving the Debtors' entry into a lease agreement (the "Lease

Agreement") with respect to one Boeing 737-800BCF aircraft with Lessor (as defined below), the

material terms of which are summarized in the letter of intent attached hereto as **Exhibit B** (the

"LOI") and (ii) granting related relief.

2.     Pursuant to the *Order Authorizing and Approving Procedures for Sealing*

*and Redacting Confidential Information* [Docket No. 233], certain terms described in this Motion

and the LOI are redacted from public filing.  The unredacted Motion and LOI have been provided

to the United States Trustee and counsel to the Committee (as defined herein) on a professional

eyes-only basis.

3.     In support of the relief requested herein, the Debtors submit the *Declaration of*

*Gregory S. Ethier in Support of Debtors' Motion for Entry of an Order (I) Authorizing Them to*

*Enter into Lease Agreement with BBAM Aviation Services Limited and (II) Granting Related Relief*

(the "Ethier Declaration"), attached hereto as **Exhibit C** and incorporated by reference herein.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the LOI.

## JURISDICTION

4.       This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference from the United States District Court for*

*the Southern District of New York*, dated January 31, 2012.

5.       This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.       The bases for the relief requested herein are sections 105(a) and 363 of title 11 of

the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code").

## STATUS OF THE CASES

8.       On January 25, 2024 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.

9.       The Debtors continue to operate their business as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases (the "Chapter 11 Cases")

are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order (i) Directing*

*Joint Administration of Chapter 11 Cases and (ii) Granting Related Relief* [Docket No. 58].  On

February 9, 2024, the U.S. Trustee appointed the Committee.  *See Notice of Appointment of Official*

*Committee of Unsecured Creditors* [Docket No. 114].  On February 13, 2024, the U.S. Trustee

filed a notice amending the composition of the Committee.  *See Am. Notice of Appointment of*

*Official Committee of Unsecured Creditors* [Docket No. 134].  No trustee or examiner has been

appointed in these cases.

10.       Further information regarding the Debtors' business, capital structure, and the facts

and circumstances leading to the commencement of the Chapter 11 Cases is set forth in the

*Declaration of Joseph W. Bliley in Support of the Debtors' Chapter 11 Petitions and First Day*

*Pleadings* [Docket No. 11].

3

## THE LEASE AGREEMENT

11.     In the ordinary course of business, the Debtors enter into lease agreements for new aircraft.  Ethier Decl. ¶ 5.  Following arm's length, good faith negotiations, the Debtors desire to enter into the Lease Agreement.  *Id.*  The Debtors believe entry into the Lease Agreement as described in this Motion is in the best interest of the Debtors and their estates.

12.     A summary of the principal terms and conditions of the Lease Agreement, as further detailed in the LOI, is set forth below:[3]

| | Lease Agreement |
|---|---|
| **Aircraft** | One Boeing 737-800BCF aircraft ((the "Aircraft"), equipped with two CFM56-7B26 engines. |
| **MSN** | 30696. |
| **Lessor** | UMBF, not in its individual capacity, but solely as owner trustee in favor of BBAM Freighter B Leane 7 Limited as owner participant, or its affiliate, subsidiary, nominee or assignee ("Lessor"). |
| **Lessee** | GOL Linhas Aéreas S.A. ("Lessee"). |
| **Lease Guarantor** | GOL Linhas Aereas Inteligentes S.A. |
| **Lease Term** | ██████████████ . |
| **Rent** | $ ██████████ per month, payable monthly in advance. |
| **Security Deposit** | ████████████████████████████████ |

## BASIS FOR RELIEF

13.     The Debtors should be authorized to enter into the Lease Agreement.[4]  Section 363(b) of the Bankruptcy Code empowers the Court to allow a debtor, in the exercise of its sound

---

[3]     This table contains a summary of the principal terms set forth in the LOI.  To the extent that any conflict, discrepancy, or inconsistency arises between this summary and the LOI, the LOI shall control.

[4]     As an initial matter, section 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing."  11 U.S.C. § 363(c)(1).  The Debtors

business judgment and after notice and a hearing, to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1); *see also Off. Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143, 145 (2d Cir. 1992) (holding that a court may approve an application under section 363(b) upon a showing of a good business reason for the disposition); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "some articulated business justification" to approve the use, sale, or lease of property outside the ordinary course of business).

14.     If a debtor "articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted).  Thus, if a debtor demonstrates a reasonable basis for its decision, then the transaction in question may be approved under section 363(b)(1) of the Bankruptcy Code.  *See GLM DFW, Inc. v. Windstream Holdings Inc. (In re Windstream Holdings, Inc.)*, 614 B.R. 441, 456 (S.D.N.Y. 2020).  Moreover, sections 503(b) and 507 of the Bankruptcy Code provide for the allowance of administrative expenses in respect of postpetition obligations, and section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15.     Here, the Debtors' decision to pursue the Lease Agreement is a sound exercise of their business judgment and should be approved.  *See* Ethier Decl. ¶ 7.  Entry into the Lease

---

submit that entering into Lease Agreement is within the ordinary course of the Debtors' business and is therefore authorized.  However, the Debtors are requesting the relief herein out of an abundance of caution.

Agreement, allowing administrative claims for the obligations incurred in respect of such agreement, and consummating the transactions contemplated thereunder will enable the Debtors to use the Aircraft in the ordinary course of business to expand their freighter business, thereby increasing revenue for their estates. Ethier Decl. ¶ 7. As such, the Debtors believe that entry into the Lease Agreement is in the best interests of their estates and their creditors. *See id.* ¶ 7. Therefore, the Debtors respectfully request that the Court approve the Debtors' entry into the Lease Agreement.

## REQUEST FOR WAIVER OF STAY

16.     The Debtors seek a waiver of any stay of the effectiveness of the Order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). Entry into the Lease Agreement will allow the Debtors to continue to operate their aircraft fleet. Ethier Decl. ¶ 7. As such, the Debtors submit that the relief requested herein is appropriate under the circumstances and under Bankruptcy Rule 6004(h).

## NOTICE

17.     Notice of this Motion has been provided in accordance with the procedures set forth in the *Final Order Implementing Certain Notice and Case Management Procedures* [Docket No. 175]. The Debtors respectfully submit that no further notice is required.

## NO PRIOR REQUEST

18.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

6

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Order granting the relief requested herein and granting such other relief as is just.

Dated:  New York, New York
        October 10, 2024

**MILBANK LLP**

*/s/* _____

Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

-and-

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

## EXHIBIT A

**Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re:                                                            :    Chapter 11
:
GOL LINHAS AÉREAS INTELIGENTES S.A.,                              :    Case No. 24-10118 (MG)
*et al.*,[1]                                                      :
:    (Jointly Administered)
Debtors.                              :
:
------------------------------------------------------------------x

### ORDER (I) AUTHORIZING DEBTORS TO
### ENTER INTO A LEASE AGREEMENT WITH
### BBAM AVIATION SERVICES LIMITED AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned Debtors,

seeking entry of an order pursuant to sections 105(a) and 363 of the Bankruptcy Code,

(i) approving the Debtors' entry into the Lease Agreement and (ii) granting related relief, each as

described more fully in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and it appearing that

venue of these Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b); and it appearing that proper and adequate notice of the Motion has been given and that

no other or further notice is necessary under the circumstances; and upon the Motion and the Ethier

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Declaration; and upon all of the proceedings had before the Court; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to enter into, and perform all obligations contemplated by, the Lease Agreement, consistent with the terms of the LOI and the Motion.

3.      The Debtors, with the written consent of the Lessor, are authorized to amend, supplement, or modify the Lease Agreement without further order of the Court.

4.      The automatic stay arising pursuant to section 362(a) of the Bankruptcy Code is vacated and modified to the extent necessary to implement the transactions contemplated by the Motion, the LOI, and the Lease Agreement and, subject to the terms of the Lease Agreement, enforce their respective rights, remedies, powers, and claims under the Lease Agreement.

5.      The obligations of the Debtors under the Lease Agreement shall constitute allowed administrative expenses of the applicable Debtor's estate(s) pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

6.      Nothing herein modifies or affects in any way other relationships arising under contract or at law between the Debtors and the Lessor except as expressly provided herein.  All rights and remedies of the Debtors and Lessor with respect to all matters not addressed herein (or in such related agreements subsequently entered into as a result of the LOI, as applicable) are expressly preserved.

7.      This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and their creditors, their interest holders, the Lessor, all other parties in

interest, and each of the foregoing's respective affiliates, successors, and assigns, notwithstanding (i) any subsequent conversion of any Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code or any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding, (ii) the dismissal of any Debtor's chapter 11 case, or (iii) the entry of any order under which this Court abstains from hearing any Debtor's chapter 11 case.

8.      Payments permitted hereunder shall be subject to and in compliance with the Approved Budget (as defined in the Final DIP Order[3]) (subject to permitted variances), and nothing herein shall constitute a waiver by the DIP Lenders (as defined in the Final DIP Order) of any default under the terms of the Final DIP Order or any DIP Documents (as defined in the Final DIP Order); *provided*, *however*, that nothing in this paragraph shall prohibit or restrict the Debtors from making any payments permitted hereunder, or relieve the Debtors from their obligation to make such payments, to the extent required by or provided for in this Order.

9.      To the extent that there may be any inconsistency between the terms of the Motion and the terms of this Order, the terms of this Order shall govern.

10.      Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11.      Notwithstanding the provisions of Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Code or Bankruptcy Rules, this Order shall be immediately effective and enforceable upon its entry.

---

[3]      "Final DIP Order" means the *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Granting Adequate Protection to the Prepetition Secured Parties, (D) Modifying the Automatic Stay, (E) Authorizing the Debtors to Use Cash Collateral, and (F) Granting Related Relief* [Docket No. 207].

12.     The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2024        _____
       New York, New York                    THE HONORABLE MARTIN GLENN
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Letter of Intent**



West Pier Business Campus
Dun Laoghaire, Co.
Dublin, A96 N6T7
Ireland

## LETTER OF INTENT

September 20, 2024

GOL Linhas Aereas S.A.
Praca Comandante Lineu Gomes S/N
Portaria 3, Jardim Aeroporto
Sao Paulo, Sao Paulo, 04.626-020
Brazil

**Attention:**     Mr. Guilherme Trevisan
                   Fleet Commercial Manager

**Re:**     <u>Letter of Intent relating to the Lease of One (1) Boeing 737-800BCF Aircraft</u>

Dear Sir:

On behalf of one or more entities for which it acts as servicer, BBAM Aviation Services Limited ("BBAM") is pleased to offer to negotiate the lease (the "Lease") of the below-referenced aircraft on terms and conditions including, but not limited to, the following:

| | |
|---|---|
| **Lessor:** | UMBF, not in its individual capacity, but solely as owner trustee in favor of BBAM Freighter B Leane 7 Limited as owner participant ("Owner Participant"), or its affiliate, subsidiary, nominee or assignee. |
| **Lessee:** | GOL Linhas Aereas S.A. |
| **Lessee Guarantor:** | GOL Linhas Aereas Inteligentes S.A. The obligations of Lessee under the Lease shall be fully guaranteed by Guarantor. |
| **Aircraft:** | One (1) Boeing 737-800BCF aircraft (MSN 30696), equipped with two (2) CFM56-7B26 engines (the "Engines"), as more specifically described on Appendix 1 attached hereto. |
| **Technical Acceptance:** | Lessee shall confirm to Lessor in writing (by executing a technical acceptance certificate to the furnished by Lessor) at the Technical Acceptance Location that the Aircraft and Aircraft Documents comply with the Delivery Conditions. |

DS

JURIDICO GOL APROVADO

| | |
|---|---|
| **Technical Acceptance Date:** | Lessor will use commercially reasonable efforts to tender the Aircraft for Technical Acceptance on or about November 15, 2024 or as soon as practicable thereafter. |
| **Technical Acceptance Location:** | KF Aero, Kelowna Canada or such location to be advised in writing by Lessor. |
| **Ferry Flight:** | Following Technical Acceptance of the Aircraft and the Aircraft Documents by Lessee, Lessor shall make commercially reasonable efforts to ferry the Aircraft from the Technical Acceptance Location to the Delivery Location (the "Ferry Flight"). The costs and expenses relating to the Ferry Flight shall be borne by ████████ ████████████. The risk of defects or damage to the Aircraft relating to the Ferry Flight shall be borne by Lessee – such terms to be further described in the Lease. |
| **Delivery Date:** | Lessee shall automatically accept delivery of the Aircraft and the Aircraft Documents under the Lease promptly upon the arrival of the Aircraft at the Delivery Location. |
| **Delivery Location:** | Sao Paulo, Brazil, or such other location to be agreed by Lessor and Lessee. |
| **Return Location:** | At Lessor's election, either (a) Sao Paulo, Brazil, or (b) an FAA approved maintenance facility in the United States to be defined by Lessor. |
| **Lease Execution Date:** | On or before October 31, 2024 or such later date as may be agreed between Lessor and Lessee. |
| **Lease Term:** | ████████. |
| **Lease Rent:** | US████ per month, payable monthly in advance. |
| **Preliminary Inspection:** | Lessee, at its cost, shall have the right to perform an inspection of the Aircraft including its records (the "Preliminary Inspection"), within ten (10) days of the date hereof. Lessee will have two (2) days following completion of the Preliminary Inspection to notify BBAM as to whether the Aircraft is acceptable (the "Preliminary Inspection Confirmation Deadline"). |
| **Security Deposit:** | ██████████████████████████ payable as follows: |
| | (i)   ████████████████████████ |

(ii) ████████████████████████████████

(iii) ██████████████████████████████████
██████████████████████████.

If Lessee does not notify Lessor that the aircraft is unacceptable by the Preliminary Inspection Confirmation Deadline, the Security Deposit will become non-refundable unless (i) Lessor does not obtain the final approval of its board of directors, (ii) notwithstanding good faith efforts, Lessor and Lessee shall fail to execute the Lease, or (iii) there is a total loss of the Aircraft prior to delivery on the Delivery Date. ██████████████████████████████
██████████████████.

████████████████████████████████████
███████████████████.

**Aviation Authority:** The National Civil Aviation Agency of Brazil (ANAC). Lessee shall be responsible for the costs associated with registering the Aircraft and perfecting the Lease and the interests of Lessor and owner (if different) in the Aircraft and the Lease.

**Insurance Value:** Hull insurance will be in an amount not less than ████████. Liability coverage will be in an amount not less than ██████████.

**Delivery and Redelivery Conditions:** As specified in Appendix 2 attached hereto.

**Overhaul Payments:** As specified in Appendix 3 attached hereto.

**Conditions Precedent:** Lessor's obligations hereunder shall be subject to certain conditions, including, without limitation, (i) final approval of Lessor's and Owner Participant's board of directors, (ii) satisfactory transaction documentation and (iii) updated satisfactory "Know Your Customer" due diligence in respect of Lessee and Guarantor, as may be required.

Lessee's obligations hereunder shall be subject to certain conditions, including, without limitation, (i) final approval of Lessee's board of directors, (ii) satisfactory transaction documentation, (iii) the Aircraft complies with the List of Modifications to be installed prior to Delivery to satisfy ANAC Requirements listed on Appendix 4, (iv) Lessor shall provide Lessee all documents necessary to import the Aircraft to the Delivery Location including, without limitation, a valid export registration and export certificate of airworthiness with no exceptions for the Aircraft, and (iv) all necessary third party consents to contract, including (A) Lessee's submission, within five (5) days of execution of this Letter of Intent

(or such later date as the parties may agree, acting reasonably), of a stipulation (including a redacted copy of this Letter of Intent, (the "Stipulation") to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), pursuant to the Chapter 11 Cases and (B) the Bankruptcy Court's entry of a court order approving such stipulation within fourteen (14) days of submission of such stipulation to the Bankruptcy Court.

**Documentation:** Documentation will be prepared by Lessor's counsel and will be governed by the laws of the State of New York provided that the United States Bankruptcy Court for the Southern District of New York shall have exclusive jurisdiction to hear disputes arising from or related to (i) this Letter of Intent and the documentation during the pendency of the chapter 11 proceedings under Title 11 of the United States Code, 11 U.S.C. §101 et. seq., of the Debtors filed on the Petition Date in the Bankruptcy Court (the "Chapter 11 Cases") and (ii) any administrative expense claims or prepetition claims against the bankruptcy estates of one or more of Lessee and its affiliated debtors and debtors-in-possession in the debtor's Chapter 11 Cases (collectively, the "Debtors") with respect to this Letter of Intent, the Lease or the Aircraft. The Lease will be a "net lease" and Lessee's obligation to pay Basic Rent and perform all of its other obligations will be absolute and unconditional.

**Chapter 11 Terms:** Lessor agrees the following terms shall be incorporated into the Lease in respect of the Chapter 11 Cases:

(i)    until the effective date of the plan of reorganization of Lessee and its affiliates filed for the Debtors (the "Chapter 11 Plan"), any bankruptcy, reorganization, insolvency or financial indebtedness (or related cross-defaults) related default or event of default set forth in the Lease is waived; and

(ii)    any representation, warranty or covenant contained in the Lease and any other operative document relating to the Lease shall exclude any representation, warranty or covenant that would be breached by the Chapter 11 Cases.

**Confidentiality:** Lessee agrees to maintain the information contained in this Letter of Intent and all such other documents provided by Lessor and/or BBAM to Lessee in connection herewith (the "Confidential Information") confidential and agrees not to disclose any such Confidential Information to a third party without securing the prior written consent of BBAM, other than any disclosure (i) to its directors, employees, investors, shareholders and legal counsel (the "Representatives") on a need to know basis, or (ii) if required for legal, statutory or stock exchange reasons; provided that, (i) Lessee and its Representatives may disclose this Summary of Terms on a confidential basis to the Bankruptcy Court, the Office of



DocuSign Envelope ID: 629289BD-F73D-43AB-B2AF-08E17EEC3792

the United States Trustee, and on a "professional eyes only basis" to the Official Committee of Unsecured Creditors and the lenders under a debtor-in-possession financing in the Chapter 11 Cases to the extent necessary to obtain Bankruptcy Court approval as described herein and (ii) both Lessee and Lessor shall have the right to disclose this Summary of Terms to the extent necessary to enforce or defend its rights and remedies hereunder or under the Stipulation or the Lease.

BBAM will be entitled to continue to market the Aircraft for sale or lease and will be entitled to revoke any offer made until (i) this Letter of Intent has been executed and delivered by BBAM and Lessee and (ii) the initial Security Deposit has been received by Lessor.

This Letter of Intent and all non-contractual matters associated with, arising out of or connected with it, shall in all respects be governed by and construed in accordance with the laws of the State of New York and any disputes arising out of or relating to this Letter of Intent and all non-contractual matters associated with, arising out of or connected with it, shall be subject to resolution before the New York courts, provided that the United States Bankruptcy Court for the Southern District of New York shall have exclusive jurisdiction to hear disputes arising from or related to (i) this Letter of Intent, the Lease and the related documentation during the pendency of the Chapter 11 Cases and (ii) any administrative expense claims against the bankruptcy estates of one or more of Lessee and its affiliated debtors and debtors-in-possession in the debtor's Chapter 11 Cases with respect to this Letter of Intent, the Lease or the Aircraft.

This Letter of Intent is subject to contract and creates no legal obligations (except for the confidentiality, dispute resolution, governing law and security provisions, which are binding).

This Letter of Intent shall expire on September 30, 2024.

Very truly yours,

**BBAM AVIATION SERVICES LIMITED**


By:_____
Name:
Title:

This Letter of Intent accepted by

**GOL LINHAS AEREAS S.A.**


By:_____
Name:        Carla Fonseca          Renata Fonseca
Title:            CCO                        CLO


cc:  D. Cotter, J. Lynch, R. Strollo



DocuSign Envelope ID: 529289BD-F73D-43AB-B2AF-08E17ZEC3792

**Appendix 1**

**Aircraft Description**

| | |
|---|---|
| Aircraft Manufacturer, Model and Series: | B737-800 |
| Manufacturer's Serial Number: | 30696 |
| Date of Manufacture: | 2006 |
| Engine Manufacturer and Model: | CFM56-7B26 |
| Auxiliary Power Unit Manufacturer and Model: | Honeywell GTCP 131-9B |
| ETOPS rating: | None |
| Winglets installed: | APB Blended Winglets |
| Configuration: | Boeing BCF freighter and shall be equipped with a main deck cargo door, a main deck loading system, window plugs (where applicable), and a 9G rigid cargo barrier. |

| Weights & Capacity | Pounds |
|---|---|
| Maximum Ramp Weight | 174,700 |
| Maximum Take Off Weight | 174,200 |
| Maximum Landing Weight | 146,300 |
| Maximum Zero Fuel Weight | 138,300 |

DS

## Appendix 2

## Delivery Conditions and Redelivery Conditions

### *Part A - Inspection*

|  | Delivery Condition | Redelivery Condition |
|---|---|---|
| Aircraft Documents | ▉ | ▉ |
| Engine MPA run | ▉ | ▉ |
| Demonstration flight | ▉ | ▉ |
| Borescope inspection – APU | ▉ | ▉ |
| Borescope inspection – Engines | ▉ | ▉ |

### *Part B - Minimum Conditions*

|  | Delivery Condition | Redelivery Condition |
|---|---|---|
| Airframe – workscope | ▉ | ▉ |
| Airframe – minimum clearance | ▉▉▉▉▉▉▉ | ▉▉ |
| ADs | ▉▉▉▉ | ▉▉▉▉ |
| Paint | ▉▉ | ▉▉ |
| Engine condition | ▉▉ | ▉▉ |
| Engine LLPs | ▉ | ▉ |
| APU | ▉ | ▉ |
| Landing Gear | ▉ | ▉ |
| Tyres and brakes | ▉▉ | ▉▉ |
| Components | ▉▉▉ | ▉▉▉ |
| Repairs (and repairs for any damage) | ▉ | ▉ |

DS

| Export C of A | ██████████████ | █████████████████ |
| | ██████████ | ███████████ |
| | ██████████ | ███████████ |
| | ████████████████ | ████████████████████ |
| | ███████████ | ████████████████████ |
| | | ████████████████ |
| | | ████████ . |
| Qualification | ████████ | ███ |
| Aircraft Documents | ██████████████ | ██████████████████ |
| | █████████ | █████████ |

| **Part C** - Procedures | **Delivery Condition** | **Redelivery Condition** |
|---|---|---|
| Storage | ████████ | ██████████ |
| Ferry Flight | ████████████ | ██████████████████ |
| | █████████ | ███████████████ |
| | | █████████████ |
| | | █████████████ |
| | | ██████████████ |
| | | ███████████████ |
| | | ████████████████ |
| | | ██████████████ |
| | | ████████ |

***Additional Notes:***

1. ██████████████████████████████████
   ██████████████████████████████████
   ██████████████████████

2. ██████████████████████████████████
   ██████████████████████████████████
   ██████████████████████████████████
   ██████████████████████

3. ██████████████████████████████████
   ██████████████████████████████████
   ██████████████████████████████████
   ██████████████████████████████████
   ████████████████████████

DS

### Appendix 3

### Overhaul Payments

**Part A:       Overhaul Payment Rates**

Lessee shall pay to Lessor as supplemental rent monthly Overhaul Payments on the 10th of the month following the calendar month of operation as outlined below:

  *1.  Airframe:*

**Airframe 9Y Check**

| Overhaul Payment Rate | US███ per month |
| --- | --- |
| Annual Escalation | ███ per annum commencing ████████ |

**Airframe 12Y Check**

| Overhaul Payment Rate | US███ per month |
| --- | --- |
| Annual Escalation | ███ per annum commencing ████████ |

  *2.  Engines:*

**Engine Shop Visit          (per Engine – benign operating environment)**

| Engine Shop Visit Payment Rate | US███ per Flight Hour |
| --- | --- |
| Annual Escalation | ███per annum commencing ████████ |

If during any calendar month, any Engine is operated at a flight hour/cycle ratio of other than 2.0 flight hours to one cycle, the per flight hour rate used to calculate the Engine Shop Visit Payments for such Engine for such month will be adjusted in accordance with the following table:

| Flight Hour: Cycle | 0.7 : 1 | 1.0 : 1 | 1.5 : 1 | 2.0 : 1 | 2.5 : 1 | 3.0  :  1 and above |
| --- | --- | --- | --- | --- | --- | --- |
| Engine Shop Visit Payment Rate – 7B24 Thrust | ███ | ███ | ███ | ███ | ███ | ███ |
| Engine Shop Visit Payment Rate – 7B26 Thrust | ███ | ███ | ███ | ███ | ███ | ███ |
| Engine Shop Visit Payment Rate – 7B27 Thrust | ███ | ███ | ███ | ███ | ███ | ███ |

DS

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████████████████████

**Engine LLPs (per Engine)**

| Engine LLP Payment Rate | US████ per Cycle |
|---|---|
| Annual Escalation | ████████████████████████ |
| | ████████████████████████ |

3. ***APU:***

**APU Overhaul**

| Overhaul Payment Rate | US████ per APU Hour |
|---|---|
| Annual Escalation | ████████████████████ |

4. ***Landing Gear:***

**Landing Overhaul**

| Overhaul Payment Rate | US████ per month |
|---|---|
| Annual Escalation | ████████████████████████ |

**Part B:    Overhaul Contributions**

**Overhaul Events
(excluding
Engine LLPs):**

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
██ ██████ ██ █ ██ ████████ ████ ██ █ ██████ ██ ████
████████████████████████████████████████████████
█████████████████████████████████████.

"**Additional Overhaul Contribution**" means ████████████
██████████████████████

"**Overhaul Contribution**" means ████████████████████
████████████

DS

DocuSign Envelope ID: 529289BD-F73D-43AB-B2AF-08517ZEC3702

Page 12

"**Overhaul Event**" means each of the overhaul events set out in Part A.

**Engine LLP Replacement:**



**Part C:    Additional Overhaul Contributions**

**First Overhaul Events (excluding Engine LLPs):**



DocuSign Envelope ID: 629289BD-F73D-43AB-B3AF-08E17EEC3702

███████████████████████████████████████████████
████████████████████████████

"**First Overhaul Event**" means for each Overhaul Event, the first Overhaul
Event of the Term.

1. **_Airframe_**:

**Airframe 9Y Check**

| Additional Overhaul Contribution Applicable | Yes – ██████████████████████ ███████████████████████ ██████████ |
|---|---|
| Additional Overhaul Contribution Rate | US$████ per month |

(*) █████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████

**Airframe 12Y Check**

| Additional Overhaul Contribution Applicable | Yes – ██████████████████████ ██████████████████████ ██████████ |
|---|---|
| Additional Overhaul Contribution Rate | US████ per month |

(*) ███████████████████████████████████████

2. **_Engines_**:

**Engine Shop Visit**          **(per Engine)**

| Additional Overhaul Contribution Applicable | Yes – ██████████████████████████ ██████████████████████████ ██████████ (see note 1) |
|---|---|
| Additional Overhaul Contribution Rate | US████ per Flight Hour at a flight hour/cycle ratio of ████ |

If during the period from the last Prior Operator Engine Shop Visit for an Engine prior to Delivery
to Delivery, such Engine has operated at a flight hour/cycle ratio of other than ████ flight hours to
one cycle, the per flight hour rate used to calculate the Additional Overhaul Contribution Rate for
such Engine will be adjusted in accordance with the following table:

| Flight Hour: Cycle | 0.7 : 1 | 1.0 : 1 | 1.5 : 1 | 2.0 : 1 | 2.5 : 1 | 3.0 : 1 and above |
|---|---|---|---|---|---|---|
| Additional Overhaul Contribution Rate e – 7B24 Thrust | ████ | ████ | ████ | ████ | ████ | ████ |

DS

| Additional Overhaul Contribution Rate e – 7B26 Thrust | ███████ | ███████ | ███████ | ███████ | ███████ | ███████ |
|---|---|---|---|---|---|---|

Where:

"**Engine Shop Visit**" means ████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████

"**Prior Operator Engine Shop Visit**" mean ████████████████████
████████████████████████████████████████████
████

3.  ***APU:***

**APU Overhaul**

| Additional Overhaul Contribution Applicable | Yes – ████████████████████ ████████████████████ |
|---|---|
| Additional Overhaul Contribution Rate | US████ per APU Hour |

4.  ***Landing Gear:***

**Landing Overhaul**

| Additional Overhaul Contribution Applicable | Yes – ████████████████ ████████████████ |
|---|---|
| Additional Overhaul Contribution Rate | US████ per month |

**First Engine LLP Replacement:**
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

████████████

where:
D ████████████████████████████████
████;

E ████████████████████████████████

F    ███████████████████████████████████
███████████████.

| ███████████████ | |
|---|---|
| Additional LLP Contribution Applicable | Yes – ██████████████████████████ ████████████████ ██████████ |
| Additional LLP Contribution Rate | As set out above |

**Additional Notes:**



1.

2.

**Appendix 4**

**List of Modifications to be installed prior to Delivery to satisfy ANAC Requirements.**



## EXHIBIT C

**Ethier Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                      :

In re:                          :        Chapter 11
                                        :

GOL LINHAS AÉREAS INTELIGENTES S.A.,  :        Case No. 24-10118 (MG)
*et al.*,[1]                     :
                                        :

                    Debtors.      :        (Jointly Administered)
                                        :
----------------------------------------------------------------x

### DECLARATION OF GREGORY S. ETHIER IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THEM TO ENTER INTO A LEASE AGREEMENT WITH BBAM AVIATION SERVICES LIMITED AND (II) GRANTING RELATED RELIEF

I, Gregory S. Ethier, make this declaration under 28 U.S.C. § 1746:

1.      I am a Managing Director and Partner at Seabury International Corporate Finance LLC ("Seabury").[2] I joined Seabury's principal advisory practice in 2020. I have over twenty-five years of corporate and advisory experience covering aircraft finance, fleet planning, cash management, business planning, and crisis management. At Seabury, I have advised numerous airline clients on a variety of projects, including business planning/valuation, corporate finance, fleet financing, and airline restructuring in general. I have been involved in over fifteen airline restructurings (in court and out of court proceedings), including the following chapter 11 cases:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion (as defined herein).

2

SAS AB, Aerovías de México, S.A. de C.V. (operating as Aeroméxico), Northwest Airlines Corp., US Airways (1 and 2), Air Canada (CCAA), Gemini Air Cargo, Frontier Airlines, and Kitty Hawk Aircargo.  In addition, I have been a leader in airline restructuring cases around the world, including Kenya Airways PLC and Azul S.A.

2.      The Debtors engaged Seabury as their principal restructuring advisor, as co-lead investment banker, and financial advisor to Milbank LLP, as counsel to the Debtors, with respect to a comprehensive restructuring of the Debtors' general financial obligations.  I lead the Seabury team in providing fleet restructuring strategy and advice to the Debtors, including analysis of the Debtors' fleet financing arrangements and current market conditions, lender/lessor negotiating strategies, and fleet planning.

3.      I submit this declaration (the "Declaration") in support of the *Debtors' Motion for Entry of an Order (i) Authorizing Them to Enter into a Lease Agreement with BBAM Aviation Services Limited and (ii) Granting Related Relief* (the "Motion").  I am not being specifically compensated for this testimony other than through payments received by Seabury as a professional retained by the Debtors.  I am over the age of eighteen and authorized to submit this Declaration on behalf of the Debtors.

4.      Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge of the Debtors' operations and finances gained throughout Seabury's engagement by the Debtors, my discussions with the Debtors' senior management, other members of the Seabury team, and the Debtors' other advisors, my review of relevant documents, and my opinion based upon my experience.  If called to testify, I would testify to each of the facts set forth herein based on such personal knowledge, discussions, review of documents, or my opinions based upon my related professional experience.

## THE LEASE AGREEMENT

5.        The Debtors enter into aircraft lease agreements in the ordinary course of their business.  Following arm's length, good faith negotiations with Lessor, the Debtors desire to enter into the Lease Agreement.

6.        A summary of the principal terms and conditions of the Lease Agreement, as further detailed in the LOI, is set forth below: [3]

| | Lease Agreement |
|---|---|
| **Aircraft** | One Boeing 737-800BCF aircraft ((the "Aircraft"), equipped with two CFM56-7B26 engines. |
| **MSN** | 30696. |
| **Lessor** | UMBF, not in its individual capacity, but solely as owner trustee in favor of BBAM Freighter B Leane 7 Limited as owner participant, or its affiliate, subsidiary, nominee or assignee ("Lessor"). |
| **Lessee** | GOL Linhas Aéreas S.A. ("Lessee"). |
| **Lease Guarantor** | GOL Linhas Aereas Inteligentes S.A. |
| **Lease Term** | ████████████ |
| **Rent** | $████████ per month, payable monthly in advance. |
| **Security Deposit** | ████████████████████ |

7.        I believe that the Debtors' decision to pursue the Lease Agreement is a sound exercise of their business judgment and should be approved.  The Lease Agreement will enable the Debtors to use the Aircraft in the ordinary course of business to expand its freighter business, thereby increasing revenue for their estates.

---

[3]    This table contains a summary of the principal terms set forth in the LOI.  To the extent that any conflict, discrepancy, or inconsistency arises between this summary and the LOI, the LOI shall control.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: October 10, 2024

/s/ *Gregory S. Ethier*
Gregory S. Ethier
Managing Director and Partner
Seabury International Corporate Finance LLC