**Exhibit B**

Confirmation Hr'g Tr.

*In re Number Holdings, Inc.*, No. 24-10719 (JKS) (Bankr. D. Del. Jan. 24, 2025)

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 2 of 41

1

```
 1                  UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE
 2

 3   IN RE:                     .  Chapter 11
                                .  Case No. 24-10719 (JKS)
 4   NUMBER HOLDINGS, INC.,      .
     et al.,                    .  (Jointly Administered)
 5                              .
                                .  Courtroom No. 3
 6                              .  824 North Market Street
                                .  Wilmington, Delaware 19801
 7            Debtors.          .
                                .  Friday, January 24, 2025
 8   . . . . . . . . . . . . . . .  10:00 a.m.

 9                     TRANSCRIPT OF CONFERENCE
               BEFORE THE HONORABLE J. KATE STICKLES
10                 UNITED STATES BANKRUPTCY JUDGE

11   APPEARANCES:

12   For the Debtors:          Brian Kinney, Esquire
                               Lauren Doyle, Esquire
13                             Tuvia Peretz, Esquire
                               MILBANK LLP
14                             55 Hudson Yards
                               New York, New York 10001
15
     For the U.S. Trustee:     Rosa Sierra-Fox, Esquire
16                             OFFICE OF THE UNITED STATES TRUSTEE
                               844 King Street, Suite 2207
17                             Lockbox 35
                               Wilmington, Delaware 19801
18   (APPEARANCES CONTINUED)

19
     Audio Operator:           Sean Moran, ECRO
20

21   Transcription Company:    Reliable
                               The Nemours Building
22                             1007 N. Orange Street, Suite 110
                               Wilmington, Delaware 19801
23                             Telephone: (302)654-8080
                               Email:  gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 3 of 41

2

```
 1  APPEARANCES (CONTINUED):

 2  For the Committee:        Colin Robinson, Esquire
                              PACHULSKI STANG ZIEHL & JONES LLP
 3                            919 North Market Street
                              17th Floor
 4                            Wilmington, Delaware 19801

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
  Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 4 of 41

3

1                              INDEX

2  <u>MOTIONS</u>:                                              <u>PAGE</u>

3  Agenda
   Item 25:  Joint Chapter 11 Plan of Number              7
4            Holdings, Inc., and Its Debtor
             Affiliates (D.I. 1685-1, filed
5            1/21/25)

6            Court's Ruling:                               25

7  Agenda
   Item 23:  Third Omnibus Objection (Substantive)        34
8            to No Liability Claims Pursuant to
             Section 502 of the Bankruptcy Code,
9            Bankruptcy Rule 3007, and Local Rule
             3007-1 (D.I. 1200, filed 8/23/24)
10
             Court's Ruling:                               38
11
12

13  <u>DECLARATIONS</u>:                                        <u>PAGE</u>

    1)   Craig Johnson Voting Declaration            8
14
    2)   Christopher J. Wells                         9
15
16

17

18

19

20

21

22

23

24

25

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 5 of 41

4

1      (Proceedings commenced at 10:03 a.m.)

2            THE COURT:  Please be seated.  This is Judge

3    Stickles.  We are on the record in Number Holdings, Case No.

4    24-10719.

5            Good morning, Ms. Doyle.

6            MS. DOYLE:  Good morning, Your Honor.  For the

7    record Lauren Doyle of Milbank LLP counsel to the debtors, 99

8    Cents.

9            I believe that there are only two matters

10   remaining on today's agenda; that is Docket No. 23, which is

11   -- I'm sorry, Agenda Item No. 23, which is an objection to a

12   motion for payment of administrative claim, and the main

13   event, final approval of the debtors disclosure statement and

14   confirmation of the debtors Chapter 11 plan. If it's okay

15   with the Court, we would like to take the confirmation of the

16   plan first and then move to the motion for payment of

17   administrative claim.

18           I am joined by my partner, Brian Kinney, on Zoom,

19   who, if the Court will indulge us in appearance on Zoom, will

20   be responsible for responding to any remaining objections to

21   confirmation of the plan at the appropriate time.  And my

22   colleague, Tuvia Peretz, who is here in the courtroom to walk

23   the Court through the recent changes to the plan and the

24   proposed confirmation order and address the claims objection.

25           Your Honor, I had the pleasure of standing here

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B - Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 6 of 41

5

1  before you on this case the very first day seeking approval

2  of critical first day relief and now, as we are here today,

3  seeking confirmation of a Chapter 11 plan.  Admittedly, when

4  we stood here in mid-April of last year, just after the

5  company had made an extremely difficult determination to

6  close all 371 of its retail locations, to commence going out

7  of business sales, and to let their employees know that 99

8  Cents would be shutting down in a matter of one to two months

9  we did not know whether confirmation of a Chapter 11 plan

10  would, in fact, happen.

11        But those of us who stood here before you, counsel

12  for the company, Milbank and Morris Nichols, the company's

13  chief restructuring officer and financial advisors, Chris

14  Wells and the Alvarez & Marsal team who are here in the

15  courtroom today, the company's investment banker, Jefferies,

16  and the company's real estate advisors, Hilco, all believed

17  that a Chapter 11 plan was possible and embarked on a process

18  to achieve that goal.  In just two months the company

19  successfully sold over 350 leases, owned property and other

20  assets including merchandise, FF&E, and intellectual property

21  generating over $300 million in value of sale proceeds.

22        The debtors were able to successfully pay off the

23  DIP in full and their prepetition ABL financing.  That left

24  two key tasks for the company.  First, to resolve disputes

25  between the debtors, the secured noteholders and the

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B - Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 7 of 41

6

1   creditors committee with respect to potential challenges to

2   their liens and the allocation of sale proceeds.  As Your

3   Honor is aware, we successfully reached a settlement with

4   those parties back in November.  That settlement is the

5   underpinning from this plan and it ensures that there will be

6   value remaining for unsecured creditors after satisfaction of

7   the prepetition secured notes and payment of administrative

8   and priority claims.

9        Second, the company, led by its board of directors

10  and its CRO, Chris Wells, engaged in a process, which I have

11  not seen before, to manage liabilities, recover assets, and

12  reconcile and resolve over 650 proofs of claim resulting in a

13  reduction of over 635 million in liabilities asserted against

14  the estates.  In so doing, this company has managed sales

15  that fell through, resolved landlord objections, sub-rent,

16  503(b)(9) and administrative priority claims, and addressed

17  numerous motions seeking to lift the automatic stay to

18  prosecute slip and fall claims.

19       This -- these critical and time consuming tasks

20  paved the path for us to be standing here today.  In light of

21  all this the debtors are now ready to make distributions to

22  holders of allowed administrative and priority claims and

23  turn over the remaining assets to a liquidating trust to

24  further recover value, reduce claims and make distributions

25  to unsecured creditors.  While the shutdown of a retail

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 8 of 41

7

1   service that served primarily low-income communities and the

2   loss of over 10,000 jobs could never be called a success,

3   these Chapter 11 cases and the fact that we are seeking

4   confirmation of this Chapter 11 plan is, in fact, a

5   successful outcome.

6           With that, I will proceed with the debtors case in

7   chief for confirmation of the plan.  Before I dive in, I want

8   to just walk through briefly the documents that have been

9   filed in support of the plan.  The disclosure statement was

10  filed back in November at Docket No. 1534 and the

11  solicitation version of the disclosure statement and plan are

12  filed at Docket No. 1613.  A revised version of the plan was

13  filed earlier this week at Docket No. 1685 as well as an

14  amended plan supplement at Docket No. 1686.  The proposed

15  form of confirmation order was filed at Docket No. 1689.  And

16  a further amended plan was filed last night at Docket No.

17  1720.  And an amended form of confirmation order was filed at

18  Docket No. 1721.

19          In terms of confirmation declarations, the voting

20  declaration was filed at Docket No. 1685.  The declarant,

21  Craig Johnson of Kroll Restructuring Administration LLC, is

22  here in the courtroom and available for cross-examination

23  Your Honor, at this time I respectfully request that we move

24  his voting declaration at Docket No. 1685 into evidence.

25          THE COURT:  Does anyone object to the admission

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 9 of 41

8

1  into evidence of the Johnson voting declaration?

2          (No verbal response)

3              THE COURT:  Okay, I hear no one.  Its admitted.

4          (Johnson voting declaration received into evidence)

5              THE COURT:  Does anyone expect to cross-examine

6  Mr. Johnson regarding the content of his declaration?

7          (No verbal response)

8              THE COURT:  Okay, hearing no one its admitted and

9  uncontroverted.

10             MS. DOYLE:  Thank you, Your Honor.

11             The next declaration filed in support of

12 confirmation is the Wells declaration filed at Docket No.

13 1687.  The CRO, Chris Wells, is also in the courtroom today,

14 as I mentioned, and available for cross-examination.  Your

15 Honor, at this time I would request that we move the Wells

16 declaration into evidence.

17             THE COURT:  Does anyone object to the admission of

18 the declaration of Christopher J. Wells, the debtors CRO, in

19 support of confirmation at Docket No. 1687?

20         (No verbal response)

21             THE COURT:  I hear no one.  Does anyone anticipate

22 cross-examining Mr. Wells regarding the contents of his

23 declaration?

24         (No verbal response)

25             THE COURT:  Okay, hearing none that declaration is

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 10 of 41

9

1    admitted without contradiction.

2          (Wells declaration received into evidence)

3                MS. DOYLE:  Thank you, Your Honor.

4                I also want to note that we filed the confirmation

5    brief that summarizes the basis for confirmation of this plan

6    and the replies in support of confirmation and to the U.S.

7    Trustees objection.  That was filed at Docket No. 1688 and we

8    will rely primarily on the arguments set forth in that brief.

9    But briefly we want to highlight a few key points regarding

10    the disclosure statement and the plan.

11                In particular, we would like to note that approval

12    of the disclosure statement on a final basis is uncontested.

13    By entering the interim approval and procedures order Your

14    Honor has already determined that the disclosures statement

15    contained adequate information within the meaning of Section

16    1125 of the Bankruptcy Code for purposes of soliciting the

17    plan.  The disclosure statement contains, among other things,

18    information about the plan, an overview of the debtors

19    corporate history, business, capital structure, the events

20    leading up to the Chapter 11 cases, key events that occurred

21    during these cases, risk factors related to the plan, the tax

22    law consequences and a liquidation analysis.

23                In accordance with the interim approval and

24    procedures order, the debtors solicited votes on the plan

25    from holders of claims in the voting classes, Class 4, the

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 11 of 41

10

1  senior secured notes claims, and Class 5, general unsecured

2  claims, and published notice of confirmation of the plan in

3  the Los Angeles Times.  The debtors received no objections to

4  final approval of the disclosure statement.

5         With that, Your Honor, I will turn to confirmation

6  of the plan.  The plan provides for the deemed consolidation

7  of the debtors for purposes of plan and distributions.

8  Accordingly, the vesting of all -- the majority of all of the

9  debtors remaining assets, and claims, and causes of action

10 other then those that were released pursuant to the plan into

11 a liquidating trust for the benefit of the debtors general

12 unsecured creditors and for which META Advisors will serve as

13 the liquidating trustee.

14         Notwithstanding the U.S. Trustees objection to

15 confirmation, which we will address shortly, the debtors

16 submit that the record is clear that the plan should be

17 confirmed as it meets all of the requirements of Section 1129

18 and has the overwhelming support of all classes of creditors

19 entitled to vote on the plan. In particular, as set forth in

20 the voting declaration, the plan has the support of 100

21 percent in number of holders in amount of claims in Class 4

22 senior notes claims that voted on the plan and 91 percent in

23 number of holders and 83 percent in amount of claims in Class

24 5 general unsecured claims that voted on the plan.

25         In addition, the plan is supported by the ad hoc

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 12 of 41

11

1    group of noteholders and the creditors committee.  In fact,

2    the debtors were able to successfully negotiate resolutions

3    of all objections or concerns raised by any creditor

4    constituency or party in interest other then those of the

5    United States Trustee.  Accordingly, we would submit the plan

6    satisfies the requirements of Section 1129(a)(8) and 1129(b)

7    of the Bankruptcy Code.  In addition, as set forth in the

8    liquidation analysis, no creditor would do better in a

9    Chapter 7 liquidation then they will do under this plan.

10          The confirmation brief that we submitted

11    summarizes the reasons why the plan satisfies the other

12    subsections of 1129 of the Bankruptcy Code and related

13    requirements.  And rather then walk through each one of those

14    requirements, I would rather we just move onto the contested

15    portion of the confirmation hearing.

16          As set forth in our confirmation brief, we

17    received objections and reservations of rights from Safety

18    National Corporation, certain personal injury claimants, the

19    United States Attorney's Office for the District of Delaware,

20    former landlords, the Texas Taxing Authorities, certain

21    creditors and Wilmington Trust National Association as

22    indenture trustee for the secured noteholders.  All of those

23    objections and responses have been resolved through proposed

24    modifications to the language in the plan or the proposed

25    confirmation order.  The only remaining outstanding objection

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 13 of 41

12

1   is the objection of the United States Trustee filed at Docket

2   1679.

3          Before I turn the podium over to Ms. Sierra-Fox to

4   address the U.S. Trustees objections, we wanted to note that

5   we understand that the revised language on payment of

6   statutory fees that is included in the revised version of the

7   plan filed last night resolves the U.S. Trustees objection

8   with respect to that issue.  That leaves four remaining

9   issues raised in the U.S. Trustees objection that all,

10  effectively, can be rolled up into the U.S. Trustees rehashed

11  objection to the plan's narrowly tailored third party release

12  opt-out structure that this Court already approved at the

13  prior hearing and upon which the debtors relied and solicited

14  votes.

15         Notably, the opt-out mechanics approved effective

16  and the consent of creditors can be determined based on the

17  facts that many creditors chose to opt-out of the releases as

18  set forth in the Johnson declaration.  I also want to note

19  that as set forth in our confirmation brief, the debtors do

20  need the waiver of the stay provided for in Rules 3020(e) as

21  the debtors fiscal year ends on January 31st, 2025 which is

22  just one week from today.  The debtors must close their books

23  before that date.  Failure for the plan to go effective by

24  such date will cause unnecessary negative financial and tax

25  consequences to the debtors that will only harm stakeholders.

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 14 of 41

13

1          With that, Your Honor, we will reserve on our

2    responses to the U.S. Trustees objections and turn the podium

3    over to Ms. Sierra-Fox.

4          THE COURT:  Thank you.

5          MS. SIERRA-FOX:  Good morning, Your Honor.  Rosa

6    Sierra-Fox on behalf of the U.S. Trustee.

7          Your Honor, we have resolved the issue in our

8    objection with respect to statutory fees.  So, we agree with

9    the debtors characterization of the remaining issues in,

10   effectively, that they are part and parcel of the larger

11   objection to the non-consensual releases by opt-out.

12         Your Honor, you heard me at the disclosure

13   statement stage and I'm not sure that the argument is much

14   different now, and we have briefed the issue extensively on

15   our papers.  That is the argument which we will largely rely

16   on today.  Notwithstanding the ruling at the disclosure

17   statement stage, we continue to believe -- the U.S. Trustee

18   continues to believe that a release -- a third-party release

19   by opt-out is a non-consensual release and that that issue is

20   measured by state law and that under state law silence does

21   not constitute acceptance to an offer and it's the same issue

22   here.  Effectively, a release by opt-out is asking parties

23   to, who otherwise are silent, be bound to a third-party

24   release.

25         Relatedly, on the issue of the injunction we had

1  also raised this at the disclosure statement stage but I am

2  not sure that we got into it at that stage but if there is no

3  authority under the code or under the state law to grant a

4  non-consensual release then we don't think an injunction

5  enforcing that release is authorized by the bankruptcy code

6  or otherwise.

7          Third, the plan contains a provision that treats

8  the plan as a global settlement largely for the reasons we

9  stated in our object, which I will summarize to be that the

10  plan is not governed by settlement standards and the GUC plan

11  is not a Rule 9019 settlement. We think that provision tends

12  to conflate what the actual confirmation standard here is.

13  And we don't think as drafted is appropriate.  We do think if

14  it were limited to just refer to the parties that have

15  explicitly agreed to a release we would be fine with a

16  construct like that and have agreed to that in other cases.

17          Lastly, I think this is for purposes of doing our

18  duty to preserve the record for appeal, we object to the

19  shortening of the 14 day stay. The proposal to shorten the 14

20  day stay as that is in Rule -- Federal Rule of Bankruptcy

21  Procedure 3020.  The debtors have since voiced why they need

22  that waiver.  We will let Your Honor decide if that presents

23  such exigent circumstances as to impose a waiver of the stay

24  but we think that issue -- a lot of debtors might face that

25  issue and its not necessarily what the rule contemplates in

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 16 of 41

15

1   terms of exigencies.

2           Your Honor, unless the Court has any other

3   questions for me we would, like I said, largely rely on the

4   arguments we have already had and the discussions we have

5   already had on largely the issue here of the non-consensual

6   releases.

7           THE COURT:  I appreciate the thorough briefing.

8   With respect to the stay I am curious about that issue in

9   light of the fact that there are no pending objections to

10  confirmation.  What is the U.S. Trustees position?  Does the

11  U.S. Trustee intend to appeal?

12          MS. SIERRA-FOX:  Your Honor, I don't have an

13  answer on that -- from the U.S. Trustees perspective.  That

14  will be --

15          THE COURT:  Is this a policy argument, I guess, is

16  what I am driving at?

17          MS. SIERRA-FOX:  You certainly -- this -- we do

18  think this is necessary to raise in light of our position on

19  the release issues.

20          THE COURT:  Thank you.

21          MS. SIERRA-FOX:  Thank you.

22          THE COURT:  Does anyone else have any objections

23  to the plan and want to be heard?  I will hear from the

24  debtor, or the committee, or anyone else who wants to be

25  heard.

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 17 of 41

16

1          MR. ROBINSON:  I apologize, Your Honor. I should

2    have got up before the objection.  Your Honor, Colin

3    Robinson, Pachulski Stang Ziehl & Jones, on behalf of the

4    committee.  My colleague, Shirley Cho, is joining us from

5    California on Zoom. Our co-counsel from Kelley Drye are also

6    on.

7          Your Honor, obviously, we support the plan. I just

8    wanted to thank all the parties.  There was a lot of work to

9    get here today, especially in the last two weeks.  We worked

10   hard with Ms. Sierra-Fox to resolve our open issues. The

11   statutory fee one was one that took a lot of time and a lot

12   of calls and a lot of meetings but we were happy to get there

13   on language that worked for both sides.

14          I wanted to thank the debtors professionals.

15   Communication lines have been great throughout and that is

16   how we were able to get here today which we think is the best

17   result in, as usual, not a great situation but we are happy

18   to move on and get the liquidating trust up and running.

19          Thank you, Your Honor.

20          THE COURT:  Thank you.

21          Ms. Doyle.

22          MS. DOYLE:  Your Honor, I believe Mr. Kinney was

23   going to address some of the arguments made by Ms. Sierra-Fox

24   but his line was muted.

25          Are you able to hear us?

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 18 of 41

17

1            MR. KINNEY:  Your Honor, are you able to hear me?

2            THE COURT:  Yes, I can hear you.

3            MR. KINNEY:  Thank you, Your Honor.  Brian Kinney

4    of Milbank LLP on behalf of the debtors.

5            Yes, if Your Honor would indulge me, I would just

6    like to respond to the issues raised by Ms. Sierra-Fox with

7    respect to the releases.

8            THE COURT:  Okay.

9            MR. KINNEY:  Your Honor, as we argued at the

10   disclosure statement hearing and based on Your Honor's input

11   as well into the form of the opt-out release that was put on

12   the ballot, this opt-out release was, in fact, very limited.

13   It only applied to parties who affirmatively made the

14   decision to submit a ballot to the debtors.  No party is

15   grudging over a release on the basis of their status as a

16   claim holder unless they, in fact, submitted a ballot to the

17   debtors and did not check the opt-out box.

18           The opt-out box was extremely prominent and

19   conspicuous on the ballots, whether a party used an

20   electronic ballot or the paper ballot.  We believe that is

21   evidenced by the number of parties who elected to, in fact,

22   use that opt-out election.  The voting report demonstrates

23   the number of parties who, in fact, did avail themselves of

24   that opt-out.

25           So, Your Honor, based on that we believe that this

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 19 of 41

18

1  is, in fact, consensual and we believe that it is, as

2  demonstrated in our brief in support of confirmation,

3  permissible under both state and federal law as we believe is

4  the appropriate standard but we believe under either standard

5  the limited and very targeted opt-out here would satisfy any

6  standard that, in fact, does exist.

7          THE COURT:  What about the U.S. Trustees position

8  with respect to the injunction language?

9          MR. KINNEY:  Your Honor, the injunction language

10  tracks -- does not extend beyond the parties who have, in

11  fact, granted the release.  It only applies to the parties

12  who have granted that release.  It does not pick up other

13  parties.  So, in fact, the two issues are tied together.  To

14  the extent that the release is appropriate and permissible

15  the injunction language extends no further then that release.

16  So, the two really do go hand in hand and it is -- the

17  injunction does not seek to enjoin anyone who has not, in

18  fact, granted a release with respect to a third party.

19  Obviously, it does with respect to -- you know, it does seek

20  to enforce the plan generally as well but it does not extend

21  to releases beyond the parties who have granted the third-

22  party release.

23          THE COURT:  Thank you.  Do you want to address the

24  U.S. Trustees other issue?

25          MR. KINNEY:  Certainly, Your Honor.  With respect

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 20 of 41

19

1    to the 9019 standard, Your Honor, we do not believe that the

2    inclusion of the provision stating that this is a global --

3    the plan constitutes a global settlement, in fact, changes

4    the standard for approval of the plan under Section 1129 of

5    the Bankruptcy Code.  As we briefed, as we have demonstrated

6    through the evidence that we have submitted today, we believe

7    that we have, in fact, satisfied Section 1129 without

8    consideration of the 9019 standards.

9          However, we also believe that deeming the plan is

10    also appropriate given the fact that it does, in fact,

11    incorporate the global settlement reached with the creditors

12    committee, the secured noteholders as well as have other

13    provisions relating to, for example, the release of

14    preference claims and related items.  So, we believe that

15    given those items it is appropriate to consider the plan and

16    global settlement; however, we believe that we have met the

17    confirmation standards about needing to rely on 9019

18    specifically for any one of those elements.

19          Your Honor, with respect to the waiver of the

20    stay.  We believe that the -- we do believe that the

21    circumstances here are the type of exigent circumstances that

22    do allow the waiver of the stay.  There are significant -- as

23    demonstrated in Mr. Wells's declaration, there are

24    significant financial and tax consequences if the plan does

25    not go effective before the end of the debtors fiscal year at

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 21 of 41

20

1   the end of January.  Given those negative effects that will

2   directly deplete the available recoveries for the unsecured

3   creditors who are the beneficiaries of this plan of the trust

4   being established, we believe that that is the very type of

5   harm that can be solved by waiver of the stay provided by the

6   rules.

7             THE COURT:  Okay, so it's the debtors intent to go

8   effective within the next seven days.

9             MR. KINNEY:  That is correct, Your Honor.  Our

10   intent is to go effective at the end of next week.

11             THE COURT:  Okay.  I want to revisit the

12   settlement issue because I will -- I do find that there has

13   been a movement away from this type of language in

14   confirmation orders.  Here, the order provides that the

15   settlements reflected in the plan are approved under 9019.

16   Its settlements with a lower case "s".  I think that is

17   overly broad. I don't know if you are talking about 527

18   settlements, I don't know if you are talking about the

19   settlement that was with the committee that the Court already

20   approved by a 9019 motion.  So, what is meant by this

21   provision

22             MR. KINNEY:  Your Honor, from the debtors

23   perspective --

24             THE COURT:  I'm trying to put a more fine point on

25   it, Mr. Kinney.  Sorry.

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 22 of 41

21

 1          MR. KINNEY:  Yeah -- no, no.  Thank you, Your

 2    Honor.  No, we believe that it's intended to pick up, first

 3    of all, that global settlement again to confirm that it has

 4    in fact been approved under 9019.  It was done by prior court

 5    order under that standard.  It also does apply, we believe,

 6    to the waiver of the preference claims pursuant to the

 7    provisions of the plan, as well as other -- the other

 8    settlements of claims and causes of action that have been

 9    memorialized in the plan.

10          And as Your Honor will see in the various redlines

11    of the plan that we've filed over the last week, we have

12    actually reached a number of resolutions with various parties

13    that are reflected in the revised plan and the revised

14    confirmation order, and we believe that those resolutions

15    also are settlements that are appropriate to approve under

16    Rule 9019.

17          And of course, Your Honor, the last piece is also

18    the propriety of the debtor releases.  Again, we also believe

19    that -- while we believe they are appropriately generally and

20    under the standards set forth in 1129 and 1123 of the Code

21    that they also could be considered a settlement and so are

22    also approvable to include that language.  Again, it's belt

23    and suspenders more than anything else, Your Honor.

24          THE COURT:  Okay.  Thank you.

25          Ms. Fox, what's the U.S. Trustee's position on

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 23 of 41

22

1 this settlement provision, on this comprehensive settlement

2 under 4(f) of the plan?

3            MS. SIERRA-FOX:  Yeah.  So, Your Honor, Rosa

4 Sierra-Fox on behalf of the U.S. Trustee.  Your Honor, when I

5 guess at the time of filing the objection, the part we -- the

6 provision we were of course signaling was the one in the

7 plan, as opposed to a confirmation order because we didn't

8 have the benefit of that at the time.  So -- but, regardless,

9 whether we have a broad settlement provision in the plan or

10 in the confirmation order, our position is generally that

11 language that suggests that under 1123 and/or Rule 9019, the

12 plan is being approved as a settlement, or that certain

13 provisions of the plan are being approved as a settlement is

14 inappropriate.  Under 1123, we think any authority to approve

15 a settlement is for claims belonging to the debtors.  We

16 think the provision in the debtors' plan about the

17 settlement, the global settlement, goes beyond just claims

18 and causes of action belonging to the debtor.  So we don't

19 think that is the statutory draft to approve the plan as a

20 settlement -- provisions of the plan as a settlement.

21            Further, with respect to Rule 9019, that is --

22 we've got case law, the Martin factors, and we've got

23 specific factors that the Court has to consider when

24 approving a settlement that, again, are not implicated

25 necessarily when the Court is considering approval of the

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 24 of 41

23

1  plan in general.

2          So, with respect to -- so I think what's become a

3  rather good compromise in certain other cases is to narrow

4  these provisions to say these specific settlements,

5  settlement with party X, party Y, party B, whoever those

6  parties might be, are being approved under this plan under

7  Rule 9019, on the assumption that the debtors have made the

8  case in connection with confirmation that the settlement

9  meets the Martin factors or those relevant factual -- the

10  relevant factual analysis that would be -- this Court would

11  need to consider under Rule 9019.

12          We have no issue with that and that's what we

13  think this should be limited to.  The U.S. Trustee's position

14  is that when this goes beyond approving those specific

15  settlements and is read largely as a provision that says the

16  plan is being approved as a settlement, we are getting into

17  territory where the confirmation standard is being conflated

18  and, in particular, with respect to calling the releases a

19  settlement -- I mean, not to go back to the point about the

20  consensual nature of the releases, but I don't think that's

21  necessarily what the -- I think, if the debtors thought about

22  that again, that's not necessarily what they want the

23  releases to be considered as because they're getting into the

24  state law territory and those things that precisely is the

25  reason why we think this need a higher level of consent, or

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 25 of 41

24

1   at least what we call affirmative consent by opt-ins.

2           So our --

3           THE COURT:  I have issues with paragraph (dd) as

4   well in the form of order with respect to third party

5   releases.

6           MS. SIERRA-FOX:  Yes.

7           THE COURT:  Candidly, these are the two concerns I

8   have.  I think that the provision with respect to settlements

9   is too broad.  I have no issue with the settlements the Court

10  previously approved, the wrapping of the 527 into here, and

11  other settlements that are part of the confirmation and

12  order.  As written, this is just too broad.

13          MS. SIERRA-FOX:  Okay.  Thank you, Your Honor.

14          MR. KINNEY:  Your Honor, we have no issue

15  narrowing that.  And, again, we also do think -- and just to

16  clarify, we would never think the third party releases were

17  subject to the 9019 settlement standard.  We were saying that

18  the granting of the debtor releases and the decision to

19  release the preference claims, but --

20          THE COURT:  So can the parties tighten that

21  language?

22          MS. SIERRA-FOX:  Yes, Your Honor.

23          THE COURT:  Okay.

24          MR. KINNEY:  Yes.

25          THE COURT:  Are there any other issues with

1  respect to the plan, or does anybody want to be heard on

2  final approval of the disclosure statement, solicitation,

3  confirmation?  This is your opportunity.

4         Okay, otherwise, I'm prepared to rule on the

5  confirmation.

6         So, based upon my review of the record in this

7  case, the evidence, and arguments presented in support of

8  confirmation, I find the plan satisfies the requirements of

9  the Bankruptcy Code, and will approve the disclosure

10  statement on a final basis and confirm the plan.

11         In terms of meeting the standards for final

12  approval of the disclosure statement and confirmation, the

13  debtors have admitted into evidence the uncontroverted

14  declaration of Christopher J. Wells in support of

15  confirmation at Docket 1687, and the declaration of Craig

16  Johnson of Kroll Restructuring Administration in support of

17  solicitation and tabulation of ballots at Docket 1684.

18         As I noted, those declarations are uncontroverted

19  and support confirmation of the plan.

20         The debtors also filed a comprehensive memorandum

21  of law in support of confirmation at Docket 1688 and, while

22  that memorandum is not evidence, it is part of the record,

23  and the memorandum lays out with specificity how the debtors

24  have satisfied their various statutory burdens and

25  requirements.

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 27 of 41

26

1              With respect to solicitation, the voting

2    declaration demonstrates the debtors have satisfied the

3    provisions of Section 1125 and 1126 of the Bankruptcy Code,

4    as applicable.  The declaration shows that the plan has the

5    support of Classes 4 and 5, both voting classes.

6              With respect to approval of the disclosure

7    statement, I'm satisfied the debtors have carried their

8    burden.  The disclosure statement satisfies the disclosure

9    requirements by providing adequate information, as defined in

10   Section 1125(a).  Further, there have been no objections of

11   receipt with respect to final approval of the disclosure

12   statement.  So I will approve it on a final basis.

13             With respect to confirmation, the debtors have

14   satisfied their burden with respect to the requirements of

15   Section 1129 of the Bankruptcy Code.  Importantly, this plan

16   is a culmination of the debtors' negotiation with key

17   stakeholders in this case.

18             So I won't address each standard, but I will note

19   no one has challenged good faith, no one has challenged

20   classification or treatment, the plan satisfies the best

21   interests test and the requirements of Section 1129(a)(7).

22   The liquidation analysis demonstrates that confirmation of

23   the plan will provide creditors with a recovery that's not

24   less than the amount such holders would receive under Chapter

25   7 liquidation.

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 28 of 41

27

1          The plan provides for an orderly wind-down and

2   liquidation of the debtors' estates, thereby satisfying the

3   feasibility requirement of Section 1129(a)(11).  The

4   exculpation provision set forth in the plan complies with

5   applicable law.

6          With respect to the releases, the debtors'

7   releases are appropriate and meet the standard for debtor

8   releases in this circuit.  And I have previously stated, in

9   light of Purdue with respect to third party releases, there

10  is no prohibition for use of an opt-out release, but whether

11  an opt-out is appropriate is subject to a case-by-case

12  analysis.  And I find the opt-out here under the

13  circumstances of this case, for the reasons that I stated on

14  the record at the disclosure statement hearing, to be

15  appropriate.  The third party releases are consensual, so I

16  will overrule the United States Trustee's objection.  And I

17  also will overrule the United States Trustee's objection with

18  respect to the injunction argument, as the injunction being

19  consistent with the release provisions.  I see that as a

20  belt-and-suspenders, so to speak.

21         Lastly, with respect to a stay of the confirmation

22  order, in light of the arguments presented and the Wells

23  declaration, I find cause exists to waive the stay of the

24  confirmation order.  So the order will be effective

25  immediately upon its entry.

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J    Pg 29 of 41

28

 1          With respect to the form of order, paragraph (dd)

 2   -- and this goes to the third party releases -- I find these

 3   releases are consensual.  The findings in sentence 3 to the

 4   end of the paragraph, they're overly broad, they're

 5   unnecessary because these are consensual third party

 6   releases, and they're not supported by the evidence

 7   presented.  So I ask that the language after the second

 8   sentence be deleted.

 9          With paragraph 30 and 32 -- and this is just a

10   question -- these are newly -- new provisions, and I assume

11   this has something to do with just being able to receive

12   distributions prior to cancelation, is that correct?

13          MR. PERETZ:  Yes, Your Honor, this was -- for the

14   record, Tuvia Peretz, Milbank LLP, on behalf of the debtors.

15   This language actually sort of caught up the confirmation

16   order to the plan.  So these are changes made in the plan at

17   the request of the Trustee that then made their way into the

18   final version of the confirmation order last night.

19          THE COURT:  Okay.  As I read it, it was actually a

20   simplified process going forward, as to how it reads, is that

21   accurate?

22          MR. PERETZ:  Yeah --

23          THE COURT:  Okay.

24          MR. PERETZ:  -- it clarifies, so -- yeah.

25          THE COURT:  Okay.

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 30 of 41

29

 1              MR. PERETZ:  And, you know, we'd also be happy, if

 2    you have any questions, I know there was another new

 3    paragraph in the confirmation order in paragraph 49, which

 4    that's a settlement agreed to with Dollar Tree with respect

 5    to -- as you might remember, they previously -- there were

 6    two asset purchase agreements for designation rights, there

 7    were reimbursement obligations under those, and so this

 8    resolves all of those reimbursement obligations, and was

 9    finalized last night and added into the form of order.

10              THE COURT:  Okay.  Thank you.

11              MR. ROBINSON:  And, Your Honor, just for the

12    record, the committee had no objection to that resolution and

13    --

14              THE COURT:  Okay.  And I have no issue with it

15    being incorporated into this order and I'm happy the parties

16    are going to resolve that.

17              With respect to paragraph 33, I'm curious why this

18    is 14 days and not 21, as required by the local rules.

19              MS. DOYLE:  Your Honor, I believe you're referring

20    to the closing of the Chapter 11 cases --

21              THE COURT:  Right.

22              MS. DOYLE:  -- which I think it's now in the

23    latest filing, paragraph 34.

24              THE COURT:  Oh.

25              MS. DOYLE:  I believe I recall that this was a

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J    Pg 31 of 41

30

 1  negotiated resolution with Ms. Sierra-Fox, but I could be

 2  wrong, and please correct me if I'm wrong.  I believe at one

 3  point we had wanted to seek to close some of the cases

 4  immediately upon the effective date, and I believe that this

 5  was a resolution to close them upon motion, but upon 14-days

 6  notice.  But I was not party to those discussions, so --

 7            MS. SIERRA-FOX:  Your Honor, Rosa Sierra-Fox on

 8  behalf of the U.S. Trustee.  Debtors' counsel is correct,

 9  they did have -- their original language proposed immediate

10  closure without motion --

11            THE COURT:  Oh.

12            MS. SIERRA-FOX:  -- and that certainly was an

13  issue.  I can't say that I focused on the 14 days, that's

14  something that I overlooked.  So I'm not sure -- 14 days is

15  better than zero, rather than automatic closures, so I guess

16  I was fine with that, but not in -- I don't want the Court to

17  think that I -- that the 14 days was something we proposed

18  necessarily, it's just --

19            THE COURT:  Okay, I understand.

20            MS. SIERRA-FOX:  -- it was better than where we

21  first stood.

22            THE COURT:  I understand.

23            MS. SIERRA-FOX:  Yeah.

24            THE COURT:  Okay.  What does -- does the U.S.

25  Trustee have any issue with 14 days?

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 32 of 41

31

 1            MS. SIERRA-FOX:  No, Your Honor.  I mean, in light

 2   of where --

 3            THE COURT:  A negotiated resolution.

 4            MS. SIERRA-FOX:  -- where I was -- where we were

 5   at first, this is -- I'll take the 14 days.

 6            THE COURT:  Okay.  Paragraph -- sorry, a couple of

 7   my numbers changed because I looked at this last evening.

 8   Bear with me one second.

 9            MR. PERETZ:  And we also have redlines of what was

10   filed late last night --

11            THE COURT:  That's okay, I have it.  I just was

12   looking at my notes from last night, it was a different copy.

13            So paragraph -- what is now paragraph 45, it deals

14   with recording officers, and it says recording officers are

15   directed, directed should be authorized.

16            And I had comment with respect to paragraph 46,

17   but if you amend the phraseology in the plan consistent with

18   the language we normally see, I have no modification to the

19   form of order.

20            And then this is just a clarification.  Let me

21   make sure the paragraph numbers are the same.

22            Okay, this is now -- this is paragraph 53, this is

23   the notice of confirmation order.  So this paragraph states

24   the notice of confirmation is adequate under the

25   circumstances.  I don't know what notice of confirm -- it's

1   not a defined term, I don't know what this is.  Is this like

2   a notice of effective date, or are you going to send out a

3   notice that the plan is being confirmed, but I don't know

4   what it is and I can't comment that it's adequate because I

5   haven't seen it.

6           MS. DOYLE:  Your Honor, you are a hundred percent

7   right.  I believe that it was intended to be an exhibit to

8   the confirmation order, what you see in many cases, which is

9   why --

10          THE COURT:  Right.

11          MS. DOYLE:  -- this language I think was a

12  holdover in here.  Obviously, when we -- we could do one of

13  two things.  We could attach a notice when we submit it to

14  the Court and the Court can make that finding separately upon

15  receipt of that notice, or we could strike the language.

16          THE COURT:  Yeah, you could just strike that

17  sentence because -- I mean, I'm happy to do it either way,

18  but I just want to make sure I wasn't missing something.

19          MS. DOYLE:  Your Honor, I think our preference

20  certainly would be to submit it under certification.  As you

21  know, those forms are pretty standard and we would keep the

22  standard form, but this way we have, once it is sent out and

23  served that we have comfort, but it is approved.

24          THE COURT:  That's fine.  Do you anticipate

25  getting an order to the Court today?

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 34 of 41

33

1              (Pause)

2              MS. DOYLE:  Your Honor, after much conferring, we

3    were actually discussing Your Honor's schedule for today,

4    which so long as Your Honor has opportunity later in the day

5    for us to be able to submit it, it will take us some time to

6    be able to send the notice around to the relevant parties and

7    make sure that everybody is signed off before submission.  We

8    would like to still get it on the docket today, if possible,

9    but that of course all depends on Your Honor's schedule and

10   availability.

11             THE COURT:  Okay.  Well, I actually have a gap in

12   the afternoon where I'm not available, but I can later look

13   at it, but I am sensitive to Court staff availability.  So if

14   you could try to get it to me by like 4 o'clock, if that's

15   possible.

16             MS. DOYLE:  I believe that should be possible.

17   All the relevant parties are in the courtroom and we should

18   be able to get that circulated around pretty quickly.

19             THE COURT:  Okay, that would be great.

20             Does anybody else want to be heard with respect to

21   the form of order?

22             MS. SIERRA-FOX:  Your Honor, Rosa Sierra-Fox on

23   behalf of the U.S. Trustee.  I just want to make sure and for

24   purposes of -- I'd like to get the order in as well as soon

25   as possible.  You have -- as long as -- I think your

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 35 of 41

34

1  directive was, as long as we come to some agreement on the

2  settlement provision issue we objected to in the plan, no

3  changes to paragraph 46.  Is that correct?

4          THE COURT:  That's correct.

5          MS. SIERRA-FOX:  Okay.  Thank you.

6          THE COURT:  Unless you're raising an issue, but I

7  think that the plan -- if it's the standard plan language, it

8  should be acceptable.

9          MS. SIERRA-FOX:  Okay.

10          THE COURT:  Okay.  Well, let me just say, I do

11  want to compliment the parties for working together, for

12  reaching the initial settlement and then this plan today.  I

13  also want to thank you for working with the United States

14  Trustee's Office to resolve issues, but this I know had to be

15  a difficult case for the parties.  There was a lot of moving

16  parts at the beginning, and so I'll compliment you all on

17  getting here today.

18          So, anyway, is there anything further?  The next

19  item.

20          MR. PERETZ:  We have one older item on the agenda,

21  yeah, Item Number 23 on the agenda, circling back to claims

22  objections.

23          THE COURT:  Right.  Let me get my other binder.

24  Bear with me one second.  This is the 48,000 sprinkler issue?

25          MR. PERETZ:  Correct.  Sprinkler, yes.

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 36 of 41

35

1              THE COURT:  Okay.

2              MR. PERETZ:  So this is Item Number 23 and the

3    debtors' third omnibus claims objection.  We're talking about

4    specifically sub-bullet 3, which is the Clairemont Rental

5    Properties objection -- response to the claims objection.

6              The claims objection was originally filed on

7    August 23rd at Docket Number 1200, asserting that this claims

8    was satisfied or waived as a result of the cure payments made

9    in connection with assumption and assignment of the lease.

10              Clairemont then filed a response to the claims

11    objection on September 13th at Docket Number 1258.  An order

12    has been entered sustaining the objections on other claims in

13    the claims objection, leaving out this one remaining

14    component.

15              So, taking a step back, the debtors assumed and

16    assigned this lease to Dollar Tree.  That notice of

17    assumption was filed on June 20th at Docket Number 856 and

18    included a cure amount of $18,685.96, which was --

19              THE COURT:  I'm sorry, can you slow down a minute.

20              MR. PERETZ:  Yeah.

21              THE COURT:  When was it assumed and assigned, what

22    date?

23              MR. PERETZ:  So the ultimate assumption and

24    assignment date was July 8th.

25              THE COURT:  Okay.

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 37 of 41

36

1          MR. PERETZ:  The first notice was on June 20th,

2     and then it was submitted -- no objections were received.  It

3     was submitted under COC on July 3rd at Docket Number 936, and

4     then entered at Docket Number 954 on July 8th.

5          And so now, subsequently, Clairemont has asserted,

6     in addition to the cure amounts set forth in that notice, an

7     additional $48,000 in costs accrued related to the sprinkler

8     system repair right before assignment, between mid-June and

9     July, and that the debtors are responsible for this.  The

10    debtors have tried to engage with Clairemont on this, asked

11    for some additional information, but thus far have not been

12    able to resolve and have not heard a response in a little

13    while.

14         Our position on it is relatively simple.  We

15    believe the assignment order clearly states that all claims

16    not asserted or waived in connection with payment of the cure

17    amount and entry of the order, you can see this in paragraphs

18    4(b) and 8 of the order that was entered, again, at Docket

19    Number 954.  Although the Clairemont response claims that

20    because a notice of cure amounts was provided earlier in the

21    case way back in May in a notice of potential assumption and

22    cure amounts at Docket Number 344, and this claim hadn't

23    arisen yet, they didn't have the opportunity to bring it,

24    that doesn't mesh with the facts here, in our opinion, Your

25    Honor, as they could have raised this in connection with the

24-10118-mg   Doc 1270-2   Filed 02/06/25   Entered 02/06/25 21:15:16   Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings   Inc.   No. 24-10719 (J   Pg 38 of 41

37

1   more definitive notice of assumption that was filed on June

2   20th after they alleged the incident leading to this claim

3   arose, which also included that lower cure amount.  They even

4   could have reserved rights in connection with that, if they

5   weren't sure.  None of that was done.  They just filed a

6   proof of claim with the amounts for the first time on the

7   same day that the assumption was ultimately entered after

8   being filed under COC.

9          We're not sure about the components of this claim

10  and the exact timing because also some of the invoices relate

11  to a larger claim and this is a subsection of that that is

12  alleged occurred prior to the actual assignment.  So some of

13  those facts we've tried to reach out, but are a bit unclear.

14  But, irrespective, we believe that the claim was waived by

15  virtue of the payment of the listed cure amount, the entry of

16  the assumption order, and the failure to assert this claim

17  prior.

18          THE COURT:  Okay.  Well, is Clairemont present?

19      (No verbal response)

20          THE COURT:  Did Clairemont get notices of hearing?

21          MR. PERETZ:  Yes.  So we had previously

22  communicated with Clairemont and pushed it to this hearing

23  and since then, in subsequent communications, we just haven't

24  heard back.

25          THE COURT:  All right.  Did you communicate, I

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 39 of 41

38

 1   mean, prior to the agenda being filed?

 2          MR. PERETZ:  We did, we did prior to the agenda

 3   being filed, yes.

 4          THE COURT:  Well, let me ask, is anyone from

 5   Clairemont on Zoom?

 6       (No verbal response)

 7          THE COURT:  So I'm going to put a finer on it, can

 8   you tell me when you'll communicate with them that the

 9   hearing was today?

10          MR. PERETZ:  Our last communication with them, I

11   believe, was about a week ago, just over a week ago, saying,

12   you know, this is set for the hearing on the 24th, we want to

13   try to discuss it in connection with that and communicating

14   that it's on the agenda for that hearing currently.

15       (Pause)

16          MR. PERETZ:  That was all part of a discussion in

17   an attempt to resolve it as well, which we had been engaged

18   in for a little while prior to that, but then -- you know, we

19   took notice, obviously, of your previous -- trying to limit

20   the number of matters on for this hearing, and so we were

21   working to resolve claims objections and push as necessary,

22   and that was in an attempt to continue to do that, but having

23   not heard back on that, we felt we should go forward at this

24   time.

25          THE COURT:  Well, I'm not seeing anyone here on

1  behalf of Clairemont and hearing no one on Zoom, I'm going to
2  overrule their response and as failure to prosecute, and you
3  can submit a form of order.
4           MR. PERETZ:  Okay.  Thank you, Your Honor.
5           THE COURT:  Anything further?
6           MR. PERETZ:  I think that's it --
7           THE COURT:  Okay.
8           MR. PERETZ:  -- that's all we have.
9           THE COURT:  All right.  Thank you all.  Have a
10 great day.  Have a safe trip back to New York, and we stand
11 adjourned.
12          COUNSEL:  Thank you, Your Honor.
13      (Proceedings concluded at  10:54 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25

24-10118-mg    Doc 1270-2    Filed 02/06/25    Entered 02/06/25 21:15:16    Exhibit B -
Confirmation Hrg Tr. - In re Number Holdings    Inc.    No. 24-10719 (J    Pg 41 of 41

40

1                              CERTIFICATION

2             I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter to the best of my

5    knowledge and ability.

6

7

8    /s/ Tracey J. Williams                    January 28, 2025

9    Tracey J. Williams, CET-914

10   Certified Court Transcriptionist

11   For Reliable

12

13

14

15

16

17

18

19

20

21

22

23

24

25