**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re:                                                                        :    Chapter 11
:
GOL LINHAS AÉREAS INTELIGENTES S.A.,          :    Case No. 24-10118 (MG)
*et al.*,[1]                                                                 :
:    (Jointly Administered)
                                           Debtors.              :
:
------------------------------------------------------------x

**ORDER (I) AUTHORIZING THE DEBTORS
TO ENTER INTO SALE AND LEASEBACK AGREEMENTS WITH
BBAM AVIATION SERVICES LIMITED AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned Debtors, seeking entry of an order pursuant to sections 105(a) and 363 of the Bankruptcy Code, (i) approving the Debtors' entry into the SLB Transaction Agreements with Lessor, in accordance with the Letter of Intent and (ii) granting related relief, each as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and it appearing that venue of these Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and adequate notice of the Motion has been given and that no other or further notice is necessary under the circumstances; and upon the Motion and the Ethier Declaration; and upon all of the proceedings had before the Court; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to enter into, and perform all obligations contemplated by, the SLB Transaction Agreements, consistent with the terms of the Letter of Intent and the Motion.

3. The Debtors, with the written consent of the Lessor, are authorized to amend, supplement, or modify the SLB Transaction Agreements without further order of the Court.

4. The automatic stay arising pursuant to section 362(a) of the Bankruptcy Code is vacated and modified to the extent necessary to implement the transactions contemplated by the Motion, the Letter of Intent, and the SLB Transaction Agreements and, subject to the terms of the SLB Transaction Agreements, enforce their respective rights, remedies, powers, and claims under the SLB Transaction Agreements.

5. The obligations of the Debtors under the SLB Transaction Agreements incurred from the execution of the SLB Transaction Agreements through the effective date of the Debtors' chapter 11 plan shall constitute allowed administrative expenses of the applicable Debtor's estate(s) pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

6. No obligation, payment, or transfer made pursuant to this Order or under the SLB Transaction Agreements shall be stayed, restrained, voidable, avoidable, or recoverable under the

Bankruptcy Code or any applicable law (including, without limitation, under sections 502(d), 544, or 547 through 550 of the Bankruptcy Code or under any applicable Uniform Voidable Transactions Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, or similar statute or common law), or subject to any contest, attack, rejection, defense, avoidance, reduction, setoff, recoupment, recharacterization, subordination (whether equitable, contractual, or otherwise), disallowance, impairment, claim, counterclaim, cross-claim, or any other challenge under the Bankruptcy Code, any applicable law, or regulation by any person or entity.

7. The sale of the Aircraft pursuant to the SLB Transaction Agreements is a legal, valid, and effective transfer of such Aircraft and vests or will vest the Aircraft purchaser under the SLB Transaction Agreements with all right, title, and interest in and to such Aircraft.

8. The transactions contemplated in the SLB Transaction Agreements and the amounts paid to sell and/or lease the equipment subject to the transactions contemplated in the SLB Transaction Agreements shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair and adequate consideration under the Bankruptcy Code and other applicable law. The Lessor is not an "insider" of any of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code. The transactions contemplated by the SLB Transaction Agreements have been negotiated in good faith, as that term is used in section 363(m) of the Bankruptcy Code. Accordingly, the Lessor is entitled to the protections of section 363(m) of the Bankruptcy Code as the good faith buyer of the Aircraft subject to the SLB Transaction Agreements, and as a good faith lessor of Aircraft to the Debtors pursuant to the Letter of Intent and the SLB Transaction Agreements.

9. Nothing herein modifies or affects in any way other relationships arising under contract or at law between the Debtors and the Lessor except as expressly provided herein. All

rights and remedies of the Debtors and Lessor with respect to all matters not addressed herein (or in such related agreements subsequently entered into as a result of the Letter of Intent, as applicable) are expressly preserved.

10. This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and their creditors, their interest holders, the Lessor, all other parties in interest, and each of the foregoing's respective affiliates, successors, and assigns, notwithstanding (i) any subsequent conversion of any Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code or any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding, (ii) the dismissal of any Debtor's chapter 11 case, or (iii) the entry of any order under which this Court abstains from hearing any Debtor's chapter 11 case.

11. Payments permitted hereunder shall be subject to and in compliance with the Approved Budget (as defined in the Final DIP Order[3]) (subject to permitted variances), and nothing herein shall constitute a waiver by the DIP Lenders (as defined in the Final DIP Order) of any default under the terms of the Final DIP Order or any DIP Documents (as defined in the Final DIP Order); *provided*, *however*, that nothing in this paragraph shall prohibit or restrict the Debtors from making any payments permitted hereunder, or relieve the Debtors from their obligation to make such payments, to the extent required by or provided for in this Order.

12. To the extent that there may be any inconsistency between the terms of the Motion and the terms of this Order, the terms of this Order shall govern.

13. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

---

[3] "Final DIP Order" means the *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Granting Adequate Protection to the Prepetition Secured Parties, (D) Modifying the Automatic Stay, (E) Authorizing the Debtors to Use Cash Collateral, and (F) Granting Related Relief* [Docket No. 207].

14. Notwithstanding the provisions of Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Code or Bankruptcy Rules, this Order shall be immediately effective and enforceable upon its entry.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: February 10, 2025  
      New York, New York

                                      /s/Martin Glenn  
                              THE HONORABLE MARTIN GLENN  
                         CHIEF UNITED STATES BANKRUPTCY JUDGE