# Milbank

**EVAN R. FLECK**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5567
EFleck@milbank.com  |  milbank.com

March 12, 2025

**VIA ECF FILING**

Chief Judge Martin Glenn
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *In re GOL Linhas Aéreas Inteligentes S.A.*, Case No. 24-10118 (MG): Notice of Supplemental Authority, *Order re Debtors' Motion to Approve Disclosure Statement* [Docket No. 1158]

To the Honorable Chief Judge Martin Glenn:

On behalf of the Debtors in the above-captioned cases, I write to advise the Court of a recent decision from this district that has direct bearing on the questions posed in the Court's order dated December 16, 2024 (the "Order").

On March 7, 2025, the Honorable Sean Lane approved a chapter 11 plan of reorganization that included a consensual "opt-out" third-party release mechanism. *See In re Spirit Airlines, Inc.*, No. 24-11988, 2025 WL 737068 (Bankr. S.D.N.Y. Mar. 7, 2025). As it has been the practice of courts in this district to follow the decisions of other bankruptcy judges in the circumstances present here,[1] Judge Lane's decision may be relevant to the Court's evaluation of the third-party release provisions in the Debtors' Plan.[2]

The *Spirit* decision speaks to many of the questions raised in the Order. First, Judge Lane held that federal law, rather than state law, governs the "central question" of what constitutes consent to a third-party release in a chapter 11 plan. *Id.* at *7. He found that "whether a creditor has agreed to certain treatment is a matter of federal bankruptcy law, with an already existing and well-developed body of case law on consent in the context of a collective bankruptcy proceeding." *Id.* at *18; *see also id.* at *9-14. Further supporting the conclusion that federal law

---

[1]   *See In re Adelphia Commc'ns Corp.*, 359 B.R. 65, 72 n.13 (Bankr. S.D.N.Y. 2007) ("This Court . . . where there is no controlling Second Circuit authority . . . follows the decisions of other bankruptcy judges in this district in the absence of clear error.").

[2]   *See Third Amended Joint Chapter 11 Plan of Reorganization of GOL Linhas Aéreas Inteligentes S.A. and Its Affiliated Debtors* [Docket No. 1336] (as may be amended or supplemented, the "Plan").

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

should apply, Judge Lane noted that the Restatement of Contracts is "not the law anywhere." *Id.* at *18 (citation omitted).

Applying federal law to the question of whether the third-party releases before him were consensual, Judge Lane observed that in the *Harrington*[3] decision, the Supreme Court "made it clear that *consensual* third-party releases were not the subject of its decision." *Id.* at *7 (emphasis in original). Then, recognizing that the question of what constitutes consent has been addressed frequently in this district and elsewhere, Judge Lane noted that he did not "write on a blank slate" (*id.* at *9), and looked to the many pre-*Harrington* decisions from this district considering third-party releases, including this Court's decision in *Avianca*. *Id.* at *10 (discussing In re Avianca Holdings S.A., 632 B.R. 124 (Bankr. S.D.N.Y. 2021)). Finding that the opt-out third-party release mechanism in the *Spirit* debtors' plan—and the consequence of failing to opt out from it—was clearly worded, prominently presented, and consistently disclosed, Judge Lane held that the opt-out mechanism enabled creditors to provide consent to the third-party releases in the plan. *Id.* at *12-13. He so held even for those creditors that were deemed to accept the plan and those that were entitled to vote but chose not to do so, finding that their consent had been demonstrated given the prominent disclosure of the releases, the well-publicized nature of the case, and the support of the unsecured creditors' committee. *See id.* at *13. Judge Lane also observed that even if he were to apply the principles of state contract law set forth in the Restatement of Contracts, he was doubtful that such principles would demand a different result than the decision he reached under federal law. *Id.* at *19-22.

The Debtors submit that many of the factors Judge Lane considered in reaching his decision are also present here. As in *Spirit*, the third-party releases in the Plan will be prominently disclosed in materials provided to creditors, and the opt-out mechanism will be clearly and conspicuously described—including the consequences of failing to opt out. Moreover, these cases are similarly well-publicized, placing creditors on notice that their rights may be affected; and here, too, the Plan enjoys the support of the Official Committee of Unsecured Creditors. For these further reasons, in addition to those set forth in their previous briefing on this issue (*see* Docket Nos. 1229, 1270), the Debtors submit that the opt-out mechanism for the third-party releases in the Plan is consensual and appropriate.

The Debtors have advised the United States Trustee and the Securities and Exchange Commission that they would submit this brief notice of supplemental authority, and look forward to presenting argument on these issues to the Court.

Respectfully submitted,

/s/ *Evan R. Fleck*

*Counsel for the Debtors*

---

[3]  *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024).

cc:    Annie Wells, Office of the United States Trustee
       Alan Maza, Securities and Exchange Commission
       Brett Miller and Todd Goren, Counsel to the Official Committee of Unsecured Creditors