**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
GOL LINHAS AÉREAS INTELIGENTES S.A.,                        :   Case No. 24-10118 (MG)
*et al.*,[1]                                                :
                                                            :
                           Debtors.                         :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**ORDER (I) APPROVING TERMS OF,
AND AUTHORIZING DEBTORS' ENTRY
INTO AND PERFORMANCE UNDER, THE EXIT
FINANCING COMMITMENT LETTER AND FEE LETTER,
(II) AUTHORIZING DEBTORS TO ENTER INTO ADDITIONAL
FEE LETTERS WITH ADDITIONAL COMMITMENT PARTIES, AND
(III) AUTHORIZING INCURRENCE, PAYMENT AND ALLOWANCE
OF OBLIGATIONS THEREUNDER AS ADMINISTRATIVE EXPENSES**

Upon consideration of the motion (the "Motion")[2] of the above-captioned Debtors, seeking entry of an order pursuant to sections 105(a), 363(b), 503(b)(1), and 507(a)(2) of the Bankruptcy Code, and Bankruptcy Rules 6004(a) and 6004(h), (i) authorizing the Debtors to enter into and perform under the Commitment Documents, (ii) authorizing the Debtors to enter into Additional Fee Letters consistent with the terms set forth in the Commitment Documents, each with Castlelake, L.P. and Elliott Investment Management, L.P., each on behalf of certain funds and accounts affiliated with or managed by them (the "Backstop Commitment Parties"); and (iii)

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A).  The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

approving the incurrence, payment, and allowance of the Commitment Obligations as administrative expenses of the Financing Parties, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and it appearing that venue of these Chapter 11 Cases is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary under the circumstances; and upon the Motion; and upon all of the proceedings had before the Court; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to enter into the Commitment Documents, with the Commitment Letter in substantially the form attached as **Exhibit C** to the Motion and the Fee Letter in substantially the form attached to the Motion as **Exhibit D**, and to perform under the Commitment Documents in accordance with their respective terms. Without limiting the generality of the foregoing, no person or entity shall have any right to seek or enforce specific performance of the Commitment Documents except the parties thereto in accordance with the terms thereof.

3. The Debtors are authorized to enter into Additional Fee Letters with Additional Commitment Parties on terms substantially similar to those described in the Motion without further order of the Court.

4. The failure to describe specifically or include any particular provision of the Commitment Documents in the Motion or this Order shall not diminish or impair the effectiveness of such provision.

5. The Debtors are authorized, but not directed, to enter into amendments to the Commitment Documents and Additional Fee Letters from time to time as necessary, subject to the terms and conditions set forth therein, without further order of the Court.

6. The Commitment Documents and Additional Fee Letters shall be solely for the benefit of the parties thereto, and no other person or entity shall be a third-party beneficiary thereof, except in accordance with their respective terms.

7. The Commitment Obligations are hereby allowed as administrative expenses in the Chapter 11 Cases pursuant to sections 503(b) and 507 of the Bankruptcy Code, subordinate to the superpriority claims granted in the *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Granting Adequate Protection to the Prepetition Secured Parties, (D) Modifying the Automatic Stay, (E) Authorizing the Debtors to Use Cash Collateral, and (F) Granting Related Relief* [Docket No. 207] (the "Final DIP Order") and payable directly from the proceeds of any applicable Alternate Transaction Financing (as defined in the Fee Letter), subordinate to the DIP Superpriority Claims.

8. Subject to the review procedures set forth in this paragraph, the Debtors are authorized to pay the Expense Reimbursement as provided in the Commitment Documents and

3

payment of the Expense Reimbursement shall not be subject to allowance or review by the Court unless disputed in accordance with this paragraph.  Professionals for the Commitment Parties shall not be required to comply with the U.S. Trustee fee guidelines, however any time that such professionals seek payment of fees and expenses from the Debtors prior to the Closing Date, each professional shall provide summary copies of its invoices (which shall not be required to contain time entries and which may be redacted or modified to the extent necessary to delete any information subject to the attorney-client privilege, any information constituting attorney work product, or any other confidential information, and the provision of their invoices shall not constitute any waiver of the attorney client privilege or of any benefits of the attorney work product doctrine) to the Debtors, the Creditors' Committee, the U.S. Trustee, and, if required by the Court, the Court (together, the "Review Parties").  Any objections raised by the Debtors, the Creditors' Committee, or the U.S. Trustee with respect to such invoices must be in writing and state with particularity the grounds therefor and must be submitted to the applicable professional within ten (10) business days after the receipt by the Review Parties (the "Review Period").  Upon request in writing by a Review Party to an applicable professional within the Review Period, such professional shall promptly provide additional reasonably requested detail regarding its invoice to such Review Party, including time entries if requested (which time entries may be redacted for privilege, provided that the U.S. Trustee may request unredacted time entries and all parties' rights to oppose such request for unredacted time entries are preserved).  If no written objection is received by 12:00 p.m., prevailing Eastern Time, on the end date of the Review Period, the Financing Parties shall pay such invoices within five (5) business days.  If an objection to a professional's invoice is received within the Review Period, the Financing Parties shall promptly pay the undisputed amount of the invoice and this Court shall have jurisdiction to determine the

disputed portion of such invoice if the parties are unable to resolve the dispute consensually. No attorney or advisor to the Commitment Parties for whom the Debtors are obligated to pay the Expense Reimbursement pursuant to this Order shall be required to file an application seeking compensation for services or reimbursement of expenses with the Court. Any and all fees, costs, and expenses paid prior to the entry of this Order by any of the Debtors to the Commitment Parties in connection with or with respect to the Exit Financings are hereby approved in full and shall not be subject to recharacterization, avoidance, subordination, disgorgement or any similar form of recovery by the Debtors or any other person.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Nothing herein shall constitute a waiver by (i) the DIP Lenders (as defined in the Final DIP Order) or prepetition lenders provided adequate protection under the Final DIP Order of their respective superpriority claims or their other respective rights and remedies pursuant to the Final DIP Order or any DIP Documents (as defined in the Final DIP Order) or (ii) any other party provided a superpriority claim pursuant to an order of the Court.

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

IT IS SO ORDERED.

Dated: March 26, 2025
     New York, New York

          /s/Martin Glenn
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE