Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St. NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Counsel for Debtors and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                  :
In re:                  :   Chapter 11
                  :
GOL LINHAS AÉREAS INTELIGENTES S.A.,  :   Case No. 24-10118 (MG)
*et al.*,[1]             :
                  :
            Debtors.   :   (Joint Administration Requested)
                  :
-------------------------------------------------------------x

## CONFIDENTIALITY AGREEMENT AND
## JOINT STIPULATED PROTECTIVE ORDER

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

This Confidentiality Agreement and Stipulated Protective Order (the "Order") is entered into by and among: (a) the debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"); (b) the ad hoc group of holders of the 8.00% senior secured notes due 2026 issued by GOL Finance (Luxembourg) (the "2026 Noteholders"); (c) Whitebox Advisors LLC ("Whitebox"); (d) the Official Committee of Unsecured Creditors (the "Committee"); (e) Abra Group Limited and Abra Global Finance (together, "Abra"); and (f) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto (a "Declaration") upon agreement with the Debtors. Each of the persons or entities identified in the foregoing clauses (a) through (f) shall be referred to herein individually as a "Party," and, collectively, as the "Parties." The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

<u>Recitals</u>

WHEREAS, the Debtors, the 2026 Noteholders, Whitebox, the Committee, Abra, and certain other parties in interest are engaged in discovery related to the *Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of GOL Linhas Aereas Inteligentes S.A. and Its Affiliated Debtors* [Docket No. 1389] (as may be further modified, amended, or supplemented, the "Plan" and, together with discovery matters related thereto, the "Discovery Matter"); and

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to the Discovery Matter, including through informal requests, Bankruptcy Rule 2004 motions, or service of document requests, interrogatories,

2

depositions, and other discovery requests (collectively, "Discovery Requests") as provided by the
Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure
of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules");

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment
of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over
confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential, IT
IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS
ORDERED that the following terms will govern any requests for and production and handling of
Discovery Material (as defined below) in connection with the Discovery Matter during the course
of the Chapter 11 Cases:

## Scope of Order

1.      This Order applies to all information, documents and things exchanged in or subject
to discovery that is produced related to the Discovery Matter, by either Party (each, a "Producing
Party"), to either Party (each, a "Receiving Party"), formally or informally, either prior to or after
the filing of a judicial proceeding, in response to or in connection with any Discovery Requests,
including without limitation, deposition testimony, interrogatories, answers to interrogatories,
requests for admission, responses to requests for admission, documents, information and things
produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof
(collectively referred to as "Discovery Material").   Discovery Material includes hard copy
documents and electronically stored information, including, without limitation, writings, drawings,
graphics, charts, photographs, sound recordings, images, data, or data compilations stored in any
medium.

2.      This Order does not affect, amend, or modify any existing confidentiality
agreements, non-disclosure agreements, intercreditor agreements, or protective orders applicable

to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

3.      Any non-Party that executes and delivers to the Parties a Declaration in the form provided as **Exhibit A** hereto shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto and shall be permitted to review Confidential, Highly Confidential, and Professional Eyes Only Material as set forth in Paragraphs 10 and 11of this Order.

4.      This Order applies to all non-Parties that are served with subpoenas in connection with the Discovery Matter or who otherwise produce documents or are noticed for depositions with respect to the Discovery Matter, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing a Declaration and agreeing to be bound by the terms of this Order.

5.      Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that such non-Party may designate documents or testimony in the Discovery Matter produced pursuant to such subpoena according to the provisions herein.

**Designating Discovery Material**

6.      Any Producing Party may designate Discovery Material as "Confidential," "Highly Confidential," or "Professional Eyes Only" (any such Discovery Material, "Designated Material"), in accordance with the following provisions:

      a.      "Confidential" Material: A Party may designate Discovery Material as "Confidential" if such Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, research, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) or Bankruptcy Rules 7026 or 9018 or (B) is

4

subject by law or by contract to a legally protected right of privacy; or (ii) a Producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

b.    <u>"Highly Confidential" or "Professional Eyes Only" Material:</u> A Party may designate Discovery Material as "Highly Confidential" or "Professional Eyes Only" if such Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes highly confidential Discovery Material that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 11 of this Order, such as trade secrets, sensitive financial or business information, or material prepared by its industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff), and only to the extent that the Party believes in good faith that such material is of such a nature that "Highly Confidential" or "Professional Eyes Only" treatment is warranted.

7.    <u>Manner Of Designating Discovery Material:</u> Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the Producing Party as such by marking each such page "Confidential," "Highly Confidential," or "Professional Eyes Only," as applicable.  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking of every page of such material is not practicable, such as with certain native file documents, such material may be designated as "Confidential," "Highly Confidential," or "Professional Eyes Only" by including such terms in the file name thereof. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential," "Highly Confidential," or "Professional Eyes Only" shall be treated as "Confidential," "Highly Confidential," or "Professional Eyes Only" pursuant to this Order notwithstanding such Discovery Material not bearing such markings.  A Party that was not the Producing Party may designate Discovery

Material by providing written notice to all Receiving Party that such Discovery Material is "Confidential," "Highly Confidential," or "Professional Eyes Only."

8.    <u>Late Designation of Discovery Material:</u> The failure to designate particular Discovery Material as "Confidential," "Highly Confidential," or "Professional Eyes Only" at the time of production shall not, standing alone, operate to waive a Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated Material</u>"). The designating person must promptly provide written notice indicating its designation to the Receiving Party and, if the designating person did not produce the information, to the person that produced the information. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Receiving Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; <u>provided</u>, <u>however</u>, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

**<u>Use and Disclosure of Confidential, Highly Confidential, or Professional Eyes Only
Material</u>**

9.    <u>General Limitations On Use And Disclosure Of All Discovery Material:</u> All Discovery Material shall be used by the Receiving Parties solely for the purposes of the Discovery Matter or the Chapter 11 Cases, and not for any other purpose, including any other litigation or

judicial proceedings, or any business, competitive, governmental, commercial or administrative purpose or function.

10.    <u>Confidential Material:</u> Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

  a.    the Parties (including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to the Discovery Matter or the Chapter 11 Cases);

  b.    the Debtors' creditors and other constituents that are signatories to this Order, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to the Discovery Matter or the Chapter 11 Cases;

  c.    the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), including its members;

  d.    the U.S. Trustee;

  e.    any non-Party who has signed a Declaration, in the form provided as Exhibit A hereto; and

  f.    any other persons specified in Paragraph 11 below.

11.    <u>Highly Confidential or Professional Eyes Only Material:</u> Highly Confidential or Professional Eyes Only Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

  a.    Outside counsel and staff working under the express direction of such counsel, for:

    (i)    the Parties;

    (ii)    the Debtors' creditors and other constituents that are signatories to this Order;

    (iii)    the Committee;

    (iv)    the U.S. Trustee; and

    (v)    any non-Party who has signed a Declaration, in the form provided as Exhibit A hereto.

b.      industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Discovery Matter or these Chapter 11 Cases;

c.      any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d.      witnesses being questioned, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is determined by counsel in good faith to be necessary for the proceedings or the resolution of the Discovery Matter or the Chapter 11 Cases, provided, however, that the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential or Professional Eyes Only Material unless such persons are otherwise entitled to retain copies pursuant to this Order;

e.      outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Discovery Matter or these Chapter 11 Cases;

f.      court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Discovery Matter or these Chapter 11 Cases;

g.      the Court, its officers and clerical staff in any judicial proceeding that may result from the Discovery Matter or these Chapter 11 Cases; and

h.      any other person or entity with respect to whom the Producing Party may consent in writing and who has signed a Declaration in the form provided as Exhibit A hereto.

12.     <u>Designated Material To Be Disclosed Only In Accordance With Paragraphs 10 and 11:</u> Highly Confidential and Professional Eyes Only Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 11 of this Order.  Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 10 of this Order.

13.    <u>Sealing of Designated Material Filed With Or Submitted To Court:</u> Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Confidential, Highly Confidential, or Professional Eyes Only Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules, such as by redacting Designated Material in pleadings, briefs, declarations, and memoranda, and replacing exhibits that constitute Designated Material with a placeholder, and providing unredacted and complete copies of all such submissions to all Parties to this Order and to the Court.

14.    <u>Use of Discovery Material In Open Court:</u> The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 48 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.  If the Parties are unable to resolve a dispute related to such Designated Material, the question shall be submitted to the Court on an expedited basis.

**<u>Depositions</u>**

15.    <u>Deposition Testimony - Manner Of Designation:</u> In the case of depositions or Rule 2004 examinations, if counsel for a Party believes that a portion of the testimony given at a

deposition should be Designated Material of such Party, such testimony may be designated as appropriate by:

    a.    Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

    b.    Providing written notice within seven (7) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days, and in all circumstances such written notice shall be provided at least 24 hours before any such hearing on related issues. Such designation and written notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 19 below. Until expiration of the aforesaid seven (7) day or three (3) business day or 24 hour period, as applicable, all deposition transcripts and videotapes shall be considered and treated as Confidential unless otherwise designated by counsel to any Party on the record at the deposition.

16.    <u>Designated Material Used As Exhibits During Depositions:</u> Nothing in Paragraph 14 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.    <u>Witness Review Of Deposition Testimony:</u> Nothing in Paragraphs 15 or 16 hereof shall preclude the witness from reviewing his or her deposition transcript.

18.    <u>Presence Of Parties During Deposition Testimony:</u> Anyone who attends a deposition is subject to the provisions of this Order with respect to such deposition and must become a Party to this Order prior to such deposition. When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

19.    <u>Responsibilities And Obligations Of Court Reporters:</u> In the event that testimony is designated as Confidential, Highly Confidential, or Professional Eyes Only, the court reporter,

who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential," "Highly Confidential," or "Professional Eyes Only," as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential," "Highly Confidential," or "Professional Eyes Only" as appropriate, if any portion of the transcript itself is so designated.

### General Provisions

20. Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

21. This Order is a procedural device intended to protect Discovery Material designated as Designated Material. Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Material.

22. Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice.

23. Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure immediately (a) notify the person or entity to whom the disclosure

was made that the disclosure contains Designated Material subject to this Order; (b) make best efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (c) notify the Producing Party in writing of the unauthorized disclosure, including the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.

24.    <u>Manner Of Objecting To Designated Material:</u> If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, and then confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to the Producing Party's designation. Upon motion, the Court may order the removal of the "Confidential," "Highly Confidential," or "Professional Eyes Only" designation from any Discovery Material so designated.

25.    <u>Timing Of Objections To Designated Material:</u> A Receiving Party shall not be obliged to challenge the propriety of a "Confidential," "Highly Confidential," or "Professional Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of Discovery Material as "Confidential." "Highly Confidential," or "Professional Eyes Only" during the discovery period shall not be a waiver of that Party's right to object to such designation at trial.

26.    <u>Inadvertent Production Of Privileged Discovery Material:</u> This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Inadvertent production of any Discovery Material which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("<u>Inadvertently Produced Privileged Information</u>"), will not by itself constitute a waiver of any applicable privilege.  Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party must promptly return, sequester, or destroy the specified documents or information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  If the Receiving Party disputes the privilege claim, the Parties shall thereafter meet and confer regarding the disputed privilege claim.  If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies.  The Producing Party must preserve the Inadvertently Produced Privileged Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved.

27.    <u>Use Of Non-Discovery Material:</u> To the extent that any Party has documents or information that (i) were already in its possession as of February 1, 2024; (ii) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) were independently developed by such Party without

violating its obligations hereunder; or (iv) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Discovery Material"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with any Discovery Matter or the Chapter 11 Cases.

28.    Obligations Following Conclusion Of The Discovery Matter: Within one hundred and twenty (120) days of the later of the conclusion of the relevant Discovery Matter(s) or the Debtors' emergence from bankruptcy, including all appeals as to all Parties, all Parties shall, upon the request of the Producing Party, to the extent reasonably practicable, return to counsel for the respective Producing Party, or to destroy, all Discovery Material, and all copies or notes thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required by law, for regulatory recordkeeping purposes or internal governance or record keeping policies; provided that such retained documents will continue to be treated as provided in this Order.  Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding,  except that (a) there shall be no restriction on documents that are used as exhibits in open court, unless such exhibits were filed under seal, and (b) a Party may seek the written permission of the Producing Party or order of the Court with respect to dissolution or modification of this Order.

29.     <u>Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order:</u> The provisions of this Order shall survive the final termination of the Discovery Matter and the Debtors' emergence from bankruptcy for any retained Discovery Material.  The final termination of the Discovery Matter or the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce this Order.

30.     <u>Amendment Of Confidentiality Agreement And Stipulated Protective Order:</u> Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time.  The Parties may also agree by written stipulation to amend the provisions of this Order, subject to Court approval, and shall abide by the terms of the proposed amendment unless and until the Court orders otherwise.

31.     <u>Disclosure Of Discovery Material In Other Proceedings:</u> Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall notify the Producing Party within three (3) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation) to enable it to have an opportunity, at such Producing Party's sole cost and expense, to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

32.    <u>Use Of Discovery Material By Producing Party:</u> Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.  Such disclosure will not waive the protections of this Order and will not entitle other Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

33.    <u>Objections To Discovery Requests:</u> Nothing herein shall be deemed (a) to prevent a Party from objecting to Discovery Requests or asserting that information being sought in Discovery Requests is of such a confidential, personal, or proprietary nature that discovery should not be afforded or (b) to preclude a Party from seeking additional or further limitations on the use or disclosure of such information.

34.    <u>Obligations Of Parties:</u> Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Discovery Matter or the Chapter 11 Cases.

35.    <u>Advice Of Counsel:</u> Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Discovery Matter and these Chapter 11 Cases and, in the course thereof, relying on examination of Discovery Material; <u>provided, however,</u> that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

36.    <u>Enforcement:</u> The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

Dated:  New York, New York
         April 2, 2025

**MILBANK LLP**

*/s/ Evan R. Fleck*
Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

-and-

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100,
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile:  (213) 629-5063

*Counsel for Debtors and Debtors-in-Possession*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

_/s/ Luke A. Barefoot_
David H. Botter
Luke A. Barefoot
Jane VanLare
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

_Counsel to the 2026 Senior Secured Notes Ad Hoc Group_

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

*/s/ Andrew Weaver*
Richard J. Cooper
Rishi Zutshi
Thomas S. Kessler
Andrew Weaver
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to Whitebox Advisors LLC*

**WILLKIE FARR & GALLAGHER LLP**

*/s/ James C. Dugan*
Brett H. Miller
Todd M. Goren
James C. Dugan
Craig A. Damast
James H. Burbage
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for the Official Committee of Unsecured
Creditors*

**WACHTELL, LIPTON, ROSEN & KATZ**

*/s/ Amy R. Wolf*
Richard G. Mason
Amy R. Wolf
Benjamin S. Arfa
Angela K. Herring
Mitchell S. Levy
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street New York, New York 10019
Tel: (212) 403-1000 Fax: (212) 403-2000
Attorneys for Abra Group Limited
and Abra Global Finance

*Counsel for Abra Group Limited and Abra Global Finance*

**SO ORDERED:**

DATE                             THE HONORABLE MARTIN GLENN
                                 UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                    :
In re:                                              :    Chapter 11
                                                    :
GOL LINHAS AÉREAS INTELIGENTES S.A.,                :    Case No. 24-10118 (MG)
*et al.*,[2]                                         :
                                                    :
                          Debtors.                  :    (Joint Administration Requested)
                                                    :
---------------------------------------------------------------x

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**
**THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury (this
"Declaration") that:

1.    My address is_____.

2.    My present employer is_____.

3.    My present occupation or job description is _____

_____.

4.    I hereby certify and agree that I have read and understand the terms of the
Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the Discovery
Matter between the Debtors, the 2026 Noteholders, Whitebox, the Committee, Abra, and certain
of the Debtors' creditors and other constituents that may become Parties. All capitalized terms not
otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I

---

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A);
GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A.
(N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo
S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A);
Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento
no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu
Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

further certify that I will not use Discovery Material for any purpose other than the Discovery

Matter and the Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed

to anyone not expressly permitted by the Order to receive Discovery Material.  I agree to be bound

by the terms and conditions of the Order.

   5.  I understand that I am to retain in confidence from all individuals not expressly

permitted to receive Discovery Material, whether at home or at work, all copies of any Discovery

Material, and that I will carefully maintain such materials in a manner consistent with the Order.

I acknowledge that the return or destruction of Discovery Material shall not relieve me from any

other continuing obligations imposed upon me by the Order.

   6.  I stipulate to the jurisdiction of this Court solely with respect to the provisions of

the Order.


Date: _____    Signature: _____