UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re:                                                      :    Chapter 11
                                                            :
GOL LINHAS AÉREAS INTELIGENTES S.A.,                        :    Case No. 24-10118 (MG)
*et al.*,[1]                                                :
                                                            :
              Debtors.                                      :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## STIPULATION AND AGREED ORDER BETWEEN
## THE DEBTORS AND SMBC AERO ENGINE LEASE B.V.
## REGARDING CLAIM ALLOWANCE AND RELATED MATTERS
### (ESN 661338)

This stipulation and agreed order (the "Stipulation") is entered into by and among (i) the above-caption debtors and debtors-in-possession (collectively, the "Debtors") and (ii) SMBC Aero Engine Lease B.V. ("SAEL"), as lessor for one (1) CFM56-7B26E aircraft engine bearing manufacturer's serial number 661338 (along with the parts, other equipment, manuals, and records associated therewith, the "Engine"). Collectively, the Debtors and SAEL are referred to herein as the "Parties" and each a "Party." The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on January 25, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

District of New York (the "Court") commencing cases under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

WHEREAS, on January 24, 2025, the Debtors filed their *Modified Third Amended Joint Chapter 11 Plan of GOL Linhas Aéreas Inteligentes S.A. and Its Affiliated Debtors* [Docket No. 1364] (as may be amended, modified, or supplemented from time to time, the "Plan"). The Court approved the associated disclosure statement [Docket No. 1388].

WHEREAS, the Parties are parties to the Aircraft Engine Lease Agreement in respect of the Engine dated November 25, 2014, which incorporates the terms of that certain General Terms Engine Lease Agreement dated November 25, 2014, between SAEL (formerly known as Sumisho Aero Engine Lease B.V.), as lessor, and GOL Linhas Aéreas S.A. (formerly known as VRG Linhas Aéreas S.A.), as lessee (the "Lease" and, together with any documents and agreements related thereto, the "Lease Agreements").

WHEREAS, the Debtors filed a motion rejecting the Lease, and on April 11, 2024, the Court entered an order granting such motion [Docket No. 476] (the "Rejection Order"), setting forth certain terms relating to the rejection of the Lease relating to the Engine.

WHEREAS, SAEL timely filed a proof of claim against Debtor GOL Linhas Aéreas S.A. in the Chapter 11 Cases in connection with the Engine and the Lease Agreements, represented by proof of claim number 1623, which claims are further described in **Exhibit A** hereto (the "Claims").

WHEREAS, the Parties now desire to fully and finally resolve SAEL's prepetition general unsecured claims and administrative expense claims arising from the Engine and the Lease Agreements as stipulated below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS**

**STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED THAT:**

1. This Stipulation shall be effective upon the first date that each of the following have been satisfied and are in effect (such date, the "Effective Date"):

    (a) it is executed by the Parties hereto; and

    (b) this Stipulation has been approved by the Court.

Upon execution by the Parties, the Debtors agree that they will promptly file this Stipulation for approval by the Court. To the extent that the Court does not approve the terms of this Stipulation, the Parties' respective rights and defenses with respect to the Claims and other claims and payments as provided herein and under the Rejection Order shall be fully preserved and reserved.

2. The Debtors and SAEL have agreed to settle the amount of the prepetition general unsecured claims and administrative expense claims held by SAEL against the applicable Debtor. The Parties hereby agree that SAEL shall hold, and upon the Effective Date holds, allowed non-priority prepetition general unsecured claims and administrative expense claims (the "Allowed Claims") against the applicable Debtor in their Chapter 11 Cases arising from the Lease Agreements in the amounts in the "Agreed Amounts" column as set forth on **Exhibit A** hereto (the "Allowed Claim Amounts"). Except (i) as set forth in the "Agreed Amounts" column on Exhibit A or (ii) as otherwise provided herein, SAEL shall not hold any other prepetition general unsecured claims or administrative expense claims against any of the Debtors with respect to the Engine, the Lease Agreements, and/or the Rejection Order. With respect to the Lease, the security deposits have been applied to reduce the amount of the Allowed Claim Amounts set forth in **Exhibit A** hereto in accordance with Rejection Order. The Allowed Claims shall be deemed "allowed" for all purposes in the Chapter 11 Cases.

3. The Allowed Claims shall not be (either directly or indirectly) (i) subject to any challenge, objection, reduction, counterclaim, or offset for any reason or (ii) subject to any objection, avoidance, or recovery actions under sections 502(d), 542, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code or any other applicable law. The Allowed Claims (and the treatment provided for such claims in the Chapter 11 Cases and under the Plan) shall constitute full and final satisfaction of the Claims with respect to the Engine, the Lease Agreements, and/or the Rejection Order.

4. Other than in respect of the Allowed Claims and the Allowed Claim Amounts as provided herein, nothing herein shall affect or modify in any way the terms of the Rejection Order, which terms remain in full force and effect.

5. The Debtors' claims and noticing agent (Kroll Restructuring Administration LLC) is authorized to take all actions necessary or appropriate to give effect to this Stipulation.

6. SAEL represents and warrants that, as of the date of this Stipulation: (i) it has not assigned, transferred or sold (or purported to assign, transfer or sell) all or any portion of any Claim in its name or any obligation or cause of action herein withdrawn and (ii) it has the authority to enter into this Stipulation and implement the claim allowance matters set forth herein.

7. The Debtors represent and warrant that as of the date of this Stipulation, they have the authority to enter into this Stipulation and implement the claim allowance matters set forth herein.

8. This Stipulation shall be governed and construed in accordance with the laws of the State of New York without giving effect to the conflict of laws or choice of law provisions thereof. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between them arising from or related to this Stipulation.

9. The Parties acknowledge that this constitutes the entire Stipulation between the Parties with respect to the subject matter hereof, and all prior negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Stipulation. The Parties agree that this Stipulation may not be varied in its terms by an oral stipulation or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

10. This Stipulation shall be binding on and run to the benefit of the Parties, and all of their affiliates, assigns and successors.

11. The Parties agree that this Stipulation constitutes a compromise of disputed claims, and that this Stipulation is not intended, nor shall it be construed by anyone, to be an admission of liability by or on behalf of any of the Parties.

12. Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

13. Each of the undersigned counsel represent that he or she is authorized to execute this Stipulation on behalf of his or her respective client.

14. This Stipulation may be executed in one of more counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

15. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or further order of the Bankruptcy Court.

**IT IS SO ORDERED.**

Dated: April 30, 2025  
    New York, New York

/s/Martin Glenn  
THE HONORABLE MARTIN GLENN  
CHIEF UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY:**

Dated: New York, New York
April 23, 2025

**MILBANK LLP**

*/s/ Evan R. Fleck*
Evan R. Fleck
Lauren C. Doyle
Bryan V. Uelk
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

-and-

Andrew M. Leblanc
Erin E. Dexter (admitted *pro hac vice*)
**MILBANK LLP**
1850 K St NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 263-7586

-and-

Gregory A. Bray
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

-and-

Kathryn A. Coleman
Christopher C. Gartman
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

| | |
|---|---|
| Dated: New York, New York<br>April 23, 2025 | **CLIFFORD CHANCE US LLP**<br><br>By: */s/ Robert Johnson*<br>Michelle M. McGreal, Esq.<br>Robert Johnson, Esq.<br>Clifford Chance US LLP<br>Two Manhattan West<br>375 9th Avenue<br>New York, NY 10001<br>Telephone: (212) 878-8000<br>Facsimile: (212) 878-8375<br><br>*Counsel for SMBC Aero Engine Lease B.V.* |

8

**EXHIBIT A**

| Claim No. | Debtor | ESN | Claimant | Asserted Amount in Proof of Claim | Agreed Amount | Treatment of Agreed Amount |
|---|---|---|---|---|---|---|
| 1623 | GOL Linhas Aéreas S.A. | 661338 | SMBC Aero Engine Lease B.V. | Prepetition General Unsecured Claim: $1,607,246.67 | Prepetition General Unsecured Claim: $1,467,246.67 | Allowed |
| | | | | Administrative Expense Claim: $290,749.49 | Administrative Expense Claim: $290,786.54 | Allowed |