**Presentment Date and Time: May 13, 2025 at 12:00 p.m. (ET)**
**Objection Deadline: May 12, 2025 at 4:00 p.m. (ET)**

| | |
|---|---|
| Evan R. Fleck | Andrew M. Leblanc |
| Lauren C. Doyle | Erin E. Dexter (admitted *pro hac vice*) |
| Bryan V. Uelk | **MILBANK LLP** |
| **MILBANK LLP** | 1850 K St. NW, Suite 1100 |
| 55 Hudson Yards | Washington, DC 20006 |
| New York, NY 10001 | Telephone: (202) 835-7500 |
| Telephone: (212) 530-5000 | Facsimile: (202) 263-7586 |
| Facsimile: (212) 530-5219 | |
| -and- | |
| Gregory A. Bray | Kathryn A. Coleman |
| **MILBANK LLP** | Christopher C. Gartman |
| 2029 Century Park East, 33rd Floor | **HUGHES HUBBARD & REED LLP** |
| Los Angeles, CA 90067 | One Battery Park Plaza |
| Telephone: (424) 386-4000 | New York, NY 10004 |
| Facsimile: (213) 629-5063 | Telephone: (212) 837-6000 |
| | Facsimile: (212) 422-4726 |

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
GOL LINHAS AÉREAS INTELIGENTES S.A., : Case No. 24-10118 (MG)
*et al.*,[1] : 
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

**NOTICE OF PRESENTMENT OF
STIPULATION AND AGREED ORDER
BETWEEN THE DEBTORS AND THE ACG LESSOR PARTIES
REGARDING CLAIM ALLOWANCE AND RELATED MATTERS
(MSNS 34277, 34278, 38876, 38877, and 38878)**

**PLEASE TAKE NOTICE** that the above captioned debtors and debtors-in-possession (the "Debtors") hereby file the *Stipulation and Agreed Order Between the Debtors and the ACG Lessor Parties Regarding Claim Allowance and Related Matters (MSNs 34277, 34278, 38876, 38877, and 38878)* (the "Stipulation").

**PLEASE TAKE FURTHER NOTICE** that the undersigned will present the Stipulation to the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, NY 10004 (the "Court") **on May 13, 2025 at 12:00 p.m. (prevailing Eastern time)** (the "Presentment Date") for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Stipulation shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Final Order Implementing Certain Notice and Case Management Procedures* [Docket No. 175]; (iii) be filed electronically with this Court on the docket of *In re GOL Linhas Aéreas Inteligentes S.A.*, Case No. 24-10118 (MG) by registered users of this Court's electronic filing system (which is available on this Court's website at http://www.nysb.uscourts.gov); and (iv) be served so as to be actually received by **May 12, 2025 at 4:00 p.m. (prevailing Eastern time)** (the "Objection Deadline"), by: (a) the Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (b) the Debtors, c/o GOL Linhas Aéreas Inteligentes S.A., Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Brazil (Attn: Joseph W. Bliley, Chief Restructuring Officer); (c) Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Evan R. Fleck, Esq., Lauren C. Doyle Esq., Bryan V. Uelk Esq., and Gregory A. Bray, Esq.), counsel for the Debtors; (d) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, NY 10004-1408 (Attn: Annie Wells, Esq. and Rachael Siegel, Esq.); (e) the Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (f) the Federal Aviation Administration, 800 Independence Ave., S.W. Washington, DC 20591 (Attn: Office of the Chief Counsel); (g) the U.S. Attorney's Office for the Southern District of New York, One St. Andrew's Plaza, New York, NY 10007; (h) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Brett H. Miller, Esq., Todd M. Goren, Esq., Craig A. Damast, Esq., and James H. Burbage, Esq.), counsel for the Official Committee of Unsecured Creditors; and (i) Vedder Price P.C., 1633 Broadway, 31st Floor, New York, NY 10019 (Attn: Michael J. Edelman, Esq.), counsel for Aviation Capital Group LLC and Special Counsel for Bank of Utah in respect of the above-listed aircraft transactions.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are received by the Objection Deadline with respect to the Stipulation, the Debtors shall, on the

Presentment Date, submit the Stipulation to the Court, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the Debtors and the objecting parties of the date and time of the hearing with respect to the Stipulation and of the Debtors' obligation to notify all other parties entitled to receive notice. The Debtors and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

[*Remainder of page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation can be viewed and/or obtained by: (i) accessing the Court's website at http://www.nysb.uscourts.gov, (ii) from the Debtors' claims and noticing agent, Kroll, at https://cases.ra.kroll.com/GOL, or by calling 844.553.2247 (U.S./Canada) (toll free) or +1.646.777.2315 (International) or by e-mail via GOLInfo@ra.kroll.com. Note that a PACER password is needed to access documents on the Court's website.

| | |
|---|---|
| Dated: New York, New York<br>May 6, 2025 | **MILBANK LLP**<br><br>*/s/ Evan R. Fleck*<br>Evan R. Fleck<br>Lauren C. Doyle<br>Bryan V. Uelk<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br><br>Andrew M. Leblanc<br>Erin E. Dexter (admitted *pro hac vice*)<br>**MILBANK LLP**<br>1850 K St NW, Suite 1100<br>Washington, DC 20006<br>Telephone: (202) 835-7500<br>Facsimile: (202) 263-7586<br><br>Gregory A. Bray<br>**MILBANK LLP**<br>2029 Century Park East<br>33rd Floor<br>Los Angeles, CA 90067<br>Telephone: (424) 386-4000<br>Facsimile: (213) 629-5063<br><br>-and-<br><br>Kathryn A. Coleman<br>Christopher C. Gartman<br>**HUGHES HUBBARD & REED LLP**<br>One Battery Park Plaza<br>New York, NY 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br><br>*Counsel for Debtors and Debtors-in-Possession* |

4

**Presentment Date and Time: May 13, 2025 at 12:00 p.m. (ET)**
**Objection Deadline: May 12, 2025 at 4:00 p.m. (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                                      :   Chapter 11
:
GOL LINHAS AÉREAS INTELIGENTES S.A.,                        :   Case No. 24-10118 (MG)
*et al.*,[2]                                                :
:
Debtors.                                                    :   (Jointly Administered)
:
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**BETWEEN THE DEBTORS AND THE ACG LESSOR PARTIES**
**REGARDING CLAIM ALLOWANCE AND RELATED MATTERS**
**(MSNS 34277, 34278, 38876, 38877, and 38878)**

This stipulation and agreed order (the "Stipulation") is entered into by and among (a) **GOL LINHAS AÉREAS S.A.** ("Lessee"), as lessee, (b) **BANK OF UTAH**, not in its individual capacity but solely as owner trustee for each of the Aircraft (as defined in Exhibit A hereto) (in such capacity, the "Bank of Utah") and (c) **AVIATION CAPITAL GROUP LLC** ("ACG," and along with Bank of Utah, the "ACG Lessor Parties"), as owner participant for each of the Aircraft. Collectively, the Lessee, Bank of Utah, and ACG are referred to herein as the "Parties" and each a "Party." Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in, as applicable, the Leases (as defined below). The Parties hereby stipulate and agree as follows:

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

## RECITALS

WHEREAS, on January 25, 2024 (the "Petition Date"), the Lessee and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") commencing cases under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

WHEREAS, on March 20, 2025, the Debtors filed their *Second Modified Third Amended Joint Chapter 11 Plan of GOL Linhas Aéreas Inteligentes S.A. and Its Affiliated Debtors* [Docket No. 1389] (as may be amended, modified, or supplemented from time to time, the "Plan"). Pursuant to an order dated March 20, 2025 [Docket No. 1388] (the "Disclosure Statement Order"), the Court approved the associated disclosure statement [Docket No. 1390].

WHEREAS, the Parties are parties to the Leases involving the Aircraft set forth in **Exhibit A** hereto.

WHEREAS, the Parties entered into that certain stipulation (collectively, along with the summary of terms (the "Summary of Terms") and other exhibits annexed to the stipulation and the appendices to the Summary of Terms, the "Equipment Stipulation"), setting forth certain terms and agreements relating to the Aircraft. On April 12, 2024, the Court entered the Equipment Stipulation, including the Summary of Terms [Docket No. 485].

WHEREAS, the ACG Lessor Parties timely filed certain proofs of claim against the Lessee in the Chapter 11 Cases in connection with the Aircraft and the Leases, represented by proofs of claim numbers 1120, 1034, 1110, 1072, 1114, 1075, 1756, 1108, 1109, and 1106, which claims are further described in **Exhibit B** hereto (collectively, the "Claims").

WHEREAS, the Parties now desire to fully and finally resolve the ACG Lessor Parties' general unsecured claims arising from the Aircraft and the Leases as stipulated below.

2

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED THAT:**

1. This Stipulation shall be effective upon the first date that each of the following have been satisfied and are in effect (such date, the "Effective Date"):

    (a) it is executed by the Parties hereto; and

    (b) this Stipulation has been approved by the Court.

Upon execution by the Parties, the Lessee agrees that it will promptly file this Stipulation for approval by the Court. To the extent that the Court does not approve the terms of this Stipulation, the Parties' respective rights and defenses with respect to the Claims and other claims and payments as provided herein and under the Equipment Stipulation and the Summary of Terms shall be fully preserved and reserved.

2. The Parties have agreed to settle the amount of the general unsecured claims held by the ACG Lessor Parties against the Lessee. The Parties hereby agree that the ACG Lessor Parties, as applicable, shall hold, and upon the Effective Date hold, allowed non-priority general unsecured claims (the "Allowed Claims") against the Lessee in its Chapter 11 Cases arising from the Leases in the amounts in the "Allowed Claim Amounts" column set forth in **Exhibit B** hereto (the "Allowed Claim Amounts"). Except (i) as set forth in the "Allowed Claim Amounts" column in Exhibit B or (ii) as otherwise provided herein, neither Bank of Utah nor ACG shall hold any other general unsecured claims against any of the Debtors with respect to the Aircraft, the Leases, and/or the Equipment Stipulation. With respect to the Leases, the security deposits have been applied to reduce the amount of the Allowed Claim Amounts set forth in **Exhibit B** hereto in accordance with the Summary of Terms. The Allowed Claims shall be deemed "allowed" for all purposes in the Chapter 11 Cases.

3

3. The Allowed Claims shall not be (either directly or indirectly) (y) subject to any challenge, objection, reduction, counterclaim, or offset for any reason and (z) subject to any objection, avoidance, or recovery actions under sections 502(d), 542, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code. The Allowed Claims (and the treatment provided for such claims in the Chapter 11 Cases and under the Plan) shall constitute full and final satisfaction of the Claims, all other general unsecured claims asserted by the ACG Lessor Parties with respect to the Aircraft, the Leases, and/or the Equipment Stipulation, and, subject to the terms of this Stipulation, any other claims that may be asserted pursuant to paragraph 12 of the Equipment Stipulation; *provided* that notwithstanding the foregoing, nothing herein or therein affects (w) the allowance of the Claims solely for purposes of voting on the Plan, which claim allowance for voting purposes is controlled by the Disclosure Statement Order, (x) claims arising from any Rejection Event (as defined in the Equipment Stipulation), (y) the ordinary course and ongoing rights, claims, and obligations of the respective parties under the Leases (as amended, novated, supplemented, or otherwise modified pursuant to the Equipment Stipulation), and (z) the terms of Paragraph 4 hereof.

4. Other than in respect of the Allowed Claims and the Allowed Claim Amounts as provided herein, nothing herein shall affect or modify in any way the terms of the Equipment Stipulation, the Summary of Terms, and the Leases, including, without limitation, all matters relating to the treatment of the Leases, all of which terms remain in full force and effect.

5. The Debtors' claims and noticing agent (Kroll Restructuring Administration LLC) is authorized to take all actions necessary or appropriate to give effect to this Stipulation.

6. Each of the ACG Lessor Parties represents and warrants that, as of the date of this Stipulation: (i) it has not assigned, transferred or sold (or purported to assign, transfer or sell) all

4

or any portion of any Claim in its name or any obligation or cause of action herein withdrawn and (ii) it has the authority to enter into this Stipulation and implement the claim allowance matters set forth herein.

7. The Debtors represent and warrant that as of the date of this Stipulation, they have the authority to enter into this Stipulation and implement the claim allowance matters set forth herein.

8. This Stipulation shall be governed and construed in accordance with the laws of the State of New York without giving effect to the conflict of laws or choice of law provisions thereof. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between them arising from or related to this Stipulation.

9. The Parties acknowledge that this constitutes the entire Stipulation between the Parties with respect to the subject matter hereof, and all prior negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Stipulation. The Parties agree that this Stipulation may not be varied in its terms by an oral stipulation or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

10. This Stipulation shall be binding on and run to the benefit of the Parties, and all of their affiliates, assigns and successors.

11. The Parties agree that this Stipulation constitutes a compromise of disputed claims, and that this Stipulation is not intended, nor shall it be construed by anyone, to be an admission of liability by or on behalf of any of the Parties.

12. Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

13. Each of the undersigned counsel represent that he or she is authorized to execute this Stipulation on behalf of his or her respective client.

14. This Stipulation may be executed in one of more counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

15. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or further order of the Bankruptcy Court.

**IT IS SO ORDERED.**

Dated: _____, 2025
    New York, New York

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY:**

Dated: New York, New York  
May 6, 2025

**MILBANK LLP**

*/s/ Evan R. Fleck*  
Evan R. Fleck  
Lauren C. Doyle  
Bryan V. Uelk  
**MILBANK LLP**  
55 Hudson Yards  
New York, NY 10001  
Telephone: (212) 530-5000  
Facsimile: (212) 530-5219

-and-

Andrew M. Leblanc  
Erin E. Dexter (admitted *pro hac vice*)  
**MILBANK LLP**  
1850 K St NW, Suite 1100  
Washington, DC 20006  
Telephone: (202) 835-7500  
Facsimile: (202) 263-7586

-and-

Gregory A. Bray  
**MILBANK LLP**  
2029 Century Park East  
33rd Floor  
Los Angeles, CA 90067  
Telephone: (424) 386-4000  
Facsimile: (213) 629-5063

-and-

Kathryn A. Coleman  
Christopher C. Gartman  
**HUGHES HUBBARD & REED LLP**  
One Battery Park Plaza  
New York, NY 10004  
Telephone: (212) 837-6000  
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

Dated: New York, New York  
      May 6, 2025

**THE ACG LESSOR PARTIES:**

By: */s/ Michael J. Edelman*  
Michael J. Edelman  
William W. Thorsness  
Vedder Price LLP  
1633 Broadway, 31st Floor  
New York, New York 10019  
Telephone: (212) 407-7700  
Facsimile: (212) 407-7799  

*Counsel for Aviation Capital Group LLC and Special Counsel for Bank of Utah*

**EXHIBIT A**

The Parties are party to the following five aircraft lease agreements (the "Leases"):

1. Aircraft Lease Agreement [MSN 34277], dated June 21, 2006, between Bank of Utah, not in its individual capacity but solely as Owner Trustee, as Lessor, and GOL Linhas Aéreas S.A., as Lessee, in relation to one (1) Boeing model 737-800 airframe bearing manufacturer's serial number 34277 and registration mark PR-GTC, together with two (2) CFM International model CFM56-7B27/B1 engines respectively bearing manufacturer's serial numbers 895149 and 894144 ("MSN 34277"), as amended, novated and supplemented from time to time;

2. Aircraft Lease Agreement [MSN 34278], dated June 21, 2006, between Bank of Utah, not in its individual capacity but solely as Owner Trustee, as Lessor, and GOL Linhas Aéreas S.A., as Lessee, in relation to one (1) Boeing model 737-800 airframe bearing manufacturer's serial number 34278 and registration mark PR-GTE, together with two (2) CFM International model CFM56-7B27 engines respectively bearing manufacturer's serial numbers 894190 and 894204 ("MSN 34278"), as amended, novated and supplemented from time to time;

3. Lease Agreement 38876, dated May 21, 2012, between Bank of Utah, not in its individual capacity but solely as Owner Trustee, as Lessor, and GOL Linhas Aéreas S.A., as Lessee, in relation to one (1) Boeing model 737-8HX airframe bearing manufacturer's serial number 38876 and registration mark PR-GUP, together with two (2) CFM International model CFM56-7B27 engines respectively bearing manufacturer's serial numbers 960991 and 960996 ("MSN 38876"), as amended, novated and supplemented from time to time;

4. Lease Agreement 38877, dated May 21, 2012, between Bank of Utah, not in its individual capacity but solely as Owner Trustee, as Lessor, and GOL Linhas Aéreas S.A., as Lessee, in relation to one (1) Boeing model 737-8HX (also described as a 737-800) airframe bearing manufacturer's serial number 38877 and registration mark PR-GUR, together with two (2) CFM International model CFM56-7B27E engines respectively bearing manufacturer's serial numbers 963156 and 862173 ("MSN 38877"), as amended, novated and supplemented from time to time; and

5. Lease Agreement 38878, dated May 21, 2012, between Bank of Utah, not in its individual capacity but solely as Owner Trustee, as Lessor, and GOL Linhas Aéreas S.A., as Lessee, in relation to one (1) Boeing model 737-8HX airframe bearing manufacturer's serial number 38878 and registration mark PR-GUT, together with two (2) CFM International model CFM56-7B27 engines respectively bearing manufacturer's serial numbers 962276 and 963278 ("MSN 38878," and along with MSN 34277, MSN 34278, MSN 38876, and MSN 28877, the "Aircraft")), as amended, novated and supplemented from time to time.

# EXHIBIT B

## CLAIMS ASSERTED BY ACG LESSOR PARTIES AGAINST LESSEE AND ALLOWED AMOUNTS OF SUCH CLAIMS

| Claim Nos. | MSNs | Claimant | Amount of Claim Set Forth in Proof of Claim | Allowed Claim Amounts |
|---|---|---|---|---|
| 1120 | 34277 | Bank of Utah, as owner trustee | $8,880,666.00 | Claim Expunged |
| 1034 | 34277 | Aviation Capital Group LLC | $70,000.00 | $3,792,589.00 |
| 1110 | 34278 | Bank of Utah, as owner trustee | $9,516,733.00 | Claim Expunged |
| 1072 | 34278 | Aviation Capital Group LLC | $70,000.00 | $4,309,508.00 |
| 1114 | 38876 | Bank of Utah, as owner trustee | $15,809,992.00 | Claim Expunged |
| 1075 | 38876 | Aviation Capital Group LLC | $70,000.00 | $4,702,409.00 |
| 1756 | 38877 | Bank of Utah, as owner trustee | $15,970,270.00 | Claim Expunged |
| 1108 | 38877 | Aviation Capital Group LLC | $70,000.00 | $5,274,271.00 |
| 1109 | 38878 | Bank of Utah, as owner trustee | $16,737,562.00 | Claim Expunged |
| 1106 | 38878 | Aviation Capital Group LLC | $70,000.00 | $4,685,209.00 |