**Presentment Date and Time: May 22, 2025 at 12:00 p.m. (ET)**
**Objection Deadline: May 21, 2025 at 4:00 p.m. (ET)**

| | |
|---|---|
| Evan R. Fleck | Andrew M. Leblanc |
| Lauren C. Doyle | Erin E. Dexter (admitted *pro hac vice*) |
| Bryan V. Uelk | **MILBANK LLP** |
| **MILBANK LLP** | 1850 K St. NW, Suite 1100 |
| 55 Hudson Yards | Washington, DC 20006 |
| New York, NY 10001 | Telephone: (202) 835-7500 |
| Telephone: (212) 530-5000 | Facsimile: (202) 263-7586 |
| Facsimile: (212) 530-5219 | |

-and-

| | |
|---|---|
| Gregory A. Bray | Kathryn A. Coleman |
| **MILBANK LLP** | Christopher C. Gartman |
| 2029 Century Park East, 33rd Floor | **HUGHES HUBBARD & REED LLP** |
| Los Angeles, CA 90067 | One Battery Park Plaza |
| Telephone: (424) 386-4000 | New York, NY 10004 |
| Facsimile: (213) 629-5063 | Telephone: (212) 837-6000 |
| | Facsimile: (212) 422-4726 |

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re:                                               :      Chapter 11
:
GOL LINHAS AÉREAS INTELIGENTES S.A.,   :      Case No. 24-10118 (MG)
*et al.*,[1]                                         :
:
            Debtors.                                 :      (Jointly Administered)
:
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

**NOTICE OF PRESENTMENT OF
STIPULATION AND AGREED ORDER BETWEEN
THE DEBTORS AND SKY HIGH LXXXVII LEASING COMPANY LIMITED
REGARDING CLAIM ALLOWANCE AND RELATED MATTERS**
**(MSN 43988)**

**PLEASE TAKE NOTICE** that the above captioned debtors and debtors-in-possession (the "Debtors") hereby file the *Stipulation and Agreed Order Between the Debtors and Sky High LXXXVII Leasing Company Limited Regarding Claim Allowance and Related Matters (MSN 43988)* (the "Stipulation").

**PLEASE TAKE FURTHER NOTICE** that the undersigned will present the Stipulation to the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, NY 10004 (the "Court") **on May 22, 2025 at 12:00 p.m. (prevailing Eastern time)** (the "Presentment Date") for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Stipulation shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Final Order Implementing Certain Notice and Case Management Procedures* [Docket No. 175]; (iii) be filed electronically with this Court on the docket of *In re GOL Linhas Aéreas Inteligentes S.A.*, Case No. 24-10118 (MG) by registered users of this Court's electronic filing system (which is available on this Court's website at http://www.nysb.uscourts.gov); and (iv) be served so as to be actually received by **May 21, 2025 at 4:00 p.m. (prevailing Eastern time)** (the "Objection Deadline"), by: (a) the Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (b) the Debtors, c/o GOL Linhas Aéreas Inteligentes S.A., Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Brazil (Attn: Joseph W. Bliley, Chief Restructuring Officer); (c) Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Evan R. Fleck, Esq., Lauren C. Doyle Esq., Bryan V. Uelk Esq., and Gregory A. Bray, Esq.), counsel for the Debtors; (d) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, One Bowling Green, Suite 534, New York, NY 10004-1408 (Attn: Annie Wells, Esq. and Rachael Siegel, Esq.); (e) the Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (f) the Federal Aviation Administration, 800 Independence Ave., S.W. Washington, DC 20591 (Attn: Office of the Chief Counsel); (g) the U.S. Attorney's Office for the Southern District of New York, One St. Andrew's Plaza, New York, NY 10007; (h) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Brett H. Miller, Esq., Todd M. Goren, Esq., Craig A. Damast, Esq., and James H. Burbage, Esq.), counsel for the Official Committee of Unsecured Creditors; and (i) Holland & Knight LLP, 787 Seventh Avenue, 31st Floor, New York, New York 10019 (Attn: Barbra Parlin, Esq.), counsel for Sky High LXXXVII Leasing Company Limited.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are received by the Objection Deadline with respect to the Stipulation, the Debtors shall, on the Presentment Date, submit the Stipulation to the Court, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the Debtors and the objecting parties of the date and time of the hearing with respect to the Stipulation and of the Debtors' obligation to notify all other parties entitled to receive notice. The Debtors and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

[*Remainder of page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation can be viewed and/or obtained by: (i) accessing the Court's website at http://www.nysb.uscourts.gov, (ii) from the Debtors' claims and noticing agent, Kroll, at https://cases.ra.kroll.com/GOL, or by calling 844.553.2247 (U.S./Canada) (toll free) or +1.646.777.2315 (International) or by e-mail via GOLInfo@ra.kroll.com. Note that a PACER password is needed to access documents on the Court's website.

| | |
|---|---|
| Dated: New York, New York<br>May 15, 2025 | **MILBANK LLP**<br><br>*/s/ Evan R. Fleck*<br>Evan R. Fleck<br>Lauren C. Doyle<br>Bryan V. Uelk<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br><br>Andrew M. Leblanc<br>Erin E. Dexter (admitted *pro hac vice*)<br>**MILBANK LLP**<br>1850 K St NW, Suite 1100<br>Washington, DC 20006<br>Telephone: (202) 835-7500<br>Facsimile: (202) 263-7586<br><br>Gregory A. Bray<br>**MILBANK LLP**<br>2029 Century Park East<br>33rd Floor<br>Los Angeles, CA 90067<br>Telephone: (424) 386-4000<br>Facsimile: (213) 629-5063<br><br>-and-<br><br>Kathryn A. Coleman<br>Christopher C. Gartman<br>**HUGHES HUBBARD & REED LLP**<br>One Battery Park Plaza<br>New York, NY 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br><br>*Counsel for Debtors and Debtors-in-Possession* |

**Presentment Date and Time: May 22, 2025 at 12:00 p.m. (ET)**
**Objection Deadline: May 21, 2025 at 4:00 p.m. (ET)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re:                                                    :   Chapter 11
                                                          :
GOL LINHAS AÉREAS INTELIGENTES S.A.,                      :   Case No. 24-10118 (MG)
*et al.*,[2]                                              :
                                                          :
                                                          :
             Debtors.                                     :   (Jointly Administered)
                                                          :
------------------------------------------------------------x

### STIPULATION AND AGREED ORDER BETWEEN
### THE DEBTORS AND SKY HIGH LXXXVII LEASING COMPANY LIMITED
### REGARDING CLAIM ALLOWANCE AND RELATED MATTERS
### (MSN 43988)

This stipulation and agreed order (the "Stipulation") is entered into by and among (i) the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and (ii) Sky High LXXXVII Leasing Company Limited (the "Lessor"), as lessor and claimant with respect to the Aircraft (as defined on Exhibit A hereto). Collectively, the Debtors and the Lessor are referred to herein as the "Parties" and each a "Party." Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Lease (as defined in Exhibit A hereto). The Parties hereby stipulate and agree as follows:

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GOL Linhas Aéreas Inteligentes S.A. (N/A); GOL Linhas Aéreas S.A. (0124); GTX S.A. (N/A); GAC, Inc. (N/A); Gol Finance (Luxembourg) (N/A); Gol Finance (Cayman) (N/A); Smiles Fidelidade S.A. (N/A); Smiles Viagens e Turismo S.A. (N/A); Smiles Fidelidade Argentina S.A. (N/A); Smiles Viajes y Turismo S.A. (N/A); Capitânia Air Fundo de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); Sorriso Fundo de Investimento em Cotas de Fundos de Investimento Multimercado Crédito Privado Investimento no Exterior (N/A); and Gol Equity Finance (N/A). The Debtors' service address is Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020 São Paulo, São Paulo, Federative Republic of Brazil.

# RECITALS

WHEREAS, on January 25, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") commencing cases under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

WHEREAS, on May 13, 2025, the Debtors filed their *Third Modified Third Amended Joint Chapter 11 Plan of GOL Linhas Aéreas Inteligentes S.A. and Its Affiliated Debtors* [Docket No. 1592] (as may be amended, modified, or supplemented from time to time, the "Plan"). The Court approved the associated disclosure statement [Docket No. 1388].

WHEREAS, the Parties are parties to the Lease involving the Aircraft set forth in **Exhibit A** hereto.

WHEREAS, on July 12, 2024, the Debtors and the Lessor entered into that certain stipulation (collectively, along with the summary of terms (the "Summary of Terms") and other exhibits annexed to the stipulation and the appendices to the Summary of Terms, the "Equipment Stipulation"), setting forth certain terms and agreements relating to the Aircraft. On July 19, 2024, the Court entered the Equipment Stipulation, including the Summary of Terms [Docket No. 821].

WHEREAS, the Lessor timely filed a proof of claim against Debtor GOL Linhas Aéreas S.A. in the Chapter 11 Cases in connection with the Aircraft and the Lease, represented by proof of claim number 1345, which claim is further described in **Exhibit B** hereto (the "Claim").

WHEREAS, the Parties now desire to fully and finally resolve the Lessor's prepetition general unsecured claims arising from the Aircraft and the Lease as stipulated below.

2

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED THAT:**

1. This Stipulation shall be effective upon the first date that each of the following have been satisfied and are in effect (such date, the "Effective Date"):

    (a) it is executed by the Parties hereto; and

    (b) this Stipulation has been approved by the Court.

Upon execution by the Parties, the Debtors agree that they will promptly file this Stipulation for approval by the Court. To the extent that the Court does not approve the terms of this Stipulation, the Parties' respective rights and defenses with respect to the Claim and other claims and payments as provided herein and under the Equipment Stipulation and the Summary of Terms shall be fully preserved and reserved.

2. The Debtors and the Lessor have agreed to settle the amount of the prepetition general unsecured claims held by the Lessor against Debtor GOL Linhas Aéreas S.A. The Parties hereby agree that the Lessor shall hold, and upon the Effective Date holds, an allowed non-priority prepetition general unsecured claim (the "Allowed Claim") against GOL Linhas Aéreas S.A. in the Debtors' Chapter 11 Cases arising from the Lease in the amount in the "Agreed Amounts" column as set forth on **Exhibit B** hereto (the "Allowed Claim Amount"). Except (i) as set forth in the "Agreed Amounts" column on Exhibit B or (ii) as otherwise provided herein, the Lessor shall not hold any other prepetition general unsecured claims against any of the Debtors with respect to the Aircraft, the Lease, and/or the Equipment Stipulation. With respect to the Lease, the Allowed Claim Amount set forth in **Exhibit B** hereto is net of any application (or deemed application) of security deposits to the extent required or permitted in accordance with the

3

Summary of Terms. The Allowed Claim shall be deemed "allowed" for all purposes in the Chapter 11 Cases.

3. Neither (a) the Allowed Claim, (b) the Lessor (or any affiliate thereof), or (c) any Indemnitees under the Agreements (as defined in the Equipment Stipulation), in each case solely with respect to the Agreements, shall be (either directly or indirectly) (i) subject to any challenge, objection, reduction, counterclaim, or offset for any reason and (ii) subject to any objection, avoidance, or recovery actions under sections 502(d), 542, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code or any other applicable law. The Allowed Claim (and the treatment provided for such claims in the Chapter 11 Cases and under the Plan) shall constitute full and final satisfaction of the prepetition Claim with respect to the Aircraft, the Lease, and/or the Equipment Stipulation, and, subject to the terms of this Stipulation, any other claims that may be asserted pursuant to paragraph 12 of the Equipment Stipulation; *provided* that notwithstanding the foregoing, nothing herein or therein affects (i) claims arising from any Rejection Event (as defined in the Equipment Stipulation), (ii) any claims or payment obligations arising in the ordinary course and any ongoing rights, claims, and obligations of the respective Parties under the Lease (as amended, novated, supplemented, or otherwise modified pursuant to the Equipment Stipulation), and (iii) the terms of paragraph 4 hereof.

4. Other than in respect of the Allowed Claim and the Allowed Claim Amount as provided herein, nothing herein shall affect or modify in any way the terms of the Equipment Stipulation, the Summary of Terms, and the Lease, including, without limitation, all matters relating to the treatment of the Lease, all of which terms remain in full force and effect.

5. The Debtors' claims and noticing agent (Kroll Restructuring Administration LLC) is authorized to take all actions necessary or appropriate to give effect to this Stipulation.

6. The Lessor represents and warrants that, as of the date of this Stipulation: (i) it has not assigned, transferred, or sold (or purported to assign, transfer, or sell) all or any portion of the Claim in its name or any obligation or cause of action herein withdrawn and (ii) it has the authority to enter into this Stipulation and implement the claim allowance matters set forth herein.

7. The Debtors represent and warrant that as of the date of this Stipulation, they have the authority to enter into this Stipulation and implement the claim allowance matters set forth herein.

8. This Stipulation shall be governed and construed in accordance with the laws of the State of New York without giving effect to the conflict of laws or choice of law provisions thereof. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between them arising from or related to this Stipulation.

9. The Parties acknowledge that this constitutes the entire Stipulation between the Parties with respect to the subject matter hereof, and all prior negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Stipulation. The Parties agree that this Stipulation may not be varied in its terms by an oral stipulation or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

10. This Stipulation shall be binding on and run to the benefit of the Parties, and all of their affiliates, assigns and successors.

11. The Parties agree that this Stipulation constitutes a compromise of disputed claims, and that this Stipulation is not intended, nor shall it be construed by anyone, to be an admission of liability by or on behalf of any of the Parties.

12. Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

13. Each of the undersigned counsel represent that he or she is authorized to execute this Stipulation on behalf of his or her respective client.

14. This Stipulation may be executed in one of more counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

15. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or further order of the Bankruptcy Court.

**IT IS SO ORDERED.**

Dated: _____, 2025
      New York, New York

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY:**

Dated: New York, New York  
       May 15, 2025

**MILBANK LLP**

*/s/ Evan R. Fleck*  
Evan R. Fleck  
Lauren C. Doyle  
Bryan V. Uelk  
**MILBANK LLP**  
55 Hudson Yards  
New York, NY 10001  
Telephone: (212) 530-5000  
Facsimile: (212) 530-5219

-and-

Andrew M. Leblanc  
Erin E. Dexter (admitted *pro hac vice*)  
**MILBANK LLP**  
1850 K St NW, Suite 1100  
Washington, DC 20006  
Telephone: (202) 835-7500  
Facsimile: (202) 263-7586

-and-

Gregory A. Bray  
**MILBANK LLP**  
2029 Century Park East  
33rd Floor  
Los Angeles, CA 90067  
Telephone: (424) 386-4000  
Facsimile: (213) 629-5063

-and-

Kathryn A. Coleman  
Christopher C. Gartman  
**HUGHES HUBBARD & REED LLP**  
One Battery Park Plaza  
New York, NY 10004  
Telephone: (212) 837-6000  
Facsimile: (212) 422-4726

*Counsel for Debtors and Debtors-in-Possession*

Dated: New York, New York
      May 15, 2025

**HOLLAND & KNIGHT LLP**

By: */s/ Barbra R. Parlin, Esq.*
Barbra R. Parlin, Esq.
Holland & Knight LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3210
Facsimile: (212) 385-9010

*Counsel for Sky High LXXXVII Leasing Company Limited*

# EXHIBIT A

The Parties are party to the following aircraft lease agreement (the "Lease"):

1. Aircraft Operating Lease Agreement [MSN 43988], dated January 31, 2017, between Sky High LXXXVII Leasing Company Limited, as lessor, and GOL Linhas Aéreas S.A., as lessee, in relation to one (1) Boeing model 737-8 airframe bearing manufacturer's serial number 43988 and registration mark PR-XMD, together with two (2) CFM International model CFM LEAP-1B28B1 engines respectively bearing manufacturer's serial numbers 602758 and 602766 (the "Aircraft"), as amended, novated and supplemented from time to time.

**EXHIBIT B**

| Claim No. | Debtor | MSNs | Claimant | Asserted Amount in Proof of Claim | Agreed Amount | Treatment of Agreed Amount |
|---|---|---|---|---|---|---|
| 1345 | GOL Linhas Aéreas S.A. | 43988 | Sky High LXXXVII Leasing Company Limited | $12,110,464.91 | $8,573,453.29 | Allowed |